Will Sherman
645 G St., Suite 100
Anchorage, AK 99501
Tel: (907) 277-1966
Fax: (866) 398-3561
wfs@lexalaska.com

Attorney for Applicants for Intervention

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATIE JOHN, GERALD NICOLIA, ALASKA INTER-TRIBAL COUNCIL, and NATIVE VILLAGE of TANANA, | |
| Plaintiffs, | |
| vs. | Case No. A05-0006-CV (HRH) (Consolidated with) Case No. A05-0158-CV (HRH) |
| UNITED STATES OF AMERICA, GALE NORTON, et al., | |
| Defendants. | |
| STATE OF ALASKA, | |
| Plaintiff, | |
| vs. | |
| GALE NORTON, Secretary of the Interior, et al., | **MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO INVERVENE AS PLAINTIFFS** |
| Defendants. | |

The Alaska Constitution mandates that Fish and Wildlife on State land be

managed for the common use of all Alaskans, regardless of where they happen to

- 1 -

live.  This lawsuit involves a challenge under the Administrative Procedures Act that 1999 Federal Regulations improperly deem certain State land as "Public Land," thus bringing such lands under Federal management.  Under Federal Subsistence Regulations, only certain rural Alaskans are eligible to hunt and fish.  Such a management scheme on State land denies non-rural Alaskans their state constitutional right to common use of Alaska's natural resources.

The Alaska Fish and Wildlife Federation and Outdoor Council (commonly known as the Alaska Outdoor Council ("AOC")), the Alaska Fish and Wildlife Conservation Fund ("AFWCF"), Michael Tinker, and John Conrad (collectively "Applicants") seek to intervene in this case.  These Applicants represent Alaska citizens who for decades have depended upon subsistence fish and wildlife taken from land now deemed "Public Land" by the challenged regulations.  Application of the challenged regulations has harmed, and will continue to harm, Applicants and their constituent members, as they may no longer engage in their relied-upon subsistence activities on large areas of what they contend are properly State land.

Applicants share the position of Plaintiff State of Alaska in this matter.  Applicants do not contend the State has failed, at least to this point, to provide adequate representation of their position in this matter.  Nonetheless, Applicants request the Court exercise its discretion to allow them limited intervenor status, such as that afforded the NARF Plaintiffs.  Applicants would be the only party representing citizens losing existing subsistence opportunities if the challenged

- 2 -

**MEMORANDUM IN SUPPORT OF MOTION**
**FOR LEAVE TO INVERVENE AS PLAINTIFFS**

regulations are upheld.  Applicants' participation would thus contribute an important perspective to this matter that would otherwise not be presented.

## I.     FACTS

The Applicants incorporate the Statutory Framework and Factual Background provided by Plaintiff State of Alaska in Paragraphs 10-45 of its Complaint.  (State of Alaska Compl. at 4-14)  Additionally, Applicants present the following facts:

AOC is a 501c(4) corporation with a collective membership of over 12,000 Alaskans.  (Decl. of Teresa Sager Aubaugh ¶ 3)  These members come from 39 affiliated outdoor clubs across the State.  (Id. ¶ 4)  AOC members from both rural and non-rural areas depend upon almost every major river system in the State for their food and personhood.  (Id. ¶ 6)  Many non-rural AOC members and their families have subsistence fished in these rivers for decades under State management and would continue to do so today if permitted.  (Id. ¶ 7) Therefore, promotion of common use of Alaska's fish and wildlife resources is a core goal of AOC and has been since its founding in 1955.   (Id. ¶ 8)

Applicant AFWCF is a 501(c)(3) Alaska nonprofit corporation.  (Id. ¶ 9) AFWCF is administered by the same Board of Directors as AOC and represents the same membership and core goals as AOC.  (Id.)

Applicant Michael Tinker and his family rely upon salmon subsistence caught in a fish wheel.  (Decl. of Michael Tinker ¶ 5)  Mr. Tinker holds a State of

- 3 -

Alaska Subsistence Permit to operate the fish wheel on the Copper River near Gakona. (Id. ¶ 3) Mr. Tinker and his family have participated in this fishery since the mid-1980s. (Id. ¶ 2) Since 2000, Mr. Tinker has been the registered owner of the fish wheel. (Id. ¶ 3) In 2000 he purchased property in Gakona, Alaska specifically for the purpose of operating the fish wheel. (Id. ¶ 4) Mr. Tinker could not practically or economically afford to replace this traditional family food source were he denied use of his fish wheel. (Id. ¶ 5) Mr. Tinker, however, resides in Ester, Alaska, well within the Fairbanks non-subsistence area for purposes of Federal management. (Id. ¶ 7). Mr. Tinker is fearful that Federal takeover of management of fishing on the Copper River could prevent him from using his fish wheel.

Applicant John Conrad has relied upon subsistence-caught fish and game for two decades. (Decl. of John Conrad ¶ 2) Since the early 1980s, Mr. Conrad's family has operated a fish wheel on navigable waters of the Copper River in the vicinity of Slana, Alaska under a State Subsistence Permit. (Id.) Mr. Conrad now resides in Eagle River, Alaska, outside of the applicable Federally-designated rural area. (Id. ¶ 4)

In April 2005, the National Park Service informed Mr. Conrad that he could no longer operate a fish wheel in the location the family had used for over 20 years. (Id. ¶ 3) The Park Service claimed Mr. Conrad could no longer use a fish wheel or dip net on the section of the Copper River upstream of Indian River

- 4 -

without a Federal permit.  (Id.)  Mr. Conrad could not obtain such a permit

because, under Federal Subsistence Regulations, he was not considered a qualified

local rural resident of the Wrangell-St. Elias NP/P region.  The Park Service

similarly ejected a number of other State-qualified subsistence users from fish

wheels in the vicinity of Mr. Conrad's on the Copper River.

## II.     DISCUSSION

Applicants request the Court exercise its discretion to allow them to

intervene as they would be the only parties directly representing and including

Alaska citizens who have lost, or would lose, current subsistence hunting or

fishing opportunities should the challenged regulations be upheld.  As discussed

below, the Applicants proposed intervention is not likely to cause delay or

prejudice to the parties.  Proposed Intervenors' position relies upon the same law

and facts as that of Plaintiff State of Alaska.  And Applicants seek the same

redress—essentially, a declaration that the challenged regulations are invalid.

Federal Rule of Civil Procedure 24 provides for both intervention of right

and permissive intervention.  A party may intervene of right upon timely

application when:

> the applicant claims an interest relating to the property or transaction which
> is the subject of the action and the applicant is so situated that the
> disposition of the action may as a practical matter impair or impede the
> applicant's ability to protect that interest, unless the applicant's interest is
> adequately represented by existing parties.

Fed. R. Civ. Proc. 24(a)(2).

**MEMORANDUM IN SUPPORT OF MOTION
FOR LEAVE TO INVERVENE AS PLAINTIFFS**

Permissive intervention is available upon timely application when "an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. Proc 24(b)(2). The Ninth Circuit has interpreted permissive intervention to require the applicant show: (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common. Northwest Forest Res. Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996).

### A.    Applicants' Grounds for Jurisdiction

Applicants base their intervention upon the harm they have suffered, or imminently will suffer, from application of the challenged regulations. Mr. Conrad alleges he has suffered actual damages in that application of the challenged regulations has prevented him from subsistence fishing in State waters. (Conrad Decl.) Mr. Tinker is fearful application of the challenged regulations will cause him to lose the opportunity to subsistence fish from his own land on the Copper River. (Tinker Decl.) Numerous members of AOC/AFWCF may lose their ability to subsistence fish in major river systems throughout the State. (Aubaugh Decl.) Thus, Applicants have a genuine stake in this matter and should be heard in its adjudication.

### B.    Applicants' Motion to Intervene is timely

Timeliness of a motion to intervene is measured by reference to "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice

- 6 -

to other parties;  and (3) the reason for the length of the delay." U.S. v. Carpenter, 298 F.3d 1122, 1125 (9th Cir. 2002) (quoting County of Orange v. Air Calif., 799 F.2d 535, 537 (9th Cir.1986)).

Applicants' intervention comes at a substantively early stage of this litigation.  While the consolidated cases have been filed for almost a year, proceedings have been stayed for over three months of that time.  The administrative record has recently been collected and substantive briefing is now ready to begin.

At this relatively early stage of the litigation, intervention should not prejudice the parties.  Applicants anticipate requiring no discovery beyond that needed by Plaintiff State of Alaska.  Applicants' presence would not change any deadlines already established for the case.  Applicants' Administrative Procedures Act claims depend upon the same administrative record already compiled.  And Applicants seek only limited intervenor status allowing them to be heard should their position differ materially from Plaintiff State of Alaska.  In sum, Applicants anticipate causing no additional delay, cost or complication to the existing parties.

Finally, Applicants have not unreasonably delayed moving to intervene. Mr. Conrad's as-applied injury only began occurring this past summer after the National Park Service informed him he was no longer eligible to operate his fish wheel on the Copper River.  (Conrad Decl. ¶ 3)  Although the challenged Regulations are six years old, they are only now beginning to be applied.  Thus

- 7 -

**MEMORANDUM IN SUPPORT OF MOTION**
**FOR LEAVE TO INVERVENE AS PLAINTIFFS**

Alaska citizens are only now suffering actual or imminent harm from the regulations.  Applicants have moved to intervene at both an early stage of these proceedings as well as at an early stage of application of the challenged regulations.

### C.    Applicants and Plaintiff State of Alaska Share Common Questions of Law and Fact.

Applicants' claims are closely aligned with those of Plaintiff State of Alaska.  (See Proposed Intervenors' Complaint for Declaratory and Injunctive Relief, attached)  Applicants have not pled separate claims, but rather adopted the applicable claims made by Plaintiff State of Alaska.  (Id.)  As earlier noted, these claims depend upon the same facts—essentially whether the Federal Agencies properly applied the Reserved Waters Doctrine in formulating the challenged regulations.

The reason Applicants' claims depend upon the same questions of law and fact as the State's is that the State's asserted *right* to manage fish and wildlife on its lands derives from its *duty* to so manage these resources for citizens such as Applicants.  Illinois Central R. Co. v. Illinois, 146 U.S. 387, 453 (1987) ("The state can no more abdicate its trust over property in which the whole people are interested, like navigable waters and soils under them ... than it can abdicate its police powers in the administration of government and the preservation of the peace.").  The State's inabrogable duty runs to Applicants, as citizens and citizens-groups of Alaska, in which the Public Trust Doctrine finds its basis not only in

- 8 -

**MEMORANDUM IN SUPPORT OF MOTION**
**FOR LEAVE TO INVERVENE AS PLAINTIFFS**

common law but in the State Constitution.  <u>Owsichek v. Alaska Guide Lic. &</u>

<u>Control Bd.</u>, 763 P.2d 488 (Alaska 1988); Alaska Const. art. VIII, Sect. 3.  Thus

Applicants are the ultimate beneficiaries of having the challenged Federal

Regulations invalidated and thus deserve to be heard in this matter.

**III.    CONCLUSION**

The Applicants have a genuine stake in this matter.  Their claims are not

expected to significantly delay or prejudice the existing parties and are based upon

the same law and facts as the claims asserted by Plaintiff State of Alaska.  Thus,

the Court should allow Applicants to intervene as Plaintiffs aligned with Plaintiff

State of Alaska.

Dated January 12, 2006.

<div style="margin-left:40%">

<u>s/  Will Sherman</u>
645 G St., Suite 100 #856
Anchorage, AK 99501
Tel:    (907) 277-1966
Fax    (866) 398-3561
e-mail: wfs@lexalaska.com
ABA #0205014

</div>

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 12, 2006, a copy of the foregoing document was served by First-Class Mail upon the following:

| | |
|---|---|
| Robert T. Anderson | Heather R. Kendall-Miller |
| University of Washington School of Law | Native American Rights Fund |
| Box 535020 | 420 L St., Suite 500 |
| Seattle, WA 98195-3020 | Anchorage, AK 99501 |

**MEMORANDUM IN SUPPORT OF MOTION
FOR LEAVE TO INVERVENE AS PLAINTIFFS**

Dean K. Dunsmore
Department of Justice
Environment & Natural Resources Div.
801 B St., Suite 504
Anchorage, AK 99501-3657

William P. Horn
Birch, Horton, Bittner & Cherot
1155 Connecticut Ave., NW
Suite 1200
Washington, DC 20036


s/  Will Sherman
Certification Signature

**MEMORANDUM IN SUPPORT OF MOTION
FOR LEAVE TO INVERVENE AS PLAINTIFFS**

Will Sherman
645 G St., Suite 100
Anchorage, AK 99501
Tel: (907) 277-1966
Fax: (866) 398-3561
wfs@lexalaska.com

Attorney for Applicants for Intervention

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

STATE OF ALASKA,

       Plaintiff,

ALASKA OUTDOOR COUNCIL,
MICHAEL TINKER and JOHN CONRAD

       Applicants for Intervention

       v.

GALE NORTON,
Secretary of the Interior, et al.,

       Defendant.

Case No. A05-006-CV (HRH)
Consolidated

**DECLARATION OF
JOHN CONRAD**

I, John Conrad, make the following declaration pursuant to 28 U.S.C.

Section 1746:

1.    I have personal knowledge of the contents of this declaration.

2.    I have relied upon subsistence-caught fish and game for two

decades, particularly salmon taken from my family's fish wheel operated on the

Copper River near Slana, Alaska.

DECLARATION OF       - 1 -
JOHN CONRAD

3.    In approximately April 2005, I received a letter from the National Park Service informing me I was no longer allowed to operate my fish wheel in the same location my family had used for over 20 years unless I received a Federal Permit.

4.    I currently reside in Eagle River, Alaska, and have been told by the National Park Service that I am not eligible for a Federal Subsistence Permit.

5.    Thus I was not able to operate my fish wheel near Slana, Alaska in the 2005 season.

6.    It has always been my understanding that I was operating my fish wheel from State land.

I affirm under penalty of perjury that the foregoing is true and correct.

Executed on __4__ January, 2006.

_____
JOHN CONRAD

Will Sherman
645 G St., Suite 100
Anchorage, AK 99501
Tel:  (907) 277-1966
Fax: (866) 398-3561
wfs@lexalaska.com

Attorney for Applicants for Intervention

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br><br>     Plaintiff,<br><br>ALASKA OUTDOOR COUNCIL,<br>MICHAEL TINKER and JOHN CONRAD<br><br>     Applicants for Intervention<br><br>  v.<br><br>GALE NORTON,<br>Secretary of the Interior, et al.,<br><br>     Defendant. | Case No. A05-006-CV (HRH)<br>Consolidated<br><br><br>**DECLARATION OF<br>TERESA SAGER ALBAUGH** |

I, Teresa Sager Albaugh, make the following declaration pursuant to 28

U.S.C. Section 1746:

    1.    I have personal knowledge of the contents of this declaration.

    2.    I am currently the President of the Alaska Outdoor Council ("AOC")

and the Alaska Fish and Wildlife Conservation Fund (AFWCF").

DECLARATION OF         - 1 -
TERESA SAGER ALBAUGH

3.    AOC is an Alaska 501(c)(4) corporation with a collective membership of over 12,000 Alaskans.

4.    AOC's members come from 39 affiliated outdoor clubs across Alaska.

5.    AOC is made up of members residing in both rural and non-rural Federal Subsistence Areas.

6.    It is my understanding that AOC members depend upon fish taken from every major river system in Alaska for their food and personhood.

7.    Numerous AOC members and their families have subsistence fished in Alaska's rivers for decades under State management and would continue to do so today if permitted.

8.    Promoting common use of Alaska's fish and wildlife resources is a core goal of AOC.

9.    AFWCF is a 501(c)(3) corporation incorporated in Alaska and administered by the same Board of Directors as AOC and representing the same membership and core goals as AOC.

I affirm under penalty of perjury that the foregoing is true and correct.

Executed on _05_ January, 2006.

TERESA SAGER ALBAUGH

DECLARATION OF
TERESA SAGER ALBAUGH

- 2 -

Will Sherman
645 G St., Suite 100
Anchorage, AK 99501
Tel: (907) 277-1966
Fax: (866) 398-3561
wfs@lexalaska.com

Attorney for Applicants for Intervention

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

STATE OF ALASKA,

      Plaintiff,

ALASKA OUTDOOR COUNCIL,
ALASKA FISH AND WILDLIFE
CONSERVATION FUND, MICHAEL
TINKER and JOHN CONRAD

      Applicants for Intervention

      v.

GALE NORTON,
Secretary of the Interior, et al.,

      Defendant.

Case No. A05-006-CV (HRH)
Consolidated

**DECLARATION OF
MICHAEL TINKER**

I, Michael Tinker, make the following declaration pursuant to 28 U.S.C.

Section 1746:

1.    I have personal knowledge of the contents of this declaration.

2.    My family and I have participated in the State of Alaska subsistence

fish wheel fishery for salmon in the Copper River since the mid 1980s.

DECLARATION OF                              - 1 -
MICHAEL TINKER

3.    Since 2000, I have been the registered owner of the fish wheel.

4.    In 2000, I purchased property in Gakona, Alaska adjacent to where I operate my fish wheel. I purchased this property for the purpose of using it in the operation of the fish wheel.

5.    My family and I depend upon salmon subsistence caught in our fish wheel and have done so for many years. I could not practically or economically afford to replace this source of food.

6.    Operation of the fish wheel is multigenerational in our family and means more to me than simply food—it is my way of life.

7.    I reside in Ester, Alaska.

I affirm under penalty of perjury that the foregoing is true and correct.

Executed on _____ January, 2006.

_____
Michael Tinker

DECLARATION OF
MICHAEL TINKER                          - 2 -

Will Sherman
645 G St., Suite 100
Anchorage, AK 99501
Tel:  (907) 277-1966
Fax: (866) 398-3561
wfs@lexalaska.com

Attorney for Applicants for Intervention

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

KATIE JOHN, GERALD NICOLIA,
ALASKA INTER-TRIBAL COUNCIL,
and NATIVE VILLAGE of TANANA,

                    Plaintiffs,

     vs.

UNITED STATES OF AMERICA,
GALE NORTON, et al.,

                  Defendants.
_____

STATE OF ALASKA,

                  Plaintiff,

     vs.

GALE NORTON, Secretary of the Interior,
et al.,

                  Defendants.
_____

Case No. A05-0006-CV (HRH)
(Consolidated with)
Case No. A05-0158-CV (HRH)

**PROPOSED INTERVENORS'
COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

       The Alaska Fish and Wildlife Federation and Outdoor Council (commonly

known as the Alaska Outdoor Council ("AOC")), the Alaska Fish and Wildlife

**PROPOSED INTERVENORS' COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Conservation Fund ("AFWCF"), Michael Tinker, and John Conrad (collectively "Intervenors") complain as fillows:

1.    Intervenors hereby adopt and incorporate by reference Paragraphs 1-6 of the State of Alaska's Complaint for Declaratory and Injunctive Relief filed in this case.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Venue is appropriate under 28 U.S.C. § 1391(e).

## PARTIES

3.    Intervenors hereby adopt and incorporate by reference Paragraphs 7-9 of the State of Alaska's Complaint for Declaratory and Injunctive Relief filed in this case.

4.    Intervenor AOC is a 501c(4) corporation incorporated in the State of Alaska.  AOC has a collective membership of approximately 12,000 Alaskans residing in both rural and non-rural areas.  Many non-rural AOC members and their families have subsistence fished for decades in rivers potentially affected by the challenged regulations.

5.    Intervenor AFWCF is a 501(c)(3) corporation formed in Alaska. AFWCF is administered by the same Board of Directors as AOC and represents and promotes the same membership and core goals as AOC.

- 2 -

6.      Michael Tinker and John Conrad are Alaska residents who live in areas deemed "non-rural" under Federal subsistence management.  Both Mr. Tinker and Mr. Conrad depend upon fish taken under State subsistence fishing permits in the Copper River.

## STATUTORY FRAMEWORK AND FACTUAL BACKGROUND

7.      Intervenors hereby adopt and incorporate by reference Paragraphs 10-45 of the State of Alaska's Complaint for Declaratory and Injunctive Relief filed in this case.

## COUNT I:
## (Violation of ANILCA Title VIII
## and the Administrative Procedures Act ("APA"))
## Failure to Apply the Federal Reserved Water Rights Doctrine

8.      Intervenors hereby adopt and incorporate by reference Paragraphs 48-50 of the State of Alaska's Complaint for Declaratory and Injunctive Relief filed in this case.

9.      Because of Defendants' violations of ANILCA and the Administrative Procedures Act, Intervenors have suffered and will continue to suffer loss of their rights to State management of land rightfully belonging to the State of Alaska, as well as their rights to common use of State land as guaranteed by Article 8 of the Alaska Constutition.

## COUNT II
## (Violation of ANILCA Title I and the APA)
## Unlawful Extension of Federal Authority to Marine Waters

- 3 -

**PROPOSED INTERVENORS' COMPLAINT**
**FOR DECLARATORY AND INJUNCTIVE RELIEF**

10.     Intervenors hereby adopt and incorporate by reference Paragraphs 48-50 of the State of Alaska's Complaint for Declaratory and Injunctive Relief filed in this case.

11.     Because of Defendants' violations of ANILCA and the Administrative Procedures Act, Intervenors have suffered and will continue to suffer loss of their rights to State management of land rightfully belonging to the State of Alaska, as well as their rights to common use of State land as guaranteed by Article 8 of the Alaska Constutition.

## COUNT III
### (Violation of ANILCA Titles I and IX and the APA)
### Unlawful Extension of Federal Authority to Validly Selected State Lands

12.     Intervenors hereby adopt and incorporate by reference Paragraphs 60-66 of the State of Alaska's Complaint for Declaratory and Injunctive Relief filed in this case.

13.     Because of Defendants' violations of ANILCA and the Administrative Procedures Act, Intervenors have suffered and will continue to suffer loss of their rights to State management of land rightfully belonging to the State of Alaska, as well as their rights to common use of State land as guaranteed by Article 8 of the Alaska Constutition.

## COUNT IV
### (Violation of ANILCA Section 1314 and the APA)
### Improper Assertion of Extraterratorial Jurisdiction

**PROPOSED INTERVENORS' COMPLAINT**
**FOR DECLARATORY AND INJUNCTIVE RELIEF**

14.    Intervenors hereby adopt and incorporate by reference Paragraphs 67-72 of the State of Alaska's Complaint for Declaratory and Injunctive Relief filed in this case.

15.    Because of Defendants' violations of ANILCA and the Administrative Procedures Act, Intervenors have suffered and will continue to suffer loss of their rights to State management of land rightfully belonging to the State of Alaska, as well as their rights to common use of State land as guaranteed by Article 8 of the Alaska Constutition.

## PRAYER FOR RELIEF

Intervenors respectfully request this Court:

(1)    Hold unlawful and set aside Defendants' January 8, 1999 rulemaking, pursuant to the applicable provisions of the APA;

(2)    Enter a declaratory judgment that Defendants violated the APA in promulgating the January 9, 1999 regulations;

(3)    Enjoin Defendants from applying or otherwise relying upon the January 9, 1999 rulemaking;

(4)    Award Intervenors their reasonable fees, costs and expenses associated with this litigation;

(5)    Grant Intervenors such further relief as the Court deems just.

**PROPOSED INTERVENORS' COMPLAINT**
**FOR DECLARATORY AND INJUNCTIVE RELIEF**

Dated January 12, 2006.

s/  Will Sherman
645 G St., Suite 100 #856
Anchorage, AK 99501
Tel:    (907) 277-1966
Fax    (866) 398-3561
e-mail: wfs@lexalaska.com
ABA #0205014

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2006, a copy of the foregoing document was served by First-Class mail upon the following:

Robert T. Anderson
University of Washington School of Law
Box 535020
Seattle, WA 98195-3020

Heather R. Kendall-Miller
Native American Rights Fund
420 L St., Suite 500
Anchorage, AK 99501

Dean K. Dunsmore
Department of Justice
Environment & Natural Resources Div.
801 B St., Suite 504
Anchorage, AK 99501-3657

William P. Horn
Birch, Horton, Bittner & Cherot
1155 Connecticut Ave., NW
Suite 1200
Washington, DC 20036

s/ Will Sherman
Certification Signature

- 6 -

**PROPOSED INTERVENORS' COMPLAINT**
**FOR DECLARATORY AND INJUNCTIVE RELIEF**