DEAN K. DUNSMORE
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATIE JOHN, GERALD NICOLIA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, GALE NORTON, et al.,<br><br>Defendants. | Case No. A05-0006-CV (HRH) (CONSOLIDATED)<br><br>DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE |

The defendants, United States of America et al., respond herein in opposition to the Motion to Intervene as Plaintiffs (Docket Entry No. 37). The Alaska Fish and Wildlife Federation and Outdoor Council, the Alaska Fish and Wildlife Conservation Fund, Michael Tinker and John Conrad seek to intervene as plaintiffs in this action.

An application to intervene presupposes that the applicant has a right to maintain the claims for which relief is sought. *Heyman v. Exchange National Bank of Chicago*, 615 F.2d 1190, 1193

(7th Cir. 1980); *Lucero v. City of Albuquerque*, 140 F.R.D. 455, 457 (D. NM 1992). The proposed intervenors cannot, however, maintain their proposed claims. Therefore, their motion to intervene should be denied. As will be shown below, the proposed intervenors (hereinafter referred to as "movants") are not entitled to the relief they seek. Their proposed claims are barred by statute of limitations, would present claims which movants lack standing to present, or fail to state claims upon which relief can be granted.

The proposed intervenors seek to intervene as plaintiffs to obtain judicial review of the rulemaking promulgated on January 8, 1999, 64 Federal Register 1276. Proposed Intervenors' Complaint for Declaratory and Injunctive Relief ¶ 1. Movants would incorporate by reference large portions of the Complaint for Declaratory and Injunctive Relief filed by the State of Alaska in Case No. A05-0158-CV. *Id.* ¶¶ 1, 3, 7, 8, 10, 12, 14.

## I. THE PROPOSED ACTION IS BARRED BY STATUTE OF LIMITATIONS

Movants' motion was filed on January 12, 2006. This is more than six years after the promulgation of the challenged regulations on January 8, 1999. It is also more than six years after these regulations became effective on October 1, 1999. 64 Federal Register 1276.

Pursuant to 28 U.S.C. § 2401(a) all civil actions against the United States (with an exception not applicable to this case)

are to be commenced within six-years "after the right of action first accrues." In *Wind River Mining Corp. v. United States*, 946 F.2d 710 (9th Cir. 1991), the Court of Appeals addressed when an action for review of administrative regulations first accrues. Any challenge with respect to procedural violations and facial challenges to the regulations must be brought within six years of the decision. 946 F.2d at 715. A challenge to the substance of an agency decision as exceeding constitutional or statutory authority must be brought within six years following application of the disputed decision to the challenger. *Id.* at 715-16. Movants would present both procedural and substantive challenges to the January 1999 rulemaking.

To the extent movants would allege that this rulemaking violated the Administrative Procedure Act (APA), *e.g.* Proposed Intervenors' Complaint for Declaratory and Injunctive Relief ¶¶ 8-9, they would present a procedural challenge. The provisions of 5 U.S.C. § 553 sets forth procedural requirements for a rulemaking. The provisions of 5 U.S.C. §§ 710-706 provide only the necessary waiver of sovereign immunity for judicial review of final agency actions and establishes the standards for that review, and impose no substantive obligations on the agencies. This procedural challenge is clearly barred by 28 U.S.C. § 2401(a).

To the extent movants seek to present a substantive

challenge to the January 1999 rulemaking, that challenge is also barred by 28 U.S.C. § 2401(a). As already shown, these regulations went into effect on October 1, 1999. Thus, on October 1, 1999, the subsistence use priority set forth in 16 U.S.C. §§ 3113-3114 applied to all waters determined in the January 8, 1999 rulemaking to be public lands.

These regulations clearly became applicable to both of the proposed individual intervenors, Michael Tinker and John Conrad, on that date. As shown in the Declaration of Michael Tinker ¶ 2 and the Declaration of John Conrad ¶ 2, both individuals were by that date participating in the taking of salmon through the use of fish wheels on the Copper River. To the extent that the Copper River lies withing the boundaries of the Wrangell-St. Elias National Park and Preserve, the waters of the Copper River were as of October 1, 1999 public lands for the purposes of 16 U.S.C. §§ 3113-3114. These regulations and the limitations and requirements set forth therein became applicable to Messrs. Tinker and Conrad on that date. Therefore, any challenge by Messrs. Tinker and Conrad to the substance of that rulemaking first accrued more than six years prior to their motion to intervene in this action.

Mr. Conrad states that in April 2005 he received a letter from the Park Service informing him that he could no longer use a fish wheel unless he received a federal permit. Declaration of

Conrad ¶ 3. A copy of that letter is attached as Exhibit 1 hereto. As is clear in the text of that letter, the Park Service was only notifying Mr. Conrad that it would now enforce the requirements of the regulations. Exhibit 2 at 1: "we notify you of our intent to enforce existing NPS regulations...." *Accord* Exhibit 2 hereto. This notification of how the Park Service would exercise its enforcement discretion, does not change the fact that the challenged regulations became applicable to Mr. Conrad (and Mr. Tinker's) activities on October 1, 1999.

Similarly, members of the two organizational movants were fishing in Alaska's rivers long before October 1, 1999. Declaration of Teresa Sager Albaugh ¶ 6-8. Therefore, any challenge by these entities also first accrued more that six years prior to the filing of their motion to intervene.

For the foregoing reasons, the Motion to Intervene as Plaintiffs (Docket Entry No. 37), should be denied because it would state claims for relief that would have to be dismissed as barred by statute of limitations.[1]/

II. MOVANTS LACK STANDING TO BRING THEIR PROPOSED ACTION

The Motion to Intervene as Plaintiffs (Docket Entry No. 37) should be denied by reason of the movants' lack of standing to present their proposed claims.

---

[1]/   Movants' application for intervention does not relate back to the commencement of this action. *Speed Products Co. v. Tinnerman Products, Inc.*, 171 F.2d 727, 731 (D.C. Cir. 1948).

Movants seek to intervene as plaintiffs in this action on the grounds that the "1999 regulations improperly deem certain State land as 'Public Land,' thus bringing such lands under Federal management." Memorandum in Support of Motion to Intervene as Plaintiffs at 2. Movants' proposed action would be founded on the "loss of their rights to State management of land rightfully belonging to the State of Alaska...." Proposed Intervenors' Complaint for Declaratory and Injunctive Relief ¶¶ 9, 11, 13, 15. Movants incorporate by reference many of the allegations of the Complaint for Declaratory and Injunctive Relief filed by the State in Case No. A05-158-CV; including paragraphs 10-12 thereof. Proposed Intervenors' Complaint for Declaratory and Injunctive Relief ¶ 7. These include the State's allegations that the State has been granted or is entitled to title to lands and waters and exercises authority over these lands and waters pursuant to the Alaska Statehood Act, the Submerged Lands Act and the Equal Footing doctrine. Complaint for Declaratory and Injunctive Relief filed by the State in Case No. A05-0158-CV ¶¶ 10-12. Movants lack standing to bring claims to enforce sovereign rights of the State.

Standing addresses the subject matter jurisdiction of the court, and must be both pleaded and proved by the plaintiff. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102-03(1998). The party invoking Federal court jurisdiction bears the


burden of showing the necessary elements for standing. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990).

In Federal courts, Article III of the United States Constitution requires a "case or controversy." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Plaintiffs must have "a personal stake in the outcome of the controversy" *Baker v. Carr*, 369 U.S. 186, 204 (1962). The Supreme Court has held that this jurisdictional hurdle and constitutional injury requirement embraces three related elements: (1) an actual or threatened injury, (2) which is fairly traceable to the defendant's alleged unlawful conduct, and (3) which is likely to be redressed by the relief requested. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Allen v. Wright*, 468 U.S. 737, 751 (1984). *Accord Central Arizona Water Conservation District v. United States E.P.A.*, 990 F.2d 1531, 1537 (9th Cir. 1993); *State of Nevada v. Burford*, 918 F.2d 854, 856 (9th Cir. 1990), *citing, Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 473 (1982). There is no standing merely to compel the Government to comply with the law. *Lujan v. Defenders of Wildlife*, 504 U.S. at 573-74; *State of Nevada v. Burford*, 918 F.2d at 857.

A party must also generally assert an injury that is personal to himself, and not an injury to a third party. *United States Department of Labor v. Triplett*, 494 U.S. 715, 720 (1990);

*Secretary of Maryland v. Joseph H. Munson Co.*, 467 U.S. 947, 955 (1984). This is so even "when the very same allegedly illegal act that affects the litigant also affects a third party." *Triplett*, 494 U.S. at 720. "The decision to seek review should be placed in the hands of those who have a direct stake in the outcome." *Diamond v. Charles*, 476 U.S. 54, 62 (1986). A litigant may be permitted to bring actions on behalf of third parties only if (1) the litigant has suffered an injury in fact giving him or her a sufficiently concrete interest in the outcome, (2) the litigant has a close relationship to the third party, **and** (3) there exists some hindrance to the third party's ability to protect his or her own interest. *Powers v. Ohio*, 499 U.S. 400, 410-11 (1991).[2]/

Movants clearly seek to enforce rights given not to them but to the State of Alaska, and to redress injuries allegedly suffered by the State of Alaska.[3]/ As already shown, movants have incorporated the State's allegations of rights under the Equal

---

[2]/ There can be no dispute that the third criteria cannot be met. Not only has nothing hindered the State's ability to protect its own interests, but the State has in fact brought an action to enforce it own alleged rights.

[3]/ The court in *Alaska Legislative Council v. Babbitt* 181 F.3d 1333, 1338 (D.C. Cir. 1999), recognized that complaints about interference with the prerogatives of the State in the management of fish and wildlife belonged to the State and implicated the State's sovereignty. Consequently, the Alaska Legislative Council and individual legislators suing in the official capacity lacked standing to bring suit. *Id.* If State legislators lack such standing, movants also lack such standing.

Footing Doctrine, the Submerged Lands Act and the Alaska Statehood Act (Compact). The "equal footing" doctrine, which is described in *Utah Division of State Lands v. United States*, 482 U.S. 193, 196-97 (1987), pertains to rights held by the State of Alaska as a sovereign and not any rights of the individual plaintiffs. *Accord United States v. Gardner*, 107 F.3d 1314, 1318-19 (9th Cir. 1997). The Statehood Act likewise pertains to the organization and rights of the State of Alaska as a sovereign entity, not to individual rights of the plaintiffs.

The Submerged Lands Act, 43 U.S.C. §§ 1301 *et seq*. also involves rights held by states rather than individual citizens. 16 U.S.C. § 1311. This court has determined in *Alaska Constitutional Legal Defense Conservation Fund, Inc. et al. v. Gale Norton et al.*, No. A00-0167-CV(HRH), Order Motion to Dismiss filed February 4, 2002, at 5-8,[4]/ that private individuals and organizations lack standing to bring such claims belonging to the State. Lacking such standing, movants' motion to intervene should be denied.

## III. COUNTS III AND IV FAIL TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED

Even if movants had standing to present any of the claims set forth in the Proposed Intervenors' Complaint for Declaratory and Injunctive Relief, Counts III and IV of that complaint fail

---

[4]/ Copy attached as Exhibit 3 hereto.

to state claims upon which relief can be granted. Therefore, even if movants were to be permitted to intervene in this action, they should not be permitted to present the claims set forth in their proposed Counts III and IV.

Movants' Counts III and IV incorporate by reference and are identical to the State's Counts III and IV of the Complaint for Declaratory and Injunctive Relief in Case No. A05-0158-CV. The United States has moved for dismissal of both those counts. Defendants' Motion for Judgment on the Pleadings–Count III in Case No. A05-0158-CV(HRH) (Docket Entry No. 19), and Defendants Motion for Partial Summary Judgment--Count IV in Case No. A05-0158-CV(HRH)(Docket Entry No. 20). Dismissal of Count III is sought on the grounds that this claim is barred by statute of limitations. Dismissal of Count IV is sought for lack of standing and lack of ripeness. Briefing on these motions was completed on November 7, 2005.

Movants for intervention take a case in the posture they find it at the time of their motion to intervene. *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944); *Petition of Geisser*, 554 F.2d 698, 705 n. 6 (5th Cir. 1977). Movants' motion to intervene was filed after the parties had fully briefed threshold matters regarding their proposed Counts III and IV. Therefore, movants should be required to accept whatever the court's ruling will be on the Government's two pending motions.

If those motions are granted and the State's Counts III and IV are dismissed, movants should not be permitted to present their proposed Counts III and IV.

Alternatively, the United States incorporates herein the arguments and authorities stated in the Points and Authorities in Support of Defendants' Motion for Judgment on the Pleadings–Count III in Case No. A05-0158-CV(HRH) (Docket Entry No. 19), Points and Authorities in Support of Defendants Motion for Partial Summary Judgment--Count IV in Case No. A05-0158-CV(HRH)(Docket Entry No. 20), Reply in Support of Defendants' Motion for Judgment on the Pleadings–Count III in Case No. A05-0158-CV(HRH) (Docket Entry No. 30), and Reply in Support of Defendants Motion for Partial Summary Judgment--Count IV in Case No. A05-0158-CV(HRH)(Docket Entry No. 31). For the reasons stated therein, movants' proposed Counts III and IV must fail. Therefore, the court should deny the motion to intervene to state those two counts.

IV. MOVANTS HAVE FAILED TO SHOW GROUNDS FOR INTERVENTION

Movants do not specify whether they seek to intervene in this action as a matter of right pursuant to Fed. R. Civ. P. 24(a), or whether they seek permissive intervention pursuant to Fed. R. Civ. P. 24(b). For the reasons that follow, movants fail to show entitlement to intervene on either basis.

A. **Intervention of Right**. Since there is no statute that

confers an unconditional right to intervene, Fed. R. Civ. P. 24(a)(1, intervention of right is governed by Fed. R. Civ. P. 24(a)(2) which provides in full:

> Upon timely application[5]/ anyone shall be permitted to intervene in an action:...(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

A four part test is applied under Rule 14(a):

> (1) the application for intervention must be timely; (2) the applicant must have a "significant protectable" interest related to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must be not be adequately represented by the existing parties in the lawsuit.

*Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). *Accord United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

As already shown at 6-9, *supra*, the subject matter of this action pertains to sovereign rights held by the State of Alaska,

---

[5]/ An application to intervene both of right and for permissive intervention must be timely made. Defendants agree that given the posture of this case, the present motion to intervene is timely.

and not to rights held by the movants. Movants do not have a protectable interest in these sovereign rights.

In order to have a protectable interest, the proposed intervenor must:

> establish that (1) 'the interest [asserted] is protectable under some law,' and (2) there is a 'relationship between the legally protectable interest and the claims at issue.'

*Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996). The interest is "significantly protectable if the interest is protected by law and there is a relationship between the legally protectable interest and the plaintiff's claims." *United States v. Alisal Water Corp.*, 370 F.3d at 919.

The interest movants seek to enforce is their alleged right "to common use of State land as guaranteed by Article 8 of the Alaska Constitution." Proposed Intervenors' Complaint for Declaratory and Injunctive Relief ¶¶ 9, 11, 13, 15. Article 8 of the Alaska Constitution, however, does not provide for common use of State land. With respect to lands Article 8, § 2 provides only that the legislature:

> shall provide for the utilization, development, and conservation of all natural resources belonging to the State, including land and waters, for the maximum benefit of the people.

The Common Use clause, Section 3 of Article 8, pertains to fish, wildlife and waters occurring in their natural state, not to

lands.

In any event, movants have not shown that their interests will not be adequately represented by the State. One, they agree that they have been adequately represented so far. Memorandum in Support of Motion for Leave to Intervene as Plaintiffs, at 2: "Appellants do not contend the State has failed, at least to this point, to provide adequate representation of their position in this matter." Two, they do not even contend that in the future the State might fail to adequately represent their interests. They state only that they would be the only party "representing citizens losing existing subsistence opportunities;" therefore, their "participation would thus contribute an important perspective in this matter that would not otherwise not be represented." *Id.* at 2-3. Whether their participation would contribute anything or not is not the test. The test is whether their interests will not be adequately represented by the parties already present. Movants have not made that required showing.

Further, movants seek to present the very same claims that have already been presented by the State of Alaska. In that situation "a compelling showing should be required to demonstrate inadequate representation." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *cert. denied sub nom. Hoohuli v. Lingle*, 540 U.S. 1017 (2003). Movants clearly fail to make that compelling showing. In the absence of that "compelling showing,

it is to be presumed that the State will adequately represent the interests of its citizens." *Id.*

For the foregoing reasons, movants have failed to show that they are entitled to intervene in this action as a matter of right.

B. **Permissive Intervention**. There is no statute which grants any conditional right to intervene in this action. Therefore, intervention "may" in the discretion of the court be granted "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b). Permissive intervention may be granted where the applicant for intervention shows:

> '(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.'

*United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002).

Timeliness is not an issue. Further, since the movants propose to state the very same claims as the State has presented in Case No. A05-0158-CV, common questions of law and fact would be presented. However, since as already shown at 2-9, *supra.*, their proposed action is barred by statute of limitations and they lack standing to bring their proposed claims, movants cannot bring an independent action in this case. Therefore, permissive

intervention should also be denied.

However, assuming that movants could be granted permissive intervention, the court, in determining whether to exercise its discretion and grant permissive intervention, should also evaluate "whether the movant's 'interests are adequately represented by existing parties.'" *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989). As already shown above, movants' interests are already fully and adequately represented by the State of Alaska. Therefore, permissive intervention should also be denied on that ground.

V. MOVANTS MUST INTERVENE IN A SPECIFIC CASE

Movants do not identify the specific case in which they propose to intervene. This proceedings is a consolidation of two actions: *Katie John et al. v. United States et al.*, No. A05-0006-CV(HRH), and *State of Alaska v. Gale Norton et al.*, No. A05-0158-CV(HRH). While cases may be consolidated, consolidation is merely a procedural device that does not effect a merger of the separate actions, and the individual cases do not lose their individual identity. *Cole v. Schenley Industries, Inc.*, 563 F.2d 35, 38 (2nd Cir. 1977). Therefore, if movants are permitted to intervene, that intervention must be in a specific action, and not in the consolidated proceeding. Given the claims movants propose to present, presumably that intervention would be in *State of Alaska v. Gale Norton et al.*, No. A05-0158-CV(HRH).

CONCLUSION

For the foregoing reasons, the Motion to Intervene as Plaintiffs (Docket Entry No. 37) should be denied.

Dated this 2nd day of February 2006.

/s/ Dean K. Dunsmore
DEAN K. DUNSMORE
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 2nd day of February 2006 a copy of the foregoing Defendants' Opposition to Motion to Intervene was served electronically to:

Heather R. Kendall-Miller
Will Sherman
Robert T. Anderson
William F. Sherman

and by United States mail, first class, postage paid, to the following:

William P. Horn
Gregory L. Fisher
Scott J. Nordstrand
Carol H. Daniel
Randolph H. Barnhouse

/s/ Dean K. Dunsmore