Will Sherman
645 G St., Suite 100
Anchorage, AK 99501
Tel: (907) 277-1966
Fax: (866) 398-3561
wfs@lexalaska.com

Attorney for Applicants for Intervention

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATIE JOHN, GERALD NICOLIA, ALASKA INTER-TRIBAL COUNCIL, and NATIVE VILLAGE of TANANA,<br><br>            Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA, GALE NORTON, et al.,<br><br>            Defendants.<br>_____<br>STATE OF ALASKA,<br><br>            Plaintiff,<br><br>  vs.<br><br>GALE NORTON, Secretary of the Interior, et al.,<br><br>            Defendants. | Case No. A05-0006-CV (HRH)<br>(Consolidated with)<br>Case No. A05-0158-CV (HRH)<br><br><br><br><br><br><br><br><br><br><br><br>**REPLY TO OPPOSITION TO MOTION FOR LEAVE TO INVERVENE AS PLAINTIFFS** |

Applicants seek limited, permissive intervention as Plaintiffs in <u>State of Alaska v. United States</u>. Applicants seek this status to protect their common use

- 1 -
**REPLY TO OPPOSITION TO MOTION
FOR LEAVE TO INVERVENE AS PLAINTIFFS**

of fish and wildlife on State land—a right guaranteed by their State constitution. Applicants have already suffered actual injury from application of the challenged regulations. Thus Applicants do not bring third-party claims on behalf of the State of Alaska, but rather claims to redress concrete injuries they have suffered and will continue to suffer under the challenged regulations. As Applicants' injuries have only recently occurred as the United States has begun applying the challenged Regulations, Applicants' claims are timely.

## I.   Statute of Limitations

The government should not be permitted to avoid all challenges to its actions, even if ultra vires, simply because the agency took the action long before anyone discovered the true state of affairs. <u>Wind River Min. Corp., v. United States</u>, 946 F.2d 710, 715 (1991). In this case, agencies of the United States may have promulgated the challenged Regulations more than six years ago, but application of these Regulations is only just beginning.

This Court has held that a challenge to Federal agency action may be brought "later than six years following the decision by filing a complaint for review of the adverse application of the decision to the particular challenger." <u>Alaska Constitutional Legal Defense Conservation Fund, Inc. v. Norton</u> No. A00-0167-CV-HRH (Slip Op.) 2005 WL 2340702 (D. Alaska Aug. 19, 2005) at *3 (quoting <u>Wind River Min. Corp. v. U.S.</u>, 946 F.2d 710, 715 (9th Cir.1991)). In such cases, the challenge must be brought within six years of the agency's

application of the disputed decision to the challenger.  Id. (quoting Wind River at 716).

Applicants are individuals and groups of Alaska citizens who hunt and fish on State lands.  These individuals have done so for many years, and rely upon the fish and game harvested from these activities.  Despite formulation of the challenged Regulations more than six years ago, the United States has evidently chosen not to apply these Regulations until six years or more after their creation.

There is no dispute the United States knew full well of Applicant Conrad's operation of his fish wheel on the Copper River under a State subsistence permit, precisely in the location where his family had operated fish wheels for more than three decades.  Thus the first application of the challenged Regulations to Mr. Conrad came in April, 2005, when the National Park Service informed him he could no longer the fish wheel.

Applicant Tinker likewise operates a State subsistence fish wheel on the Copper River.  Under application of the challenged regulations, imposing Federal fish and wildlife management, Mr. Tinker's State subsistence permit will no longer be valid.  Organizational Applicants AOC and AFWCF represent potentially thousands of Alaskans similarly losing the right to fish and hunt on State lands due to the challenged Regulations.

The United States has permitted Applicants Conrad and Tinker and undoubtedly a host of AOC members to participate in these fisheries since the time the Regulations purportedly became effective, even though the areas fished

- 3 -
REPLY TO OPPOSITION TO MOTION
FOR LEAVE TO INVERVENE AS PLAINTIFFS

were proclaimed "Public land" by the challenged Regulations. Thus the United States has not applied these Regulations to individuals until only recently. Applicants' claims are brought within the six-year statute of limitations of application and are therefore timely.

## II. Standing

Applicants do not assert third-party actions on behalf of the State of Alaska, as claimed by Defendant United States.[1] (Opp'n at 8) The injury asserted by Applicants is not the State's loss of land, but rather their own loss of individual rights to common use of natural resources on State land as well as their right to have the State manage fish and wildlife on such lands.

The United States notes that in Alaska Legislative Council v. Babbitt, 181 F.3d 1333, 1338 (D.C. Cir. 1999), State legislators were deemed to lack standing to bring individual claims concerning "the prerogatives of the State in the management of fish and wildlife." (Opp'n at 8 n.3) The Alaska legislators, however, failed to allege facts indicating the challenged law "even reaches or in any way affects their activities." Alaska Legislative Council, 181 F.3d at 1339.

Here, Applicants allege the challenged Regulations profoundly affect their activities. Applicants Tinker and Conrad depend upon the State subsistence

---

[1] To the extent organizational Applicants AOC and AFWCF bring third-party actions, these actions are brought on behalf of their members, not the State of Alaska. These claims should be permitted under the Powers v Ohio test cited by the United States. 499 U.S. 400, 410-11 (1991); (Opp'n at 8). Under the third prong of the Powers test, there clearly exists "some hinderance" to requiring each of AOC's 12,000 members to maintain their own actions against the United States. Id.

- 4 -
REPLY TO OPPOSITION TO MOTION
FOR LEAVE TO INVERVENE AS PLAINTIFFS

harvest of Salmon, as their families have done so for decades.  (Conrad Decl. ¶ 2; Tinker Decl. ¶ 5 (attached to Motion for Leave to Intervene))  Likewise, numerous AOC/AFWCF members hunt and fish on lands affected by the challenged Regulations, depend upon these resources for their food, and will lose their ability to do so if the Regulations are upheld.  (Sager-Aubaugh Decl. ¶ 6)

Therefore, while the State legislators in <u>Alaska Legislative Council</u> failed to allege injuries sufficient to provide standing to bring their claims, Applicants here have alleged that they use and depend upon the harvest of fish and wildlife that will be barred under Federal management imposed by the challenged Regulations.

Likewise, the United States' reliance on <u>Alaska Constitutional Legal Defense Conservation Fund, Inc. v. Norton</u>, A00-0167-CV (HRH), Order Motion to Dismiss (D. Alaska February 4, 2002) at 5-8, is inapt.  (Opp'n at 9)  At issue in that case was whether the United States had the right to deny State fish and wildlife management on what was undisputedly Public land.  <u>Id</u>.  Applicants in this case make no claims to common use or any right to State management on Public land.  They claim these rights only upon State land.  And under the challenged Regulations they will be denied these rights—a cognizable injury affording them standing to intervene in this case.

## III.   CONCLUSION

Applicants bring their claims within six years of application of the challenged Regulations.  They also allege cognizable, personal injury resulting

- 5 -

from the challenged Regulations—their loss of common use and State management of fish and wildlife on the affected river systems.

The Court has allowed NARF limited intervenor status in this case. NARF claims a *potential* loss of ANILCA subsistence rights for a subset of rural Alaskans possessing Native allotments. Applicants bring claims of actual and potential loss of all State subsistence hunting and fishing rights on rivers affected by the challenged Regulations. Applicants should likewise be granted limited intervenor status to be heard in this matter.

Dated February 10, 2006.

> s/ Will Sherman
> 645 G St., Suite 100 #856
> Anchorage, AK 99501
> Tel:   (907) 277-1966
> Fax    (866) 398-3561
> e-mail: wfs@lexalaska.com
> ABA #0205014

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2006, a copy of the foregoing document was served electronically upon the following:

Robert T. Anderson
University of Washington School of Law
Box 535020
Seattle, WA 98195-3020

Heather R. Kendall-Miller
Native American Rights Fund
420 L St., Suite 500
Anchorage, AK 99501

Dean K. Dunsmore
Department of Justice
Environment & Natural Resources Div.
801 B St., Suite 504
Anchorage, AK 99501-3657

- 6 -

**REPLY TO OPPOSITION TO MOTION
FOR LEAVE TO INVERVENE AS PLAINTIFFS**

And by First-Class Mail upon the following:

William P. Horn
Birch, Horton, Bittner & Cherot
1155 Connecticut Ave., NW
Suite 1200
Washington, DC 20036

Gregory L. Fisher
Birch Horton et al.
1127 W. 7th Avenue
Anchorage, AK 99507

s/  Will Sherman
Certification Signature

- 7 -

**REPLY TO OPPOSITION TO MOTION**
**FOR LEAVE TO INVERVENE AS PLAINTIFFS**