IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KATIE JOHN, GERALD NICOLIA, ALASKA )
INTER-TRIBAL COUNCIL, AND NATIVE   )
VILLAGE OF TANANA,                 )
                                   )
                       Plaintiffs, )
                                   )
     vs.                           )
                                   )
UNITED STATES OF AMERICA, GALE     )
NORTON, et al.,                    )
                                   )
                       Defendants. )
_____)
                                   )
STATE OF ALASKA,                   )
                                   )
                       Plaintiff,  )
                                   )
     vs.                           )  No. 3:05-cv-0006-HRH
                                   )  (Consolidated with
GALE NORTON, Secretary of the      )  No. 3:05-cv-0158-HRH)
INTERIOR, et al.,                  )
                                   )
                       Defendants. )
_____)

O R D E R

Motion for Judgment on the Pleadings

     The federal defendants move for judgment on the pleadings on Count III of the State of Alaska's complaint.[1]  This motion is

---

    [1]    Clerk's Docket No. 19.

opposed.[2] Oral argument was not requested and is not deemed necessary.

## Background

On January 6, 2005, the State of Alaska filed a complaint[3] challenging regulations that were promulgated by the Secretaries of Interior and Agriculture on January 8, 1999.[4] The subject of the instant motion is Count III of the State's complaint. Count III is labeled a "Violation of ANILCA Titles I and IX and the APA"[5] and expressly challenges the regulation codified at 50 C.F.R. § 100.4(2). Section 100.4 is a definition section of the federal subsistence management regulations. One of the terms defined in section 100.4 is "public lands". In 1999, the definition of "public lands" was amended to read:

> (1) Lands situated in Alaska which are Federal lands, except--
> (i) Land selections of the State of Alaska which have been tentatively approved or validly selected under the Alaska Statehood Act and lands which have been confirmed to, validly selected by, or granted to the Territory of Alaska or the State under any other provision of Federal law;

---

[2]   Clerk's Docket No. 27.

[3]   Clerk's Docket No. 1 in Case. No. 3:05-cv-0158-HRH. The State filed its complaint in the United States District Court for the District of Columbia. The State's action was subsequently transferred to this court and consolidated with the previously filed case John v. United States, Case No. 3:05-cv-0006-HRH.

[4]   The challenged regulations are codified at both 36 C.F.R. Part 242 and 50 C.F.R. Part 100. This order cites only the version of the regulation found in 50 C.F.R. Part 100.

[5]   State's Complaint at 16, Clerk's Docket No. 1 in Case No. 3:05-cv-0158-HRH.

> (ii) Land selections of a Native Corporation made under the Alaska Native Claims Settlement Act, 43 U.S.C. 1601 et seq., which have not been conveyed to a Native Corporation, unless any such selection is determined to be invalid or is relinquished; and
> (iii) Lands referred to in section 19(b) of the Alaska Native Claims Settlement Act, 43 U.S.C. 1618(b).
> (2) Notwithstanding the exceptions in paragraphs (1)(i) through (iii) of this definition, until conveyed or interim conveyed, all Federal lands within the boundaries of any unit of the National Park System, National Wildlife Refuge System, National Wild and Scenic Rivers Systems, National Forest Monument, National Recreation Area, National Conservation Area, new National forest or forest addition shall be treated as public lands for the purposes of the regulations in this part pursuant to section 906(o)(2) of ANILCA.[6]

50 C.F.R. § 100.4. This amendment was made, in part, to address a petition filed by the Northwest Arctic Regional Council and other entities that sought a determination that "Selected but Not Conveyed Lands Are to Be Treated as Public Lands for the Purposes of the Subsistence Priority." 64 Fed. Reg. 1276, 1276-77 (Jan. 8, 1999). The secretaries explained that the amendment was intended to clarify that certain "selected lands will be treated as public lands until they are conveyed." Id. at 1280. The preamble to the regulation further explains:

> While selected lands do not fall within the definition of "public lands" found in ANILCA, section 906(o)(2) states that "Until conveyed,

---

[6] Section 906(o)(2), 43 U.S.C. § 1635(o)(2), provides: "Until conveyed, all Federal lands within the boundaries of a conservation system unit, National Recreation Area, National Conservation Area, new national forest or forest addition, shall be administered in accordance with the laws applicable to such unit."

>> all Federal lands within the boundaries of a conservation system unit, National Recreation Area, National Conservation Area, new national forest or forest addition, shall be administered in accordance with the laws applicable to such unit.".... Since selected lands do fall within the definition of "Federal lands" in ANILCA and Title VIII of ANILCA is a law applicable to such units, the subsistence priority of Title VIII must be extended to those lands, pursuant to section 906(o).

Id.

In Count III, the State challenges subsection (2) of the regulation. Specifically, the State alleges that this extension of federal authority over selected but not yet conveyed lands violates section 1314(b) of ANILCA and improperly diminishes the State's authority under section 1314(a) of ANILCA.[7]

The Secretaries of the Interior and Agriculture ("the federal defendants"), now move for judgment on the pleadings as to Count III on the ground that it is barred by the statute of limitations in section 902(a) of ANILCA, 43 U.S.C. § 1632(a).

## Discussion

"'A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.'" Flowers v. First Hawaiian Bank, 295 F.3d 966, 969 (9th Cir. 2002) (quoting Nelson v. City of Irvine, 143 F.3d 1196, 1200 (9th Cir. 1998)). A claim should be dismissed pursuant to a motion for judgment on the pleadings "'only if it is clear that no relief could be granted

---

[7] Complaint at 17, ¶ 64, Clerk's Docket No. 1 in Case No. 3:05-cv-0158-HRH.

- 4 -

under any set of facts that could be proved consistent with the allegations.'" Turner v. Cook, 362 F.3d 1219, 1225 (9th Cir. 2004) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)).

The sole issue presented in the instant motion is whether the two-year statute of limitations found in section 902(a) of Title IX of ANILCA, 43 U.S.C. § 1632(a), applies to Count III.[8] Section 902(a) provides, in pertinent part:

> Except for administrative determinations of navigability for purposes of determining ownership of submerged lands under the Submerged Lands Act . . . a decision of the Secretary under [Title IX] or the Alaska Native Claims Settlement Act . . . shall not be subject to judicial review unless such action is initiated before a court of competent jurisdiction within two years after the day the Secretary's decision becomes final or December 2, 1980, whichever is later[.]

43 U.S.C. § 1632(a).

The federal defendants state in the challenged regulation that they were acting pursuant to section 906(o)(2) of ANILCA, which is part of Title IX of ANILCA. Thus, the federal defendants argue that the challenged regulation was a decision under Title IX and subject to the two-year statute of limitations found in section 902(a). If the two-year statute of limitations applies, plaintiffs' Count III would be barred by the statute of limitations. The

---

[8] The State suggests that this is a question of statutory interpretation that falls under the Chevron deference framework. In general, however, the question of whether a particular statute of limitations applies is considered a legal issue and not a matter within the expertise of the agency. See, e.g., Bamidele v. INS, 99 F.3d 557, 561 (3rd Cir. 1996); Dion v. Secretary of Health and Human Serv., 823 F.2d 669, 673 (1st Cir. 1987); Lynch v. Lyng, 872 F.2d 718, 724 (6th Cir. 1989).

challenged regulation was published as a final rule on January 8, 1999 and became effective on October 1, 1999. The State did not commence this action until January 6, 2005.

What is at issue in Count III is what lands are "public lands" for the purpose of Title VIII of ANILCA, or in other words, whether the federal defendants can properly include within the definition of "public lands" lands that have been selected but not yet conveyed. Because the term "public lands" is defined in Title I of ANILCA, 16 U.S.C. § 3102, Count III arises, in part, under Title I. Title I expressly provides that the definitions in Title I do not apply to Title IX. See 16 U.S.C. § 3102. The court rejects the proposition that a decision to amend a Title I definition shall be considered a decision arising under Title IX. Count III also arises, in part, under Title VIII of ANILCA because the amendment to the definition of "public lands" was made in order to extend the Title VIII subsistence priority to selected but not yet conveyed lands. Although the State referred to Title IX in labeling Count III, it is the nature of the claim being asserted that controls, not the label put on a claim. See Public Utility Dist. No. 1 of Clark County v. Johnson, 855 F.2d 647, 649 (9th Cir. 1988). Regardless of what Count III is labeled, Count III raises a challenge to a decision by the Secretaries to amend the definition section of Title I of ANILCA in order to extend the Title VIII subsistence priority to certain lands. The court concludes that Count III arises under Title I and Title VIII of ANILCA, not Title IX as the federal defendants urge.

Further support for the conclusion that Count III does not arise under Title IX can be found in the very title of Title IX. Title IX is entitled "Implementation of Alaska Native Claims Settlement and Alaska Statehood." The challenged regulation has nothing to do with implementing ANCSA or the Statehood Act. The federal defendants' decision to promulgate the challenged regulation cannot reasonably be deemed to arise under Title IX. In addition, section 906(o) makes no reference to "public lands" but instead indicates that "Federal lands" within CSUs remain subject to federal authority until they are conveyed. See 43 U.S.C. § 1635(o)(2). Because Count III concerns the definition of "public lands", not "Federal lands", Count III cannot reasonably be deemed to arise under Title IX.

In sum, although the federal defendants state that they were acting pursuant to section 906(o)(2) when they promulgated the challenged regulation, the decision to amend the definition of "public lands" for purposes of Title VIII of ANILCA cannot be considered a decision under Title IX. Title IX has to do with the selection process under ANCSA and the Alaska Statehood Act. It has nothing to do with the subsistence priority on public lands. The Secretaries' decision at issue here is the decision to extend the statutory definition of "public lands" found in Title I to selected but not yet conveyed lands for the purpose of implementing the subsistence priority found in Title VIII. A challenge to that decision arises under Title I and Title VIII, not Title IX.

Neither Title I nor Title VIII of ANILCA has its own statute of limitations provision.  Thus, the general six-year statute of limitations for actions against the federal government applies to Count III.  See <u>Wind River Min. Corp. v. United States</u>, 946 F.2d 710, 713 (9th Cir. 1991).  Because the State filed its complaint within six years of the promulgation of 50 C.F.R. § 100.4(2), Count III is not time barred.

## Conclusion

The federal defendants' motion for judgment on the pleadings as to Count III of the State of Alaska's complaint is denied.

DATED at Anchorage, Alaska, this 9th day of March, 2006.

/s H. Russel Holland
United States District Judge