IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


KATIE JOHN, et al.,                    )
                                       )
                  Plaintiffs,          )
                                       )
        vs.                            )
                                       )
UNITED STATES OF AMERICA, et al.,      )
                                       )
                  Defendants.          )
_____)
                                       )
STATE OF ALASKA,                       )
                                       )
                  Plaintiff,           )
                                       )
ALASKA FISH AND WILDLIFE FEDERA-       )
TION AND OUTDOOR COUNCIL, et al.,      )
                                       )
        Plaintiff-Intervenors,         )
                                       )
        vs.                            )   No. 3:05-cv-0006-HRH
                                       )    (Consolidated with
GALE NORTON, Secretary of the          )   No. 3:05-cv-0158-HRH)
INTERIOR, et al.,                      )
                                       )
                  Defendants,          )
                                       )       O R D E R
        and                            )
                                       )   Motion to Intervene
KATIE JOHN, et al.,                    )
                                       )
        Defendant-Intervenors,         )
                                       )
        and                            )
                                       )
ALASKA FEDERATION OF NATIVES,          )
                                       )
                  Defendant-Intervenor.)
_____)

- 1 -

The Alaska Fish and Wildlife Federation and Outdoor Council ("AOC"), the Alaska Fish and Wildlife Conservation Fund ("AFWCF"), Michael Tinker, and John Conrad move to intervene as plaintiffs[1] in State of Alaska v. Norton, Case No. 3:05-cv-0158-HRH, which has been consolidated with John v. United States, Case No. 3:05-cv-0006-HRH. This motion is opposed.[2]  Oral argument has not been requested and is not deemed necessary.

Background

AOC is an entity with a collective membership of over 12,000 Alaskans from both rural and non-rural areas.  The promotion of the common use of Alaska's fish and wildlife resources is a core goal of AOC and has been since its founding in 1955.  AFWCF is a nonprofit corporation administered by the same Board of Directors as AOC and with the same core goal as AOC.  Michael Tinker holds a state subsistence permit to operate a fish wheel on the Copper River near Gakona, Alaska.  John Conrad holds a state subsistence permit to operate a fish wheel on the Copper River near Slana, Alaska.  In April of 2005, the National Park Service informed Mr. Conrad of its "intent to enforce existing NPS regulation 36 CFR 2.3(d) that prohibits the use of fishing by means of fish wheel or dip net in parks and preserves, except for subsistence uses by local rural residents qualified under 36 CFR 13 and 50 CFR 100."[3]  Mr. Conrad

---

[1]    Clerk's Docket No. 37.

[2]    Clerk's Docket Nos. 46 and 47.

[3]    Letter from Jed Davis, Superintendent, National Park
(continued...)

cannot obtain a federal subsistence permit because he is not a local resident of the Wrangell-St. Elias National Park and Preserve region.

The foregoing entities and individuals (referred to collectively as "applicants" herein) move for leave to intervene as plaintiffs in State of Alaska v. Norton, Case No. 3:05-cv-0158-HRH. In its complaint, the State of Alaska challenges regulations that were promulgated by the Secretaries of Interior and Agriculture on January 8, 1999.[4]  The applicants' proposed complaint in intervention raises the same four claims that the State of Alaska raised in its complaint.[5]  Although the applicants admit that they "share the position of Plaintiff State of Alaska in this matter",[6] they nonetheless seek limited intervention in this matter to represent citizens who may lose existing subsistence opportunities if the challenged regulations are upheld.

## Discussion

Motions to intervene are governed by Rule 24, Federal Rules of Civil Procedure.  Rule 24 provides for both intervention

---

[3](...continued)
Service, to John Conrad (dated April 25, 2005), at 1, Exhibit 1, Defendants' Opposition to Motion to Intervene, Clerk's Docket No. 46 (emphasis in the original).

[4]      The challenged regulations are codified at both 36 C.F.R. Part 242 and 50 C.F.R. Part 100.

[5]      Count IV of the State of Alaska's complaint was recently dismissed by the court.  See Order re Motion for Partial Summary Judgment (March 13, 2006), Clerk's Docket No. 51.

[6]      Memorandum in Support of Motion for Leave to Intervene as Plaintiffs at 2, Clerk's Docket No. 40.

as of right and permissive intervention.  Although applicants did not clearly state in their motion and opening memorandum whether they were seeking intervention as of right, permissive intervention, or both, in their reply brief they state that they are seeking "limited, permissive intervention,"[7] like that afforded the <u>John</u> plaintiffs, who were allowed to intervene as defendants in the <u>State of Alaska</u> case.[8]  The court therefore treats applicants' motion to intervene as a motion for permissive intervention only.

In order to be entitled to permissive intervention, applicants must demonstrate:

> "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common."

<u>Southern Cal. Edison Co. v. Lynch</u>, 307 F.3d 794, 803 (9th Cir. 2002) (quoting <u>United States v. City of Los Angeles</u>, 288 F.3d 391, 403 (9th Cir. 2002)).  There is no dispute that applicants' motion to intervene is timely and that there are common questions of law and fact between applicants' proposed claims and the main action.  The dispute here centers on whether applicants have an independent ground for jurisdiction.

Applicants contend that they have an independent ground for jurisdiction because they have suffered, or will suffer, from application of the challenged regulation.  In particular, applicants

_____

[7]    Reply to Opposition to Motion for Leave to Intervene as Plaintiffs at 1, Clerk's Docket No. 49.

[8]    <u>See</u> Order Granting Intervention (August 2, 2005), Clerk's Docket No. 29 in Case No. 3:05-cv-0158-HRH.

point to the actual harm that Mr. Conrad has suffered because he is no longer able to subsistence fish on the Copper River near Slana. The court has jurisdiction to review claims based on an adverse application of a regulation. See Idaho Watersheds Project v. Hahn, 307 F.3d 815, 830 (9th Cir. 2002).

Nonetheless, defendants argue that applicants have no independent ground for jurisdiction because all of applicants' claims are barred by the six-year statute of limitations found in 28 U.S.C. § 2401(a). Section 2401(a) provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

While applicants would be barred from raising any procedural challenges to the 1999 regulations or any policy-based facial challenges, see Wind River Mining Corp. v. United States, 946 F.2d 710, 715 (9th Cir. 1991), the court is not convinced that all of applicants' claims are barred by the statute of limitations. Applicants' proposed complaint in intervention could fairly be read as asserting an "as applied" challenge to the regulations. Such challenges may be brought "later than six years following the decision by filing a complaint for review of the adverse application of the decision to the particular challenger." Id.

Mr. Conrad avers that the regulations were first applied to him in an adverse manner in 2005.[9] Although the regulations have

---

[9]    Declaration of John Conrad at 2, ¶ 3, attached to Memorandum in Support of Motion for Leave to Intervene as
(continued...)

existed since October of 1999, there was no <u>adverse</u> application of the regulations to Mr. Conrad until 2005, when he was told by the National Park Service that he could no longer operate his fish wheel pursuant to his state subsistence permit.  Defendants argue that because the regulations existed and applied generally to Mr. Conrad since October of 1999, any challenge to the regulations by Mr. Conrad accrued in 1999.  If defendants' argument were correct, no one could ever challenge an adverse application of a regulation, if the adverse application was made more than six years after the promulgation of the regulation.  That is not, however, the law of the Ninth Circuit.  <u>See</u> <u>Wind River Mining Corp.</u>, 946 F.2d at 715. An "as applied" claim accrues once the challenged regulation is applied to a particular individual.  The regulations were not applied in this instance to Mr. Conrad until 2005.  Because at least one of the applicants may be able to bring a timely "as applied" claim, the court declines to deny applicants' motion to intervene on statute of limitations grounds.

        Defendants next argue that applicants have no independent grounds for jurisdiction because they lack standing to bring their claims.  Defendants insist that applicants are bringing claims based on injuries suffered by the State of Alaska and thus applicants must establish that they have third-party standing to bring such claims. Defendants argue that applicants cannot show that they have third-party standing.

---

        [9](...continued)
Plaintiffs, Clerk's Docket No. 40.

> A litigant can maintain "third party" standing only when [it] satisfies a three-prong test: (1) the litigant must have suffered an "injury in fact," (2) the litigant must have a close relation to the third party, and (3) there must exist some hindrance to the third party's ability to protect his or her own interests.

Wasson v. Sonoma County Junior College, 203 F.3d 659, 663 (9th Cir. 2000) (citing Powers v. Ohio, 499 U.S. 400, 410-11 (1991)).

Defendants argue that the third requirement cannot be met because the State of Alaska has not been hindered in any way from protecting its own interests.  In fact, defendants point out that quite the opposite is true as evidenced by the fact that the State has filed this action in which the applicants wish to intervene.

Although applicants have no standing to bring claims based on injuries suffered by the State of Alaska, applicants' proposed complaint in intervention can fairly be read as asserting claims based on the injuries suffered by the individual applicants, who allege that they have lost their right to fish in state waters because of the challenged regulations.  The individual applicants may have standing to bring such claims.  The court declines to deny applicants' motion to intervene on the ground that applicants lack standing to bring their claims.

In sum, all three requirements for permissive intervention have been met by applicants.  However, "[e]ven if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998).  "In exercising its discretion the court shall consider whether the intervention will unduly delay

or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2). Other factors the court may consider in deciding whether to exercise its discretion to allow permissive intervention "include the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case." Spangler v. Pasadena City Bd. of Ed., 552 F.2d 1326, 1329 (9th Cir. 1977). "The court may also consider . . . whether the intervenors' interests are adequately represented by other parties . . . and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." Id.

Based on consideration of all the relevant factors, the court, in its discretion, grants applicants' motion for permissive intervention. Applicants' interests are parallel to those of the State of Alaska but are private as opposed to governmental. Applicants will contribute a significantly different perspective to this litigation. Without these intervenors, the party make-up of this consolidated case is heavily weighted toward government and Native Alaska interests and lacking non-native, rural, and urban points of view. The point of view of these new intervenors is a relevant one in the emotionally and politically charged arguments over the implementation of the priority which ANILCA affords subsistence and hunting in rural Alaska. Intervenors' joinder will neither delay nor unfairly prejudice anyone given the present state

- 8 -

of the consolidated cases.  Intervenors will not expand the issues and seek only the limited participation vis-a-vis the State of Alaska as was  afforded the John plaintiffs.[10]

### Conclusion

Based on the foregoing, applicants' motion for permissive intervention is granted.

Plaintiff-intervenors' proposed complaint in intervention shall be filed.  However, Count IV of that proposed complaint is identical to Count IV (extraterritorial jurisdiction) of the State's complaint, which the court recently dismissed without prejudice. If plaintiff-intervenors disagree with the court's ruling as to Count IV, they may move to have that issue reconsidered within ten (10) days from the date of this order.  Otherwise, the court will dismiss plaintiff-intervenors' Count IV sua sponte based upon its order of March 13, 2006 at Clerk's Docket No. 51.

Plaintiff-intervenors shall be allowed to present separate briefs in the consolidated case if they have separate positions or arguments on key legal issues.  To the extent that they do not, intervenors will adopt or join in the other party's briefing.

DATED at Anchorage, Alaska, this 14th day of March, 2006.

/s H. Russel Holland
United States District Judge

---

[10]    Clerk's Docket No. 29 in Case No. 3:05-cv-0158-HRH.