Will Sherman
645 G St., Suite 100
Anchorage, AK 99501
Tel: (907) 277-1966
Fax: (866) 398-3561
wfs@lexalaska.com

Attorney for Intervenor-Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATIE JOHN, GERALD NICOLIA, ALASKA INTER-TRIBAL COUNCIL, and NATIVE VILLAGE of TANANA,<br><br>      Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA, GALE NORTON, in her official capacity as Secretary of the United States Department of Interior, and MIKE JOHANS, in his official capacity as Secretary of Agriculture,<br><br>      Defendants.<br>_____<br>STATE OF ALASKA,<br><br>      Plaintiff,<br><br>  vs.<br><br>GALE NORTON, Secretary of the Interior, and MIKE JOHANS, in his official capacity as Secretary of Agriculture,<br><br>      Defendants. | Case No. A05-0006-CV (HRH)<br>(Consolidated with)<br>Case No. A05-0158-CV (HRH) |

- 1 -
**CORRECTED INTERVENORS' COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

| | |
|---|---|
| KATIE JOHN, GERALD NICOLIA, ALASKA INTER-TRIBAL COUNCIL, and NATIVE VILLAGE of TANANA,<br><br>   Intervenor-Defendants,<br><br> vs.<br><br>GALE NORTON, Secretary of the Interior, and MIKE JOHANS, in his official capacity as Secretary of Agriculture,<br><br>   Defendants.<br>_____<br><br>ALASKA FISH AND WILDLIFE FEDERATION AND OUTDOOR COUNCIL, ALASKA FISH AND WILDLIFE CONSERVATION FUND, MICHAEL TINKER and JOHN CONRAD,<br><br>   Intervenor-Plaintiffs<br><br> vs.<br><br>GALE NORTON, Secretary of the Interior, and MIKE JOHANS, in his official capacity as Secretary of Agriculture,<br>   Defendants. | **CORRECTED INTERVENORS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

  The Alaska Fish and Wildlife Federation and Outdoor Council (commonly known as the Alaska Outdoor Council ("AOC")), the Alaska Fish and Wildlife Conservation Fund ("AFWCF"), Michael Tinker, and John Conrad (collectively "Intervenors") complain as follows:

1. Intervenors hereby adopt and incorporate by reference Paragraphs 1-6 of the State of Alaska's Complaint for Declaratory and Injunctive Relief filed in Alaska v. Norton, Case No. A05-0158-CV (HRH).

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is appropriate under 28 U.S.C. § 1391(e).

## PARTIES

3. Intervenors hereby adopt and incorporate by reference Paragraphs 7-9 of the State of Alaska's Complaint for Declaratory and Injunctive Relief filed in this case.

4. Intervenor AOC is a 501c(4) corporation incorporated in the State of Alaska. AOC has a collective membership of approximately 12,000 Alaskans residing in both rural and non-rural areas. Many non-rural AOC members and their families have subsistence fished for decades in rivers potentially affected by the challenged regulations.

5. Intervenor AFWCF is a 501(c)(3) corporation formed in Alaska. AFWCF is administered by the same Board of Directors as AOC and represents and promotes the same membership and core goals as AOC.

6. Michael Tinker and John Conrad are Alaska residents who live in areas deemed "non-rural" under Federal subsistence management. Both Mr.

Tinker and Mr. Conrad depend upon fish taken under State subsistence fishing permits in the Copper River.

## STATUTORY FRAMEWORK AND FACTUAL BACKGROUND

7. Intervenors hereby adopt and incorporate by reference Paragraphs 10-45 of the State of Alaska's Complaint for Declaratory and Injunctive Relief filed in this case.

## COUNT I:
### (Violation of ANILCA Title VIII and the Administrative Procedures Act ("APA"))
### Failure to Apply the Federal Reserved Water Rights Doctrine

8. Intervenors hereby adopt and incorporate by reference Paragraphs 48-50 of the State of Alaska's Complaint for Declaratory and Injunctive Relief filed in this case.

9. Because of Defendants' violations of ANILCA and the Administrative Procedures Act, Intervenors have suffered and will continue to suffer loss of their rights to State management of land rightfully belonging to the State of Alaska, as well as their rights to common use of State land as guaranteed by Article 8 of the Alaska Constitution.

## COUNT II
### (Violation of ANILCA Title I and the APA)
### Unlawful Extension of Federal Authority to Marine Waters

10. Intervenors hereby adopt and incorporate by reference Paragraphs 48-50 of the State of Alaska's Complaint for Declaratory and Injunctive Relief filed in this case.

11.     Because of Defendants' violations of ANILCA and the Administrative Procedures Act, Intervenors have suffered and will continue to suffer loss of their rights to State management of land rightfully belonging to the State of Alaska, as well as their rights to common use of State land as guaranteed by Article 8 of the Alaska Constitution.

## COUNT III
### (Violation of ANILCA Titles I and IX and the APA)
### Unlawful Extension of Federal Authority to Validly Selected State Lands

12.     Intervenors hereby adopt and incorporate by reference Paragraphs 60-66 of the State of Alaska's Complaint for Declaratory and Injunctive Relief filed in this case.

13.     Because of Defendants' violations of ANILCA and the Administrative Procedures Act, Intervenors have suffered and will continue to suffer loss of their rights to State management of land rightfully belonging to the State of Alaska, as well as their rights to common use of State land as guaranteed by Article 8 of the Alaska Constitution.

## COUNT IV
### (Violation of ANILCA Section 1314 and the APA)
### Improper Assertion of Extraterritorial Jurisdiction

14.     Intervenors hereby adopt and incorporate by reference Paragraphs 67-72 of the State of Alaska's Complaint for Declaratory and Injunctive Relief filed in this case.

15.     Because of Defendants' violations of ANILCA and the Administrative Procedures Act, Intervenors have suffered and will continue to

CORRECTED INTERVENORS' COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

suffer loss of their rights to State management of land rightfully belonging to the State of Alaska, as well as their rights to common use of State land as guaranteed by Article 8 of the Alaska Constitution.

## PRAYER FOR RELIEF

Intervenors respectfully request this Court:

(1) Hold unlawful and set aside Defendants' January 8, 1999 rulemaking, pursuant to the applicable provisions of the APA;

(2) Enter a declaratory judgment that Defendants violated the APA in promulgating the January 9, 1999 regulations;

(3) Enjoin Defendants from applying or otherwise relying upon the January 9, 1999 rulemaking;

(4) Award Intervenors their reasonable fees, costs and expenses associated with this litigation;

(5) Grant Intervenors such further relief as the Court deems just.


Dated 23 March, 2006.


                                                   s/ Will Sherman
                                                   Attorney for Intervenor-Plaintiffs
                                                   645 G St., Suite 100 #856
                                                   Anchorage, AK 99501
                                                   Tel: (907) 277-1966
                                                   Fax (866) 398-3561
                                                   e-mail: wfs@lexalaska.com
                                                   ABA #0205014

**CORRECTED INTERVENORS'
FOR DECLARATORY AND INJUNCTIVE RELIEF**

**CERTIFICATE OF SERVICE**

I certify that on 23 March, 2006, a copy of the foregoing document was served by U.S. Registered Mail, return-receipt requested, upon the following:

Civil Process Clerk
Office of U.S. Attorney
Federal Building and U.S. Courthouse
222 West 7th Ave, Rm 253, #9
Anchorage, Alaska 99513

Gale Norton, Secretary of Interior
Department of the Interior
1849 C Street, N.W.
Washington DC 20240

Mike Johans, Secretary of the U.S. Department of Agriculture
1400 Independence Avenue, SW
Washington, DC 20250

Alberto R. Gonzales, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001


s/ Will Sherman
Certification Signature

**CORRECTED INTERVENORS' COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**