DEAN K. DUNSMORE
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATIE JOHN, GERALD NICOLIA, et al. | |
| Plaintiffs, | Case No. 3:05-cv-0006-HRH (CONSOLIDATED WITH) |
| v. | Case No. 3:05-cv-0158-HRH |
| THE UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

DEFENDANTS' ANSWER TO INTERVENORS" CORRECTED COMPLAINT

In response to the Corrected Intervenors' Complaint for Declaratory and Injunctive Relief (Docket Entry No. 55) filed on March 23, 2006, and hereinafter referred to as "Complaint," defendants United States of America; P. Lynn Scarlett, Acting Secretary of the Interior substituted pursuant to Fed. R. Civ. P. 25(d) for Gale Norton; and Mike Johanns, allege and state:

1. In response to the allegations of paragraph 1 of the Complaint, defendants incorporate by reference paragraphs 1

through and including 6 of the Answer filed on March 15, 2005, in *State of Alaska v. Gale Norton et al.*, No. 05CBV00012 (RMC)(D.D.C.), which case was subsequently transferred to this court and docketed as *State of Alaska v. Gale Norton et al.*, No. A05-00158-CV(HRH).

2. The allegations of paragraph 2 of the Complaint are conclusions of law and are not factual allegations to which a response is required.

3. In response to the allegations of paragraph 3 of the Complaint, defendants incorporate by reference paragraphs 7 through and including 9 of the Answer filed on March 15, 2005, in *State of Alaska v. Gale Norton et al.*, No. 05CBV00012 (RMC)(D.D.C.), which case was subsequently transferred to this court and docketed as *State of Alaska v. Gale Norton et al.*, No. A05-00158-CV(HRH), with the following exception. Gale Norton is no longer the Secretary of the Interior. P. Lynn Scarlett, Acting Secretary of the Interior, is substituted pursuant to Fed. R. Civ. P. 25(d) for Gale Norton.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of the Complaint.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the Complaint.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the Complaint.

7. In response to the allegations of paragraph 7 of the Complaint, defendants incorporate by reference paragraphs 10 through and including 45 of the Answer filed on March 15, 2005, in *State of Alaska v. Gale Norton et al.*, No. 05CBV00012 (RMC)(D.D.C.), which case was subsequently transferred to this court and docketed as *State of Alaska v. Gale Norton et al.*, No. A05-00158-CV(HRH). In addition, with respect to the incorporated allegation by intervenors that the regulations issued by defendants assert jurisdiction over the Holitna River and Tuxedni Bay, those allegations are specifically denied, 79 Federal Register 13377, 13379 (March 21, 2005), and the allegations regarding the assertion of jurisdiction over marine waters outside of the boundaries of conservation system units and national forests are moot by reason of the final rule published on December 27, 2005, 70 Federal Register 76400.

8. In response to the allegations of paragraph 8 of the Complaint, defendants incorporate by reference paragraphs 48 through and including 50 of the Answer filed on March 15, 2005, in *State of Alaska v. Gale Norton et al.*, No. 05CBV00012 (RMC)(D.D.C.), which case was subsequently transferred to this court and docketed as *State of Alaska v. Gale Norton et al.*, No.

A05-00158-CV(HRH).

9. The allegations of paragraph 9 of the Complaint are denied.

10. In response to the allegations of paragraph 10 of the Complaint, defendants incorporate by reference paragraphs 48 through and including 50 of the Answer filed on March 15, 2005, in *State of Alaska v. Gale Norton et al.*, No. 05CBV00012 (RMC)(D.D.C.), which case was subsequently transferred to this court and docketed as *State of Alaska v. Gale Norton et al.*, No. A05-00158-CV(HRH).

11. The allegations of paragraph 11 of the Complaint are denied.

12. In response to the allegations of paragraph 12 of the Complaint, defendants incorporate by reference paragraphs 60 through and including 66 of the Answer filed on March 15, 2005, in *State of Alaska v. Gale Norton et al.*, No. 05CBV00012 (RMC)(D.D.C.), which case was subsequently transferred to this court and docketed as *State of Alaska v. Gale Norton et al.*, No. A05-00158-CV(HRH).

13. The allegations of paragraph 13 of the Complaint are denied.

14. The allegations of paragraph 14 are contained within Count IV of intervenors' Complaint. That Count has now been dismissed. Order (Docket Entry No. 59) filed April 12, 2006.

Therefore, no response is required to paragraph 14.

15. The allegations of paragraph 15 are contained within Count IV of intervenors' Complaint. That Count has now been dismissed. Order (Docket Entry No. 59) filed April 12, 2006. Therefore, no response is required to paragraph 15.

## AFFIRMATIVE DEFENSES

1. The claims presented in the Complaint are barred by statute of limitations.

2. Plaintiff-intervenors lack standing to bring the claims alleged in the Complaint.

3. The Complaint fails to allege injuries sufficient to provide standing to present the claims alleged in the Complaint.

4. The Complaint fails to state a claim upon which relief can be granted.

5. Some or all of the claims stated in the Complaint are moot.

6. To the extent plaintiff-intervenors raise issues or claims in this action which were not previously presented to the agency, those issues or claims are barred by reason of the failure to exhaust administrative remedies.

7. To the extent plaintiff-intervenors present to the Court any issue or contention which is now contrary to any position taken by plaintiffs in the administrative proceedings, plaintiff-intervenors have waived the right to present of any such issue,

contention or claim.

8. Plaintiff-intervenors have failed to exhaust administrative remedies.

9. Some or all of plaintiff-intervenors's claims are barred by laches.

10. Plaintiff-intervenors are estopped from contending that defendants must first establish and quantify its reserved water rights before determining the waters that are public lands for purposes of the ANILCA Title VIII subsistence use priority.

9. Plaintiff-intervenors should be deemed to have waived their contention that defendants must first establish and quantify its reserved water rights before determining the waters that are public lands for purposes of the ANILCA Title VIII subsistence use priority.

10. Plaintiff-intervenors are barred by the doctrines of res judicata and collateral estoppel from relitigating some or all of the claims presented in the Complaint.

Dated this 24th day of April 2006.

> /s/ Dean K. Dunsmore
> DEAN K. DUNSMORE
> Department of Justice
> Environment & Natural Resources
>  Division
> 801 B Street, Suite 504
> Anchorage, Alaska  99501-3657
> Telephone: (907) 271-5452
> Facsimile: (907) 271-5827
> Email: dean.dunsmore@usdoj.gov
> Attorney for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of April 2006 a copy of the foregoing DEFENDANTS' ANSWER TO INTERVENORS' CORRECTED COMPLAINT was served electronically to:

Heather R. Kendall-Miller
Robert T. Anderson
William F. Sherman
Randolph H. Barnhouse
Steven A. Daugherty
Joanne Grace
Carol H. Daniel

and by United States mail, first class, postage paid, to the following:

William P. Horn
Gregory L. Fisher


/s/ Dean K. Dunsmore