Heather R. Kendall-Miller (AK Bar # 9211084)
NATIVE AMERICAN RIGHTS FUND
420 L Street, Suite 505
Anchorage, Alaska 99501
Tel:  (907) 276-0680
Fax: (907) 276-2466
Email: kendall@narf.org
Attorney for Katie John, *et.al*.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATIE JOHN, GERALD NICOLIA, *et.al*. | ) |
| | ) |
| Plaintiffs, | )  No. A05-0006-CV (HRH) |
| | )       (Consolidated with |
| vs. | )  No. A05-0158-CV (HRH)) |
| | ) |
| UNITED STATES OF AMERICA, GALE NORTON, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| STATE OF ALASKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| ALASKA FISH & WILDLIFE FEDERATION, *et al.* | ) |
| | ) |
| Plaintiff-Intervenors, | ) |
| | ) |
| vs. | ) |
| | ) |
| GALE NORTON, Secretary of the Interior, *et al.*, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| KATIE JOHN, GERALD NICOLIA, *et.al*., and ALASKA FEDERATION OF NATIVES, | ) |
| | ) |
| Defendant-Intervenors. | ) |

1

Answer

### DEFENDANT-INTERVENORS' ANSWER TO PLAINTIFF-INTERVENORS' CORRECTED COMPLAINT

In response to the Corrected Intervenors' Complaint for Declaratory and Injunctive Relief (Docket Entry No. 55) filed on March 23, 2006, and hereinafter referred to as "Complaint," Defendant-Intervenors, Katie John, Gerald Nicholia, Native Village of Tanana, and Alaska Inter-Tribal Council allege and state:

1. In response to the allegations of paragraph 1 of the Complaint, Defendant-Intervenors incorporate by reference paragraphs 1 through and including 6 of the Answer (Docket Entry No. 30) filed on July 6, 2005 in *State of Alaska v. Gale Norton et al.*, No. A05-00158-CV(HRH).

2. The allegations of paragraph 2 of the Complaint are conclusions of law and are not factual allegations to which a response is required.

3. In response to the allegations of paragraph 3 of the Complaint, Defendant-Intervenors incorporate by reference paragraphs 7 through and including 9 of the Answer filed on July 6, 2005, in *State of Alaska v. Gale Norton et al.*, No. A05-00158-CV(HRH), with the following exception. Gale Norton is no longer the Secretary of the Interior. P. Lynn Scarlett, Acting Secretary of the Interior, is substituted pursuant to Fed. R. Civ. P. 25(d) for Gale Norton.

4. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of the Complaint.

5. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the Complaint.

6. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the Complaint.

7.	In response to the allegations of paragraph 7 of the Complaint, Defendant-Intervenors incorporate by reference paragraphs 10 through and including 45 of the Answer filed on July 6, 2005, in *State of Alaska v. Gale Norton et al.*, No. A05-00158-CV(HRH).  In addition, the allegations regarding the assertion of jurisdiction over marine waters outside of the boundaries of conservation system units and national forests are moot by reason of the final rule published on December 27, 2005, 70 Federal Register 76400.

8.	In response to the allegations of paragraph 8 of the Complaint, Defendant-Intervenors incorporate by reference paragraphs 48 through and including 50 of the Answer filed on July 6, 2005, in *State of Alaska v. Gale Norton et al.*, No. A05-00158-CV(HRH).

9.	The allegations of paragraph 9 of the Complaint are denied.

10.	In response to the allegations of paragraph 10 of the Complaint, Defendant-Intervenors incorporate by reference paragraphs 48 through and including 50 of the Answer filed on July 6, 2005, in *State of Alaska v. Gale Norton et al.*, No. A05-00158-CV(HRH).

11.	The allegations of paragraph 11 of the Complaint are denied.

12.	In response to the allegations of paragraph 12 of the Complaint, Intervnenor-defendants incorporate by reference paragraphs 60 through and including 66 of the Answer filed on July 6, 2005, in *State of Alaska v. Gale Norton et al.*, No. A05-00158-CV(HRH).

13.	The allegations of paragraph 13 of the Complaint are denied.

14.	The allegations of paragraph 14 are contained within Count IV of Plaintiff-Intervenors' Complaint.  That Count has now been dismissed. Order (Docket Entry No. 59) filed April 12, 2006.  Therefore, no response is required to paragraph 14.

15. The allegations of paragraph 15 are contained within Count IV of Plaintiff-Intervenors' Complaint. That Count has now been dismissed. Order (Docket Entry No. 59) filed April 12, 2006. Therefore, no response is required to paragraph 15.

## AFFIRMATIVE DEFENSES

1. The claims presented in the Complaint are barred by statute of limitations.

2. Plaintiff-Intervenors lack standing to bring the claims alleged in the Complaint.

3. The Complaint fails to allege injuries sufficient to provide standing to present the claims alleged in the Complaint.

4. The Complaint fails to state a claim upon which relief can be granted.

5. Some or all of the claims stated in the Complaint are moot.

6. To the extent Plaintiff-Intervenors raise issues or claims in this action which were not previously presented to the agency, those issues or claims are barred by reason of the failure to exhaust administrative remedies.

7. To the extent Plaintiff-Intervenors present to the Court any issue or contention which is now contrary to any position taken by plaintiffs in the administrative proceedings, Plaintiff-Intervenors have waived the right to present of any such issue, contention or claim.

8. Plaintiff-Intervenors have failed to exhaust administrative remedies.

9. Some or all of Plaintiff-Intervenors' claims are barred by laches.

10. Plaintiff-Intervenors are estopped from contending that defendants must first establish and quantify its reserved water rights before determining the waters that are public lands for purposes of the ANILCA Title VIII subsistence use priority.

11.     Plaintiff-Intervenors should be deemed to have waived their contention that defendants must first establish and quantify its reserved water rights before determining the waters that are public lands for purposes of the ANILCA Title VIII subsistence use priority.

12.     Plaintiff-Intervenors are barred by the doctrines of res judicata and collateral estoppel from relitigating some or all of the claims presented in the Complaint.

Dated this 26th day of April 2006.

/s/ Heather R. Kendall Miller
Heather R. Kendall-Miller
AK Bar No. 9211084
Natalie Landreth
AK. Bar No. 0405020
NATIVE AMERICAN RIGHTS FUND
420 K Street, Suite 500
Anchorage, Alaska 99501
(907) 276-0680

Attorney for Katie John, *et.al*.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 26th day of April 2006 a copy of the foregoing DEFENDANT-INTERVENORS' ANSWER TO PLAINTIFF-INTERVENORS' CORRECTED COMPLAINT was served electronically to:

Dean Dunsmore
Robert T. Anderson
William F. Sherman
Randolph H. Barnhouse
Steven A. Daugherty
Joanne Grace
Carol H. Daniel

and by United States mail, first class, postage paid, to the following:

William P. Horn
Gregory L. Fisher