RECEIVED
MAR 31 1994
Office of
United States Attorney
Anchorage, Alaska

FILED
MAR 30 1994
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KATIE JOHN, et al., )
                   Plaintiffs, )
vs. )
UNITED STATES OF AMERICA, et al., )
                   Defendants. )

No. A90-0484-CV (HRH)
Consolidated with
No. A92-0264-CV (HRH)

STATE OF ALASKA, )
                   Plaintiff, )
vs. )
BRUCE BABBITT, Secretary of the Interior, et al., )
                   Defendants. )

DECISION

## Introduction

The above consolidated cases are part of a group of cases under joint management,[1] all of which raise important issues concerning the interpretation and application of Title VIII of the

---

[1] The jointly managed cases, in addition to those captioned above, are <u>Kluti Kaah Native Village of Copper Center v. State of Alaska</u>, No. A90-0004-CV, <u>Fish & Game Fund v. State of Alaska Bd. of Fisheries</u>, No. A92-0443-CV, <u>Peratrovich v. United States</u>, No. A92-0734-CV, <u>Native Village of Stevens v. McVee</u>, No. A92-0567-CV, and <u>Native Village of Quinhagak v. United States</u>, No. A93-0023-CV.

reserved water rights doctrine reserves only that amount of water necessary to fulfill the purposes of the reservation, no more. Cappaert v. United States, 426 U.S. 128, 138 (1976).

The parties do not dispute that the federal government reserved certain water appurtenant to the Wrangell-Saint Elias National Park when it was established by ANILCA in 1980. Congress clearly stated the purposes for which this park was created:

> To maintain unimpaired the scenic beauty and quality of high mountain peaks, foothills, glacial systems, lakes, and streams, valleys, and coastal landscapes in their natural state; to protect habitat for, and populations of, fish and wildlife including but not limited to caribou, brown/grizzly bears, Dall sheep, moose, wolves, trumpeter swans and other waterfowl, and marine mammals; and to provide continued opportunities, including reasonable access for mountain climbing, mountaineering, and other wilderness recreational activities. <u>Subsistence uses by local residents shall be permitted in the park, where such uses are traditional, in accordance with [the provisions of Title VIII]</u>.

Section 201(9), 16 U.S.C. § 410hh(9) (emphasis added). Applying the Cappaert analysis, it is clear that an unquantified amount of water appurtenant to the park was reserved for the purpose of providing rural Alaskans with the opportunity to pursue their subsistence rights under Title VIII.

The court declines to use the reserved water rights doctrine as a means of determining the geographic scope of the Title VIII. Although the court does not reject the notion that the reserved water rights doctrine could have some application in this case, or that it could be of primary importance in a subsistence

DECISION

Exhibit 7 Page 2 of 4   Excerpt of Record Page 32   Page 32

"interests" in "waters" and "title" was too narrow. The court does not reach this conclusion solely upon the basis of the foregoing authority. The court has given equal consideration to whether the position taken by the Secretary does or does not advance the congressional purpose and policy of ANILCA, which are found in ANILCA Sections 101(c) and 802(1).[63]

By limiting the scope of Title VIII to non-navigable waterways, the Secretary has, to a large degree, thwarted Congress'

---

[63] ANILCA Section 101(c), 16 U.S.C. § 3101(c), provides:

> It is further the intent and purpose of this Act consistent with management of fish and wildlife in accordance with recognized scientific principles and the purposes for which each conservation system unit is established, designated, or expanded by or pursuant to this Act, to provide the opportunity for rural residents engaged in a subsistence way of life to continue to do so.

ANILCA Section 802(1), 16 U.S.C. § 3112(1), provides:

> It is hereby declared to be the policy of Congress that--
>
> (1) consistent with sound management principles, and the conservation of healthy populations of fish and wildlife, the utilization of the public lands in Alaska is to cause the least adverse impact possible on rural residents who depend upon subsistence uses of the resources of such lands; consistent with management of fish and wildlife in accordance with recognized scientific principles and the purposes of each unit established, designated, or expanded by or pursuant to titles II through VII of this Act, the purpose of this subchapter is to provide the opportunity for rural residents engaged in a subsistence way of life to do so[.]

Section 802 (§ 3112) is quoted in full at pages 4 to 5 hereof.

intent to provide the opportunity for rural residents engaged in a subsistence way of life to continue to do so. Much subsistence fishing and much of the best fishing is in the large navigable waterways where one has access to the most fish as opposed to the smaller tributaries or lakes where, for example, salmon go to spawn. The Tanada Creek subsistence fishery is at Batzulnetas, at the confluence of the Copper River and Tanada Creek, not far upstream in some non-navigable tributary. Fish, salmon in particular, mature on the high seas. They spawn in the shallows of far upland creeks and lakes which are reached only after passing the gauntlet of commercial fisheries in the territorial seas (especially in Prince William Sound insofar as the Copper River is concerned) and sport and Alaska's wide open subsistence fishing on the entire Copper River. The food quality of salmon is substantially degraded by the time these fish reach the spawning grounds. By the regulations which excluded navigable waters from the jurisdiction of the Federal Subsistence Board, the Secretary abandoned to the non-consistent[64] state subsistence program the largest and most productive waters used by rural Alaskans who have a subsistence lifestyle.

As additional grounds for its ruling, the court notes that Congress specifically invoked its constitutional authority under the commerce clause "to protect and provide the opportunity for continued subsistence uses" when it enacted Title VIII.[65] Thus, even

---

[64] See ANILCA Section 805(d), 16 U.S.C. § 3115(d).

[65] ANILCA Section 801(4), 16 U.S.C. § 3111(4).