RANDOLPH H. BARNHOUSE
Luebben Johnson & Barnhouse LLP
211 12th Street NW
Albuquerque, New Mexico 87102
(505) 842-6123
(505) 842-6124 (fax)
Email: dbarnhouse@luebbenlaw.com

Attorneys for Related Case Plaintiffs
  Peratrovich, *et al.*

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| KATIE JOHN, GERALD NICOLIA, *et al.*,  )<br>                                          )<br>        Plaintiffs,                      )<br>                                          )<br>    vs.                                   )<br>                                          )<br>                                          )<br>UNITED STATES OF AMERICA, *et al.*,   )<br>                                          )<br>        Defendants.                       )<br>_____ ) | No.  3:05-cv-00006 (HRH)<br>        (Consolidated)<br><br>SUPPLEMENTAL BRIEF OF<br>RELATED CASE PLAINTIFFS<br>PERATROVICH, *et al.,* ON THE<br>"WHAT PROCESS" ISSUE |

# TABLE OF CONTENTS

PAGE

Table of Contents ............................................................................................................. i

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 1

    I.   The Peratrovich Plaintiffs Do Not Dispute the Adequacy of the Process Used in Promulgating the Regulations ................................................................ 1

    II.  Adequately Conducting the Regulatory Process Does Not Shield the Secretaries From Defending Their Failure to Comply With Statutory Requirements ..................................................................................................... 2

    III. Alaska's Argument that Federal Reserved Water Rights Cannot Exist in Marine Waters is Premature ........................................................................... 3

    IV. Federal Reserved Water Rights Can and Do Exist in Marine Waters ................... 4

    V.  Third Parties Can Assert Rights Based on Federal Reserved Water Rights ....................................................................................................... 5

    VI. The Peratrovich Plaintiffs Adopt the U.S. Argument Regarding Alaska's Contentions in Section IV of Its Brief ................................................................ 6

CONCLUSION ................................................................................................................ 7

*KATIE JOHN, ET AL. V. UNITED STATES, ET AL.*
CASE NO.: 3:05-CV-00006-HRH (CONSOLIDATED)
SUPPLEMENTAL BRIEF OF RELATED CASE PLAINTIFFS PERATROVICH, ET AL., ON THE "WHAT PROCESS" ISSUE

i

## INTRODUCTION

After spending the bulk of its 46 page brief extolling the virtues of a case by case determination regarding the existence *vel non* of federal reserved water rights in any specific area, the State of Alaska then completely reverses field and asks this Court to adopt a per se rule that such rights can never exist in marine waters, period. The Court's April 26, 2006 order reserves briefing on this issue until the next phase addressing the "which waters" question. However, after raising the issue in its "what process" brief, Alaska was unable to cite any authority for this novel, expansive and incorrect proposition because none exists. The multiple ways in which the existence of federal reserved water rights may be addressed, as outlined by the State and the United States in their respective briefs, apply to all waters associated with federal reservations of land regardless of saline content.

The Peratrovich Plaintiffs join the federal defendants' response as to "the State's overarching claim – that the Secretaries were without authority to issue the 1999 Rule." Federal defendants' brief at 12. The Peratrovich Plaintiffs note, however, that in exercising that authority, the Secretaries must follow the statutory requirements pursuant to which they are acting, which they failed to do when refusing to adopt a regulatory mechanism to provide subsistence fishing priorities in the marine waters of the Tongass National Forest.

## ARGUMENT

I.  **The Peratrovich Plaintiffs Do Not Dispute the Adequacy of the Process Used in Promulgating the Regulations.**

The Peratrovich Plaintiffs do not dispute, and in fact agree, that the Secretaries have the authority to promulgate regulations under ANILCA. Moreover, the Peratrovich Plaintiffs do not contend that the process used by the Secretaries was flawed. It is the result of that process with which they take issue, specifically the Secretaries' determination at the conclusion of that process not to exercise their regulatory authority

KATIE JOHN, ET AL. V. UNITED STATES, ET AL.
CASE NO.: 3:05-CV-00006-HRH (CONSOLIDATED)
SUPPLEMENTAL BRIEF OF RELATED CASE PLAINTIFFS PERATROVICH, ET AL., ON THE "WHAT PROCESS" ISSUE

1

under ANILCA over any marine waters in the Tongass National Forest. Those determinations failed to comport with ANILCA's statutory mandate because the Secretaries failed to provide subsistence fishing priorities in waters in which the United States has federal reserved water rights in the Tongass National Forest, in waters above submerged lands owned by the United States within the exterior boundaries of the Tongass National Forest, and within the boundaries of all national forests, including the Tongass National Forest.

## II. Adequately Conducting the Regulatory Process Does Not Shield the Secretaries From Defending Their Failure to Comply With Statutory Requirements.

The Peratrovich Plaintiffs agree with the Secretaries' contention that they had "initial" authority to identify, through rule making, the waters in which the United States claims a federal reserved water right. However, the Secretaries' broad claim that their regulatory determination is not subject to challenge if not raised in the regulatory process is wrong to the extent they seek to avoid challenges to the regulations based on the Secretaries' failure to comply with statutory requirements. No amount of regulatory process, no matter how well carried out, can imbue the Secretaries with power not provided under statute, nor shield them from defending their failure to provide statutorily required rights and entitlements. *Succar v. Ashcroft*, 394 F.2d 8, 35-36 (1st Cir. 2005)("When an agency action is contrary to the scope of a statutory delegation of authority . . . that action must be invalidated by reviewing courts"), c*f. Wind River Mining Corp. v. United States*, 946 F.2d 710, 715 (9th Cir. 1991)(addressing challenges to the substance of an agency decision as exceeding constitutional or statutory authority).

The Secretaries' initial identification of the geographic scope of their regulatory authority is but one step in the process.[1] Now that final agency action has occurred in that regard, and it is clear the Secretaries have elected to engage in action short of

---

[1] The regulations themselves acknowledge that, "the public lands waters determinations remain subject to change." 70 Federal Register 96400-08 at 76408, section __ n.3(e); *see also* 64 Federal Register at 1287, 50 CFR § 100.3(c), Secretaries' brief at 6 and 8.

KATIE JOHN, ET AL. V. UNITED STATES, ET AL.
CASE NO.: 3:05-CV-00006-HRH (CONSOLIDATED)
SUPPLEMENTAL BRIEF OF RELATED CASE PLAINTIFFS PERATROVICH, ET AL., ON THE "WHAT PROCESS" ISSUE

2

providing statutorily required priority fishing rights in the Tongass National Forest, that failure is subject to judicial review and judicial mandate compelling the action which was unlawfully withheld. 5 U.S.C. § 706(1) and (2)(C). The Secretaries' extensive procedural process resulted, once again, in their continued failure to exercise jurisdiction over marine waters in the Tongass National Forest. As noted by this Court in its May 31, 2006 order in *Peratrovich v. United States*, that failure continues to be subject to challenge by the Peratrovich Plaintiffs.

Finally, the Secretaries themselves recognize that the regulatory process as conducted was not perfect, and that determinations made as to specific listed areas are subject to change. See footnote 1, see also Secretaries' brief at 6 citing 64 Federal Register at 1287, 50 C.F.R. §100.3(c).[2] Although the Peratrovich Plaintiffs do not challenge the adequacy of the regulatory process, they continue to challenge the results reached by the Secretaries at the conclusion of that process.

    **III.    Alaska's Argument that Federal Reserved Water Rights Cannot Exist in Marine Waters is Premature.**

As correctly noted by the Secretaries in their brief (at 30 n. 17), and as correctly argued by the Intervenors in their brief, issues regarding the Secretaries' regulatory determinations as to specific waters are, pursuant to this Court's order of April 26, 2006, to be addressed in the second "which waters" briefing phase. However, to avoid any claim that the Peratrovich Plaintiffs have somehow conceded the issues raised in Alaska's brief, an initial response to the State's specific arguments regarding federal reserved water rights in marine waters is presented below.

---

[2] As recognized by the Secretaries in their brief (at 9 and 25), and the State of Alaska in its brief (at 9 and at 11 footnote 7), a federal reserved water right is a property right. As such, it fully vests with the action that creates or expands the purpose of the reservation – no other administrative or judicial action is required. Because federal reserved water rights are property rights, they cannot be transferred or abandoned by the federal defendants in this action or otherwise without congressional approval. Indeed, a long line of Supreme Court decisions has established that the federal government cannot lose federal real property by reason of the delay of federal officials in asserting the government's superior title, because only Congress has the constitutional power to dispose of federal real property. *See, e.g. United States v. California*, 332 U.S. 19 (1947); *United States v. Insley*, 130 U.S. 263 (1889).

KATIE JOHN, ET AL. V. UNITED STATES, ET AL.
CASE NO.: 3:05-CV-00006-HRH (CONSOLIDATED)
SUPPLEMENTAL BRIEF OF RELATED CASE PLAINTIFFS PERATROVICH, ET AL., ON THE "WHAT PROCESS" ISSUE

3

### IV. Federal Reserved Water Rights Can and Do Exist in Marine Waters.

Courts have consistently held that a federal reserved water right exists where water is necessary to fulfill an essential purpose of a federal reservation of land. No court has ever adopted a per se exclusion of certain types of water from application of the federal reserved water rights doctrine. Quite to the contrary, when dealing with fishing rights, courts have specifically held that it is the environment necessary for fish to survive that must be protected and it is that environment that establishes the reserved water right.[3] As noted by the court in *United States v. Washington*, 506 F.Supp. 187, 205 (W.D. Wash. 1980):

> It is equally beyond doubt that the existence of an environmentally-acceptable habitat is essential to the survival of the fish, without which the expressly-reserved right to take fish would be meaningless and valueless. Thus, it is necessary to recognize an implied environmental right in order to fulfill the purposes of the fishing clause.

Similarly, in *United States v. Anderson*, 6 I.L.R. F-129 (E.D. Wash. 1979), the court held that the reserved water right was that amount "needed to carry out the reserved fishing purposes [which] is related to water temperature rather than simply to minimum flow. The native trout cannot survive at a water temperature in excess of 68° F."

In the cases before this Court, it is the environment necessary to sustain the fish, not whether that environment is saline or fresh, that is the determinate issue. *See Colville Confederated Tribes v. Walton*, 647 F.2d 42, 48 (9th Cir. 1981)("The right to water to establish and maintain the Omak Lake Fishery includes the right to sufficient water to permit natural spawning of the trout."). Contrary to the State's argument (State's brief at 23), simply because there is a lot of marine water does not convert it

---

[3] Courts have uniformly recognized the existence of federal reserved water rights necessary to preserve fishing rights: *United States v. Adair*, 723 F.2d 1394 (9th Cir. 1983)(upholding district court's finding that at the time the Klamath Reservation was established, the government reserved a quantity of water necessary for maintaining treaty right to hunt and fish); *United States v. Anderson*, 6 I.L.R. F-129 (E.D. Wash. 1979)(holding reserved water rights existed sufficient to preserve fishing on the Spokane Indian Reservation); *United States v. Washington*, 506 F. Supp. 187, 205 (W.D. Wash. 1980)("Indeed, courts have already recognized implied water rights for the specific purpose of preserving fish." (citations omitted)).

*KATIE JOHN, ET AL. V. UNITED STATES, ET AL.*
CASE NO.: 3:05-CV-00006-HRH (CONSOLIDATED)
SUPPLEMENTAL BRIEF OF RELATED CASE PLAINTIFFS PERATROVICH, ET AL., ON THE "WHAT PROCESS" ISSUE

4

into a worthless resource or undercut the analysis necessary to determine whether it is necessary to fulfill an essential purpose of a federal reservation of land.

Moreover, the State's claim that because marine waters cannot be used for irrigation or other consumptive purposes there can be no federal reservation of rights in those waters is simply contrary to law. *E.g.* State's brief at 35. For example, in *United States v. Adair*, 723 F.2d 1394, 1410 (9th Cir. 1983) the Ninth Circuit Court of Appeals specifically held that "the right to water reserved to further the Tribe's hunting and fishing purposes is unusual in that it is basically non-consumptive." The court noted that although the holder of such right "is not entitled to withdraw water from the stream for agricultural, industrial, or other consumptive uses" the holder of such right could prevent the depletion of water "in any area where the non-consumptive right applies." *Id.* at 1411.

Finally, and again contrary to the State's assertions in its brief, the prior appropriation doctrine is irrelevant to a determination of federal reserved water rights necessary to protect fish (State's brief at 22). That claim was also decided contrary to the State's position in *United States v. Adair*, 723 F.2d 1394 (9th Cir. 1983). In *Adair*, the Ninth Circuit confirmed that "[t]he fact that water rights of the type reserved for the Klamath Tribe are not generally recognized under state prior appropriations law is not controlling as federal law provides an unequivocal source of such rights." *Id.* at 1411 n. 19.

### V.    Third Parties Can Assert Rights Based on Federal Reserved Water Rights.

The State, in passing, makes the erroneous claim that only federal agencies have the ability to claim federal reserved water rights. State's brief at 18. First, as both the State and the Secretaries have recognized, federal reserved water rights are property rights. As such, they exist independent of any claim or action by federal agencies. See footnote 2. Therefore, the existence of those rights is subject to judicial determination particularly where, as here, an agency's failure to take discrete agency

*KATIE JOHN, ET AL. V. UNITED STATES, ET AL.*
CASE NO.: 3:05-CV-00006-HRH (CONSOLIDATED)
SUPPLEMENTAL BRIEF OF RELATED CASE PLAINTIFFS PERATROVICH, ET AL., ON THE "WHAT PROCESS" ISSUE

5

action based on those rights results in denial of a statutory right. *Center for Biological Diversity v. Veneman*, 394 F.3d 1108, 1114 (9th Cir. 2003)(reversing district court's denial of motion for leave to amend, noting that "the Forest Service's failure to consider a specific river when granting a license to permit livestock grazing within the watershed of that specific river may constitute a failure to take discrete agency action that the Service is required to take").

The cases cited by the State are not to the contrary. For example, in *Sierra Club v. Yuetter*, 911 F.2d 1405, 1418 (10th Cir. 1995), the Tenth Circuit Court of Appeals specifically stated that if the Forest Service failed to assert a federal reserved water right and, "such failure to assert the reserved water right is irreconcilable with the Forest Service's duty to protect wilderness characteristics, then the Sierra Club may either intervene in the state water proceeding as appropriate under state law or may seek judicial review of the Forest Service's failure to act in federal court." *Id*. at 1418.

Notwithstanding the Secretaries' failure to assert the federal reserved water rights in the marine waters of the Tongass National Forest, the existence of those rights is an issue properly before this Court and one that will require full briefing in the "which waters" briefing process. As noted by the federal defendants (at page 13 of their brief) "There is no dispute that the 1999 final rule was not an adjudication. It was a rule making . . . not an adjudicative proceeding . . . ." As such, the process only determined the extent of the right being asserted at this time by the Secretaries. It did not, and could not, abandon or otherwise transfer any federal property rights, including federal reserved water rights not asserted by the Secretaries following the rule making process. And it did not, and could not, remove that ultimate issue from review by this Court.

### VI.  The Peratrovich Plaintiffs Adopt the U.S. Argument Regarding Alaska's Contentions in Section IV of Its Brief.

The State of Alaska, in Section IV of its brief, argues that marine and tidally influenced waters overlying state owned submerged lands and other state-selected lands are not subject to regulation by the Secretaries under ANILCA. The Peratrovich

*KATIE JOHN, ET AL. V. UNITED STATES, ET AL.*
CASE NO.: 3:05-CV-00006-HRH (CONSOLIDATED)
SUPPLEMENTAL BRIEF OF RELATED CASE PLAINTIFFS PERATROVICH, ET AL., ON THE "WHAT PROCESS" ISSUE

6

Plaintiffs disagree, and adopt in that regard the opposition to the State's position articulated by the Secretaries. The Secretaries' arguments apply with equal force to such lands in marine waters.

## CONCLUSION

The Peratrovich Plaintiffs request that the State of Alaska's contentions regarding federal reserved water rights in marine waters be rejected or deferred until briefing has taken place on the "which waters" issue, and further request the Court to hold that the administrative process used by the Secretaries in adopting the regulations at issue was properly conducted.

DATED:   October 23, 2006            Respectfully submitted,

RANDOLPH H. BARNHOUSE, Esq.

/s/ Randolph H. Barnhouse
Luebben Johnson & Barnhouse LLP
211 12th Street NW
Albuquerque, New Mexico  87102
Phone:  (505) 842-6123
Fax:  (505) 842-6124
E-mail:  dbarnhouse@luebbenlaw.com

Attorneys for Related Case Plaintiffs
 Peratrovich, *et al.*

*KATIE JOHN, ET AL. V. UNITED STATES, ET AL.*
CASE NO.:  3:05-CV-00006-HRH (CONSOLIDATED)
SUPPLEMENTAL BRIEF OF RELATED CASE PLAINTIFFS PERATROVICH, ET AL., ON THE "WHAT PROCESS" ISSUE

7

CERTIFICATE OF SERVICE

    I certify that on October 23, 2006, a copy of the foregoing *Supplemental Brief of Related Case Plaintiffs Peratrovich, et al. on the "What Process" Issue* was served electronically on:

    Dean K. Dunsmore
    Joanne Grace
    Steven A. Daugherty
    Heather Kendall Miller
    Gregory L. Fisher
    William P. Horn
    William F. Sherman
    Robert T. Anderson
    Carol H. Daniel


/s/ Randolph H. Barnhouse

KATIE JOHN, ET AL. V. UNITED STATES, ET AL.
CASE NO.: 3:05-CV-00006-HRH (CONSOLIDATED)
SUPPLEMENTAL BRIEF OF RELATED CASE PLAINTIFFS PERATROVICH, ET AL., ON THE "WHAT PROCESS" ISSUE

8