# EXHIBIT B-9 (Part 3)

<u>Quartz Hill</u>

Sec. ~~204~~ (a). Section 703(a)(5) of the Act is hereby amended to read as follows:

"(5) Misty Fjords National Monument Wilderness of approximately ~~two million two hundred and fifty-five thousand acres, as generally~~ depicted on a map entitled "Misty Fjords Wilderness," dated September, 1980."

(b) Section 503(h) of the Act is hereby amended by striking paragraphs (6), (7), and (8) of such subsection (h) and by inserting in lieu thereof the following:

(6)(A) Upon application of the United States Borax and Chemical Corporation or its successors in interest, the Secretary shall permit the use by such applicant of such limited areas within the Misty Fjords National Monument Wilderness as the Secretary determines to be necessary for

ADD 8

activities (not including mineral extraction, milling, or processing) required for the efficient development of those minerals within the Monument which such applicant is lawfully entitled to develop.  Such activities may include (but shall not be limited to) the installation, maintenance, and use of navigation aids, docking facilities, and staging and transfer facilities; and such activities shall be subject to reasonable regulations issued by the Secretary to protect the values of the Monument and Wilderness.

(3) The Secretary shall require the United States Borax and Chemical Corporation (or its successors in interest with regard to mineral claims in the Quartz Hill area of the Misty Fjords National Monument) to carry out such salvage, mitigation, restoration, cleanup, or other activities as the Secretary deems necessary (whether in response to emergencies or for other reasons) in order to minimize the adverse impacts of mineral development and related activities on the values of the Monument and Wilderness.

(7) Designation by Section 703 of this Act of the Misty Fjords National Monument Wilderness shall not be deemed to enlarge, diminish, add, or waive any substantive or procedural requirements otherwise applicable to the use of offshore waters for activities related to the development of mineral deposits within the Monument,

ADD 9

including but n    limited to navigation a    the disposal
of waste materials produced in connection with such
development.

### Yukon Flats National Wildlife Refuge

Sec. 205. Section 302 of the Act is hereby amended by
revising subsection (9)(A) of such section to read as follows:

(9) YUKON FLATS NATIONAL WILDLIFE REFUGE. – (A) The
Yukon Flats National Wildlife Refuge shall consist of
approximately nine million and sixty thousand acres of
public lands as generally depicted on the map entitled
"Yukon Flats National Wildlife Refuge", dated September,
1980.

### Additions to Arctic National Wildlife Refuge

Sec. 206. Section 303 of the Act is hereby amended by revising
subsection (2)(A) of such section to read as follows:

(2) ARCTIC NATIONAL WILDLIFE REFUGE. – (A) The Arctic
National Wildlife Refuge shall consist of the existing
Arctic National Wildlife Range including lands, waters,
interests, and whatever submerged lands, if any, were
retained in Federal ownership at the time of statehood
and an addition of approximately nine million five hundred
thousand acres of public lands, as generally depicted on
a map entitled "Arctic National Wildlife Refuge", dated
September, 1980.

Denali National Park and Preserve

Sec. 5(a). Section 202 of the Act is hereby amended by
revising subsection (3)(a) of such section to read as follows:

(3)(a) Mount McKinley National Park, by the
addition of an area containing approximately three
million four hundred and    ten    thousand acres of
public lands; and approximately four hundred
and eighty thousand acres of additional public lands is
hereby established as Denali National Preserve, both as
generally depicted on map entitled "Denali National Park
and National Preserve" dated   April, 1979,   and the whole
is hereby redesignated as Denali National Park and Preserve.
The park additions and preserve shall be managed for the
following purposes, among others:  To protect and interpret
the entire mountain massif, and additional scenic mountain
peaks and formations, and to protect habitat for, and
populations of fish and wildlife including, but not limited
to, brown/grizzly bears, moose, caribou, Dall sheep, wolves,
swans and other waterfowl; and to provide continued oppor-
tunities, including reasonable access, for mountain climbing,
mountaineering, and other wilderness recreational activities.
That portion of the Alaska Railroad right-of-way within the
park shall be subject to such laws and regulations applicable
to the protection of fish and wildlife and other park values
as the Secretary, with the concurrence of the Secretary of
Transportation, may determine.  Continuation of established
subsistence uses by local residents shall be permitted
in the additions to the park where such uses were established and permitted
on January 1, 1979, in accordance with the provisions in
title VIII.

ADD 11

## State Land Provisions

Sec. 202 (a). Subsection (e) of section 906 of the Act is hereby amended by striking the period at the end of the first sentence of such subsection and by inserting in lieu thereof the following:

> ", other than lands within any conservation system unit, national conservation area, national forest, national forest addition, national forest monument, the National Petroleum Reserve - Alaska, or the corridor reserved for the Trans-Alaska Oil Pipeline."

(b) Subsection (f) of section 906 of the Act is hereby amended by striking out paragraph (2) of such subsection and renumbering paragraph (3) of such subsection as paragraph (2).

(c) Subsection (g) of section 906 of the Act is hereby amended by striking the period at the end of such subsection and by inserting in lieu thereof the following:

> ", to the extent such an application could have been filed under such subsection (e)."

(d) Subsection (d) of section 906 of the Act is hereby amended by revising the last sentence of paragraph (1) of such subsection (d) to read as follows:

> "If any of those townships listed above contain lands within the boundaries of any conservation system unit, national conservation area, or national forest addition, established, designated, or expanded by this Act, then only those lands within such townships which have been previously validly selected by the State of

500

(e) Paragraph (1) of subsection (c) of section 906 of the Act is hereby amended by striking the colon after the word "accordingly" in the second sentence and all that follows in such paragraph (1) and by inserting a period in lieu thereof.

## National Park System and National Wildlife
## Refuge System Wilderness

Sec. 709 (a). Section 701 of the Act is hereby amended by revising subsections (2), (4), (7), and (8) of such section, respectively, to read as follows:

"(2) Gates of the Arctic Wilderness of approximately seven million three hundred and fifty-two thousand acres.

"(4) Katmai Wilderness of approximately three million six hundred and thirty thousand acres.

"(7) Noatak Wilderness of approximately five million eight hundred and eighty thousand acres; and

"(8) Wrangell-St. Elias Wilderness of approximately four million eight hundred thousand acres."

(b) Section 702 of the Act is hereby amended by revising subsections (2), (3), and (8) of such section, respectively, to read as follows:

"(2) Andreafsky Wilderness of approximately one million six hundred thousand acres as generally depicted on a map entitled "Yukon Delta National Wildlife Refuge" dated April, 1980.

"(3) Arctic Wildlife Refuge Wilderness of approximately twelve million two hundred and thirty thousand acres as generally depicted on a map entitled "Arctic National Wildlife Refuge" dated September 1980.

"(8) Koyukuk Wilderness of approximately nine hundred and seventy thousand acres as generally depicted on a map entitled "Koyukuk National Wildlife Refuge", dated January 1979.

(c) Section 702 of the Act is hereby further amended by adding at the end thereof the following new subsections:

"(14) Clarence Rhode Wilderness of approximately one hundred and forty thousand acres as generally depicted on a map entitled "Yukon Delta National Wildlife Refuge", dated April 1979.

ADD 14

368

"(15) Devilpaw Wilderness of approximately fifty thousand acres as generally depicted on a map entitled "Devilpaw Wilderness", dated January 1979."

### Copper River National Wildlife Refuge

Sec. 210. Section 303 of the Act is hereby amended by adding at the end thereof the following new subsection:

(8) COPPER RIVER NATIONAL WILDLIFE REFUGE.--(A) The Copper River National Wildlife Refuge shall consist of approximately one million two hundred thousand acres of public lands as generally depicted on a map entitled "Copper River National Wildlife Refuge", dated April 1979.

(B) The purpose for which the Copper River National Wildlife Refuge is established and shall be managed include, among others --

(i) to conserve fish and wildlife populations in their natural diversity including but not limited to, trumpeter swans, dusky Canada geese, and other migratory waterfowl nesting in the combined deltas of the Copper and Bering Rivers; to protect the single most significant staging area, mostly estuarine, for large numbers of shorebirds and waterfowl whose nesting and wintering habitats are already under protection; to maintain supporting habitat for commercially significant salmon,

ADD 15

shellfish, and other sport fish species; to maintain
range for brown bears, moose, goats, and furbearers, as
well as marine mammals; to protect the sea cliffs at
Cape St. Elias as a unique geological and historical
feature;

(ii) to fulfil the international treaty obligations
of the United States with respect to fish and wildlife
and their habitats;

(iii) to provide, in a manner consistent with
the purposes set forth in subparagraphs (i) and (ii),
the opportunity for continued subsistence uses by
local residents'

(iv) to ensure, to the maximum extent practicable
and in a manner consistent with the purposes set forth
in paragraph (i), water quality and necessary water
quantity within the refuge; and

(v) to maintain in a manner not inconsistent
with the purposes set forth in subparagraphs (i) and
(ii) the archeological, cultural, ecological, paleontological,
and historical values of the refuge.

· 570

## Wrangell-St. Elias National Preserve

Sec. 211.   Section 201 of this Act is hereby amended by revising subsection (9) of such subsection to read as follows:

(9) Wrangell-Saint Elias National Park, containing approximately

acres of public lands, and Wrangell-Saint Elias National Preserve containing approximately

acres of public lands, as generally depicted on a map entitled "Wrangell-St. Elias National Park and National Preserve," dated September 1980.  The park and preserve shall be managed for the following purposes, among others:  To maintain unimpaired the scenic beauty and quality of high mountain peaks, foothills, glacial systems, lakes, and streams, valleys and coastal landscapes in their natural state; to protect habitat for, and populations of, fish and wildlife including but not limited to caribou, brown/grizzly bears, Dall sheep, moose, wolves, trumpeter swans, and other waterfowl, and marine mammals and to provide continued opportunitites, including reasonable access for mountain climbing, mountaineering, and other wilderness recreational activities. The continuation of established subsistence uses by local residents shall be permitted in the park, where such uses were established and permitted on January 1, 1978, in accordance with the provisions of title VIII.

ADD 17

Sec. ~~506~~. Section 606 of the Act is hereby amended by striking out the words "both sides" the first time such words appear in such section and by inserting in lieu thereof the words "each — side", and by striking the words "one-half mile of the bank" the first time such words appear and by inserting in lieu thereof the words "one mile of the bank".

## Miscellaneous Amendments

Sec. ~~220~~ 213 (a)    Section 102 of the Act is hereby amended by striking the phrase "(except that in Titles IX and XIV the following terms shall have the same meaning as they have in the Alaska Native Claims Settlement Act, and the Alaska Statehood Act)"

(b)  Section 102 (6) of the Act is hereby amended by striking "and any Urban Corporation" and inserting "any Urban Corporation, and any Native Group"

(c) Section 103 of the Act is amended by adding an additional subsection as follows:

"(c)  LANDS INCLUDED -- Only those lands within the boundaries of any conservation system unit which are public lands (as such term is defined in this Act) shall be deemed to be included as a portion of such unit.  No lands which, before, on, or after the date of enactment of this Act, are conveyed to the State, to any Native Corporation, or to any private party shall be subject to the regulations applicable solely to public lands within such units.  If the State, a Native Corporation, or other owner desires to convey any such lands, the Secretary may acquire such lands in accordance with applicable law (including this Act), and any such lands shall become part of the unit, and be administered accordingly."

**ADD 18**

(d) Section 201 and 202 of the Act are hereby amended by striking the term "Federal lands" in every instance in which that term appears and substituting the term "public lands".

(e) Section 204 of the Act is hereby amended by striking "Valid Native Selections" wherever such words appear and in each substituting therefor "Valid Native Corporation Selections".

(f) Sections 501, 502, and 503 of the Act are hereby amended by striking the term "Federal lands" in every instance in which it appears and in each case substituting therefor the term "public lands".

(g) Section 401 and 403 of the Act are hereby amended by striking the term "Federal lands" in every instance in which it appears and in each case substituting therefor the term "public lands".

(h) Section 605(e) of the Act is hereby amended by striking "non-Federal" and inserting "non-public".

(i) Section 701 and 702 are hereby amended by striking the phrase "lands within the boundaries" in each such section and inserting "public lands within the boundaries" in lieu thereof in each such section.

(j) Section 703 is hereby amended by striking "lands within the Tongass" and by inserting in lieu thereof "public lands within the Tongass".

(k) Section 704 of the Act is hereby amended by striking "shall review the lands" and inserting in lieu thereof "shall review the public lands".

(1). Section 802( ) of the Act is hereby amended by striking "Alaska when" and inserting "Alaska. When", and by striking "preference" and inserting "priority" in lieu thereof.

(m) Section 815 (4) of the Act is hereby amended by adding the phrase "except as may be provided in Section 816", at the beginning of the subsection.

(n) Section 1401(b) of the Act is hereby amended by adding the phrase "Urban Corporations and Native groups" after the phrase "Village Corporations".

(o) Section 1401 of the Act is hereby amended by adding an additional subsection (d) to read:

"(d) Section 3 of the Alaska Native Claims Settlement Act is amended by the addition of a new subsection as follows:

'(m) "Native Corporation" means any Regional Corporation, any Village Corporation, any Urban Corporation, and any Native Group."'

(p) Section 1323 of the Act is hereby amended to read as follows:

"SEC. 1323. Nothing in this Act shall be construed as imposing any additional requirements in connection with the construction and operation of the transportation system designated by the President and approved by the Congress pursuant to the Alaska Natural Gas Transportation Act of 1976 (P.L. 94-586; 90 Stat. 2903), or as imposing any limitations upon the authority of the Secretary concerning such system."

(c) Section 1008(a) of the Act is hereby amended to read as follows:

Sec. 1008(a). The Secretary shall establish, pursuant to the Mineral Leasing Act of 1920, as amended, an oil and gas leasing program on the public lands of Alaska not subject to the study required by section 1001 of this Act, other than lands included in the National Petroleum Reserve -- Alaska. Such program shall be undertaken unless prohibited by applicable law, or, on units of the National Wildlife Refuge System, where the Secretary determines, after having considered the national interest in producing oil and gas from such lands, that the exploration for and development of oil or gas is compatible with the purpose for which such unit was established.

ADD 21

(z) Section 804 of the Act is hereby amended to read as follows:

## "PREFERENCE FOR SUBSISTENCE USES

SEC. 804.  The taking of fish stocks, wildlife populations, and other wild renewable resources for nonwasteful subsistence uses shall be the priority consumptive uses of each such stock, population, and resource on the public lands and within the waters of Alaska.  Whenever it is necessary to restrict the taking of a fish stock or wildlife population on such lands or within such waters for subsistence uses in order to protect the continued viability of such stock or population, or to continue subsistence uses of such stock or population, such priority shall be implemented through appropriate limitations or restrictions based on -

    (1)  customary and direct dependence upon such stock or population as the mainstay of livelihood;

    (2)  local residency; and

    (3)  the availability of alternative resources."

(s) Section 80 of the Act is hereby amended to read as follows:

"JUDICIAL ENFORCEMENT

SEC. 807.  (a)  Local residents and other persons and organizations who are aggrieved by a failure of the State, the Secretary of the Interior, or the Secretary of Agriculture to provide for the priority for subsistence uses set forth in section 804 (or with respect to the State as set forth in a State law of general applicability if the State has fulfilled the requirements of section 805(d)) may, upon exhaustion of any administrative remedies which may be available, file a civil action in the United States District Court for the District of Alaska to require such actions to be taken as are necessary to provide for the priority.  If a civil action described in this section is filed against the State, the Secretary may be joined as a party to such action.  The Court may grant preliminary injunctive relief if the granting of such relief is appropriate under the facts upon which the action is based.  Local residents and other persons and organizations who are prevailing parties in an action filed pursuant to this section shall be awarded their costs and attorney's fees."

**ADD 23**

377

(b) A civil action filed pursuant to this section shall be assigned for hearing at the earliest possible date, shall take precedence over other matters pending on the docket of the United States District Court at that time, and shall be expedited in every way by such Court and any appellate court.

(t)(1) Section 1303 of the Act is hereby amended by striking out subsection (c) of such section, and renumbering subsequent subsections accordingly.

(2) Section 1303 of the Act is hereby further amended by revising the last subsection of such section to read as follows:

9    (d) EXISTING CABIN LEASES OR PERMITS.—Nothing
10   in this Act shall preclude the renewal or continuation of valid
11   leases or permits in effect *on the date of enactment* ~~at the time of passage~~ of this Act
12   for cabins, homesites, or similar structures on Federal lands.
13   Unless the appropriate Secretary
14   ~~in which it is located~~ issues specific findings, follow-
15   ing notice and an opportunity for the leaseholder or permittee
16   to respond, that renewal or continuation of such valid permit
17   or lease constitutes a direct threat to or a significant impair-
18   ment to the values *of the affected lands* ~~for which the unit was established~~, he
19   shall renew such valid leases or permits upon their expiration
20   in accordance with the provisions of the original lease or
21   permit subject to such reasonable regulations as he may pre-
22   scribe *to protect such values* ~~~~

ADD 24

provisions in original text. Permit, noth-
ing in this Act or subsection shall necessarily preclude the appropriate
Secretary, in his discretion, from transferring
such a lease or permit to another person at the election or
death of the original permittee or leasee.

(3) Section 1303 of the Act is hereby amended by striking out
the words "lands not owned by the claimant" each time such words
appear in such section and by substituting in lieu thereof "public
lands" in each such instance; and by the addition of the following
additional paragraph at the end of subsection (a) of such section:

"(5) The Secretary may refuse to renew a permit
issued pursuant to paragraph (1) of this subsection if
he determines that such renewal would not be in the
public interest."

(u) Section 203 of the Act is amended by adding at
the end thereof the following additional sentence:

"Notwithstanding any other provision of law, no
fees shall be charged for entrance or admission to any unit
of the National Park System located in Alaska."

### Baseline Study on Arctic Range

Sec. 214 (a). Section 1002(c) of the Act is hereby amended
by striking out the words "eighteen months" and by inserting in
lieu thereof the words "two years".

(b) Section 1002(h) of the Act is hereby amended by striking
out the words "not earlier than five years after the enactment
date of this Act and not later than five years and nine months
after such date" and by inserting in lieu thereof the words
"not later than six years after the date of enactment of this Act".

**ADD 25**

Sec. 1457. Section 1326 of the Act is hereby amended to read as follows:

## Future Executive Actions

Sec. 1326(a)(1). Except as otherwise specifically authorized by this Act, no    future executive branch action which withdraws more than five thousand acres, in the aggregate, of public lands within the State of Alaska shall be effective except by compliance with this subsection.

(2) To the extent authorized by law, the President or the Secretary may withdraw public lands in the State of Alaska exceeding five thousand acres in the aggregate, which withdrawal shall not become effective until notice is provided in the Federal Register and to both Houses of Congress.  Such withdrawal shall terminate one year after the notice of such withdrawal has been submitted to the Congress unless before the end of such one year period the Congress passes a joint resolution of approval, in which case the withdrawal shall remain in effect until Congress determines otherwise.

(b) No reviews or studies of Federal lands in the State of Alaska for the single purpose of considering the establishment of a conservation system unit, national recreation area, or national conservation area shall be conducted unless authorized by this Act or futher Act of Congress.

(c) Nothing in this section shall be deemed to modify the provisions of the Alaska Native Claims Settlement Act or to require Congressional approval of any actions taken by the Secretary to fulfill his responsibilities under any section of such Act.

**ADD 26**

380

Sec. ___    The Act is hereby amended by adding after
Section 1436 the following new section:

## Conveyances to Village Corporations

SEC. 1437. *(a) OPTIONAL PROCEDURE.—The provisions of this section shall be applicable only to the conveyance of public lands described herein to a Native corporation which within one hundred and eighty days after the date of enactment of this Act or the date of eligibility determination, whichever is later, files a document with the Secretary setting forth its election to receive conveyance pursuant to this section.*

*(b) "CORE" TOWNSHIPS, ETC.—(1)(A) Except to the extent that conveyance of a surface estate would be inconsistent with section 12(a), 14(a), 14(b), or 22(l) of the Alaska Native Claims Settlement Act, subject to valid existing rights and section 903(a) of this Act, there is hereby conveyed to and vested in each Village Corporation for a Native village which is determined by the Secretary to be eligible for land under sections 11 or 16 of the Alaska Native Claims Settlement Act, and which did not elect to acquire a former reserve under section 19(b) of such Act, all of the right, title and interest of the United States in and to the surface estate in the public lands, as defined in such Act, in the township*

**ADD 27**

381

or townships withdrawn pursuant to section 11(a)(1) or 16(a) of such Act in which all or any part of such village is located. As used in this paragraph the term "Native village" has the same meaning such term has in section 3(c) of the Alaska Native Claims Settlement Act.

(B) Where two or more Village Corporations are entitled to the same land by virtue of the same township or townships embracing all or part of the Native villages, the conveyance made by paragraph (A) shall not be effective as to such lands until an arbitration decision or other binding agreement between or among the Corporations is filed with and published by the Secretary. Within thirty days of receipt of such decision or agreement, the Secretary shall publish notice of the decision or agreement in the Federal Register. Effective with such publication, title to the lands conveyed by subparagraph (A) shall vest in the Village Corporation as specified in the decision or agreement. For purposes of section 902, until title vests in the Village Corporation pursuant to this subparagraph, the Secretary shall consider the entire acreage involved chargeable to each Corporation's entitlement.

(2) Except to the extent that conveyance of a surface estate would be inconsistent with section 12(a), 14(a), or 22(l) of the Alaska Native Claims Settlement Act, subject to

**ADD 28**

valid existing rights and section 905(a) of this Act there is hereby conveyed to and vested in each Village Corporation for a Native village which is determined by the Secretary to be eligible for land under section 11 of such Act, and which did not elect to acquire a former Reserve under section 19(b) of such Act, all of the right, title, and interest of the United States in and to the surface estate in the township or townships withdrawn pursuant to section 11(a)(2) of such Act in which all or any part of such village is located: Provided, That any such land reserved to or selected by the State of Alaska under the acts of March 4, 1915 (38 Stat. 1214), as amended, January 21, 1929 (45 Stat. 1091), as amended, or July 28, 1956 (70 Stat. 709) and lands selected by the State which have been tentatively approved to the State under section 6(g) of the Alaska Statehood Act and as to which the State, prior to December 18, 1971, had conditionally granted title to, or contracts to purchase, the surface estate to third parties, including cities and boroughs within the State, and such reservations, selections, grants and contracts had not expired or been relinquished or revoked by the date of this Act, shall not be conveyed by operation of this paragraph: And provided further, That the provisions of subparagraph (1)(B) of this subsection shall apply to the conveyances under this paragraph.

**ADD 29**

383

(3) Subject to valid existing rights and section 903(a) of this Act, there is hereby conveyed to and vested in each Village Corporation which, by the date of enactment of this Act, is determined by the Secretary to be eligible under the Alaska Native Claims Settlement Act to, and has elected to, acquire title to any estate pursuant to section 19(b) of the Alaska Native Claims Settlement Act, all of the right, title, and interest of the United States in and to the estates in a reserve, as such reserve existed on December 18, 1971, which was set aside for the use or benefit of the stockholders or members of such Corporation before the date of enactment of the Alaska Native Claims Settlement Act. Nothing in this paragraph shall apply to the Village Corporation for the Native Village of Klukwan, which Corporation shall receive those rights granted to it by the Act of January 2, 1976 (Public Law 94-204), as amended by the Act of October 4, 1976 (Public Law 94-456).

(4) Subject to valid existing rights and section 903(a) of this Act, and except where such lands are within a National Wildlife Refuge or the National Petroleum Reserve—Alaska, for which the Regional Corporation obtains in-lieu rights pursuant to section 12(a)(1) of the Alaska Native Claims Settlement Act, there is hereby conveyed to and vested in .

**ADD 30**

564

each Regional Corporation which, as a result of a conveyance of a surface estate by operation of paragraphs (1) and (2) of this subsection, is entitled under section 14(f) of the Alaska Native Claims Settlement Act to receive the subsurface estate corresponding to such surface estate, all of the right, title, and interest of the United States in and to such subsurface estate.

(c) DOCUMENTS.—As soon as possible after the date of enactment of this Act, the Secretary shall issue to each Native Corporation referred to in subsection (b) interim conveyances or patents to the estate or estates conveyed to such Corporation by such subsection, but title shall be deemed to have passed on the date of the filing of a document of election described in subsection (a), notwithstanding any delay in the issuance of the interim conveyances or patents.

(d) RECONVEYANCES; DISPUTES.—A Village Corporation's obligation to reconvey lands under section 14(c) of the Alaska Native Claims Settlement Act shall arise only upon receipt of an interim conveyance or patent, whichever is earlier, under subsection (c) of this section or under such Act. For purposes of the Alaska Native Claims Settlement Act, legislative conveyances made by, or interim conveyances and patents issued pursuant to, this title shall have the same effect as if issued pursuant to sections 14(a), 14(b), 14(f), and

**ADD 31**

385

19(b) of the Alaska Native Claims Settlement Act and shall be deemed to have been so issued. Disputes between or among Native Corporations arising from conveyances under this Act shall be resolved by a board of arbitrators of a type described in section 12(e) of the Alaska Native Claims Settlement Act pertaining to disputes over land selection rights and the boundaries of Village Corporations.

(e) EXISTING RIGHTS.—All conveyances made by operation of this section or section 902 of this Act shall be subject to the terms and conditions of the Alaska Native Claims Settlement Act as if such conveyances or patents had been made or issued pursuant to that Act.

(f) DEFINITION.-For purposes of this title, the term "Native Corporation" means any Village Corporation, any Regional Corporation, any urban corporation, and any Native group.

**ADD 32**

386

## Gates of the Arctic Corridor

Sec. 217.   Section 201(4) of the Act is hereby amended by
striking out paragraph (b) of  such subsection (4) and by inserting
in lieu thereof the following:

"(b) When an applicant, under section 1104, for a
right-of-way across the southern unit of the preserve
shows to the satisfaction of the Secretary that the State
and the Secretary of Transportation have determined, after
adequate studies, that there is no economically feasible and
prudent alternative route for the transportation or utility
system for which the requested right-of-way would be used,
the Secretary shall make recommendations to grant one such
right-of-way in accordance with section 1106(b)."

**ADD 33**

## CERTIFICATE OF SERVICE

On September 27, 2000, I served copies of the foregoing En Banc

Brief for Appellants State of Alaska and Frank Rue on all parties in this

appeal by overnight delivery to:

> Heather R. Kendall-Miller, Esq.
> Native American Rights Fund
> 420 L Street, Suite 505
> Anchorage, Alaska 99501
>
> William E. Caldwell, Esq.
> 1648 Cushman Street, Suite 300
> Fairbanks, Alaska 99701
>
> *Counsel for Private Appellees*
>
> John A. Bryson, Esq.
> United States Department of Justice
> 601 D Street, N.W., Room 8932
> Washington, D.C. 20530
>
> *Counsel for Federal Appellees*

Joanne M. Grace