# EXHIBIT C-13 thru 16

# EXHIBIT C-13

JAN 1 0 2000

JAN 07 2000

Department of Law
Office of Attorney General
3rd Judicial District
Anchorage, Alaska

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

_____ Deput.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

KATIE JOHN ET AL,
        Plaintiff,

                                Case Number A90-484CV (HRH)

v.

UNITED STATES OF AMERICA ET AL,
        Defendant.              **JUDGMENT IN A CIVIL CASE**

_____ **JURY VERDICT**.  This action came before the court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.


__x__ **DECISION BY COURT**.  This action came to trial or hearing before the court.  The issues have been tried or heard and a decision has been rendered.

        IT IS ORDERED AND ADJUDGED:

        THAT the court's substantive orders in this case are reaffirmed and are now final as to all parties.  Any issues or claims not heretofore decided by the court are dismissed without prejudice as to all parties.  The court retains jurisdiction of this matter for enforcement of its orders.

APPROVED:

H. Russel Holland
United States District Judge

January 7, 2000
Date

Michael D. Hall
Clerk

(By) Deputy Clerk

A90-0484--CV (HRH)
----------------------------------------------
D. BOYKO (BOYKO)
D. MITCHELL          H. KENDALL
M. WALLERI           D. DOUGHORE (AUSA)
C. GORDON (ASHBURN)  OFG 10792
M. STANLEY
GEANNINI
J. GRACE (AG-STS-200)
J. JOHNSON (AK-LGL-SVC)    A92-264CV

269

# EXHIBIT C-14

JAN 07 2000

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

_____ Deputy

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA ...

KATIE JOHN ET AL,
          Plaintiff,

v.

UNITED STATES OF AMERICA ET AL,
          Defendant.

A92-264CV

Case Number A90-484CV (HRH)

JUDGMENT IN A CIVIL CASE

_____ JURY VERDICT.  This action came before the court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

__x__ DECISION BY COURT.  This action came to trial or hearing before the court.  The issues have been tried or heard and a decision has been rendered.

          IT IS ORDERED AND ADJUDGED:

          THAT the court's substantive orders in this case are reaffirmed and are now final as to all parties.  Any issues or claims not heretofore decided by the court are dismissed without prejudice as to all parties.  The court retains jurisdiction of this matter for enforcement of its orders.

APPROVED:

H. Russel Holland
United States District Judge

January 7, 2000
Date

Certified to be a true and correct copy
of original filed in my office.
Dated 1/7/00
MICHAEL HALL, Clerk
By _____ Deputy

_____ Michael D. Hall
                  Clerk

_____
(By) Deputy Clerk

33

A90-484--CV (HRH)
-----------------------------------------
K. BOYKO (BOYKO) —
D. MITCHELL —
K. VALETTE —
L. GORDON (ASHERIE) —
K. STANLEY —
P. GILMETTI —
J. CLACK (AG-STE-100) —
J. JOHNSON (IX-IGI-SRC)—

I. REYNOLDS —
D. BUISBOLA (IUSL)—
OSI 10795 —
A92~264CV

Excerpt of Record Page 0519

# EXHIBIT C-15

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

**FILED**

JAN 0 6 2000

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
_____ Deputy

KATIE JOHN, et al.,           )
                              )
              Plaintiffs,     )
                              )
     vs.                      )
                              )
UNITED STATES OF AMERICA, et al., )
                              )
              Defendants.     )
                              )
_____)
                              )
STATE OF ALASKA,              )
                              )
              Plaintiff,      )
                              )
     vs.                      )
                              )
BRUCE BABBITT, Secretary of the )
Interior, et al.,             )
                              )
              Defendants.     )
                              )
_____)

**RECEIVED**

JAN 7 2000

NARF ALASKA

No. A90-0484-CV (HRH)
[Consolidated with
No. A92-0264-CV (HRH)]

O R D E R

Case Status

The court is in receipt of an updated status report with respect to this case.[1]

The court is unpersuaded that there is any need or necessity for retaining these very old cases on the court's docket. The court is very mindful of the fact that there are ongoing disagreements between the parties as regards the implementation of plaintiffs' fishing rights. Those disagreements have been administra-

_____

[1]    Clerk's Docket No. 267.

APPENDIX  _B_
Page _1_ of _3_

(268)

tively resolved and/or stayed for many years now. During that time, responsibility for the implementation of plaintiffs' rights under ANILCA has shifted from the State of Alaska to the Federal Subsistence Board. Plaintiffs may or may not have justiciable claims which they wish to assert to the court as regards the Board's implementation of subsistence fishing rights for the year 2000. No such claim is made in the present pleadings before the court; and, because of the substantial administrative and regulatory changes which have taken place during the pendency of this case, it is the court's considered judgment that it will be most efficient for all concerned to strike the slate clean at this point and, if necessary, permit such of the plaintiffs as are dissatisfied with the <u>status quo</u> to commence new actions.

The court now readopts all of its rulings on the merits of plaintiffs' claims heretofore made. Those rulings shall be deemed final for all purposes and as to all parties. Any and all claims not heretofore ruled upon are at this time dismissed as to all parties without prejudice because they are moot. The clerk of court shall enter judgment as follows:

> The court's substantive orders in this case are reaffirmed and are now final as to all parties. Any issues or claims not heretofore decided by the court are dismissed without prejudice as to all parties. The court retains jurisdiction of this matter for enforcement of its orders.

APPENDIX _B_
Page _2_ of _3_

As a part of the court's continuing jurisdiction, it is the intent of the court (and the concurrence of the other judges of the court has been obtained) that any new case filed by a party to these consolidated cases shall be exempted from the court's random assignment procedure and shall be assigned to Judge Holland.

DATED at Anchorage, Alaska, this ____5____ day of January, 2000.

H. Russel Holland, Judge
District of Alaska

A90-0434--C7 (HRH)
-------------------------------------------------------
E. BOYKO (BOYKO)
D. MITCHELL
M. WALLERI
L. GORDON (ASHBURN)
M. STANLEY
P. GIANNINI
J. GRACE (AG-STE-DOC)
J. JOHNSON (AK-LGL-SVC)
M. KENDALL
B. DUNSMORE (AUSA)

APPENDIX ___B___
Page __3__ of __3__

- 3 -

# EXHIBIT C-16

**FILED**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

FEB 07 1996

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

KATIE JOHN, et al.,                    )
                                       )
                    Plaintiffs,        )
                                       )
          vs.                          )
                                       )
UNITED STATES OF AMERICA, et al.,      )
                                       )
                    Defendants.        )
                                       )
_____)
                                       )
STATE OF ALASKA,                       )
                                       )
                    Plaintiff,         )
                                       )
          vs.                          )
                                       )
BRUCE BABBITT, Secretary of the        )
Interior, et al.,                      )
                                       )
                    Defendants.        )
                                       )

**RECEIVED**

FEB 07 1996

Office of
United States Attorney
Anchorage, AK

No. A90-0484-CV (HRH)
[Consolidated with
No. A92-0264-CV (HRH)]

O R D E R

Case Status

On March 30, 1994, the court rendered a decision[1] deciding
several motions, determining what the parties have referred to as
the "who" issue as regards subsistence regulation and one of the
"where" issues. The court also issued a further order staying pro-
ceedings[2] and invited an interlocutory appeal. The clerk of court

_____

[1]    Clerk's Docket No. 184.

[2]    Clerk's Docket No. 185.

-1-

003467

229

has received and filed the mandate of the Ninth Circuit Court of Appeals which states in pertinent part that:  "the judgment of the said District Court in this cause ... is REVERSED AND REMANDED."[3]

It is the court's perception that while both the mandate and the majority decision of the circuit court state that this court's decision was reversed and the matter remanded, in fact the circuit has ruled and reversed only as to the "where" question.  It seems implicit in the majority decision of the circuit court that the Secretary of the Department of the Interior, not the state of Alaska, is entitled to manage fish and game on public (federal) lands in Alaska for purposes of Title VIII of ANILCA.  It further appears, of course, that the circuit decision does supplant this court's March 30, 1994, decision with respect to where the Secretary may exercise his regulatory jurisdiction.  Among other places, such regulation may take place as to "navigable waters in which the United States has an interest by virtue of the reserved water rights doctrine."  Alaska v. Babbitt, No. 94-35480, slip op. at 15745 (9th Cir. Dec. 19, 1995).

In consideration of the foregoing, this court's decision of March 30, 1994, as set out at pages 21 through 42, is vacated, and the issue therein discussed shall be deemed controlled by the foregoing decision of the court of appeals.

---

[3]     Clerk's Docket No. 227.

Counsel for the parties will please confer with one another and advise the court, on or before March 7, 1996, of their views as to how the court should proceed with this case.  In the alternative, counsel may request a status conference with the court in lieu of such a report.  A copy of this order shall be distributed to all counsel in the jointly managed subsistence cases.

DATED at Anchorage, Alaska, this ___7___ day of February, 1996.

H. Russel Holland, Judge
District of Alaska

A90-0484--CV (KKK)
---------------------------------------------------
K. BOYKO (BOYKO)
D. MITCHELL
K. WALKER

L. GORDON (ASHBURN)
K. STANLEY
P. GIANNINI
K. SMITH
R. ANDERSON

J. GRACE (AG-STE-200)
J. JOHNSON (AK-LGL-SVC)
K. KENDALL
D. DUNSMORE (AUSA)

-3-