**EXHIBIT C-18**

CHARLES E. COLE
ATTORNEY GENERAL
Office of the Attorney General
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
(907) 269-5100
Attorney for the State of Alaska

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

STATE OF ALASKA,

    Plaintiff,

v.

BRUCE BABBITT,
Secretary of the Interior
Department of the Interior
18th & C Streets, N.W.
Washington, D.C. 20240,

MIKE ESPY
Secretary of Agriculture
Department of Agriculture
14th St. & Independence Ave., S.W.
Washington, D.C. 20250-0100,

    and

WALTER O. STIEGLITZ, Member
JOHN MOREHEAD, Member
MICHAEL BARTON, Member
EDWARD SPANG, Member
NILES CESAR, Member
Federal Subsistence Board
1689 C Street, Suite 100
Anchorage, Alaska 99501

    Defendants.

Civil Action
No. A92-264

STATE'S FIRST AMENDED
COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

Plaintiff State of Alaska, for causes of action against the Defendants, does hereby allege as follows:

Excerpt of Record Page 0016

CD# 107

## INTRODUCTION

1. This is a civil action for declaratory and injunctive relief to regain management and control of fish, shellfish and wildlife on navigable and certain non-navigable waters of the State of Alaska. It is also to redress the violation by Defendants of various federal statutes in connection with implementation of the Alaska National Interest Lands Conservation Act ("ANILCA"), 16 U.S.C. §§ 3101-3126. In issuing Subsistence Management Regulations for Public Lands in Alaska, 57 Fed. Reg. 22530, 22535-67 (May 28, 1992) and 57 Fed. Reg. 22940, 22951-64 (May 29, 1992), codified as 36 CFR Part 242 and 50 CFR Part 100 (hereinafter the "Regulations"), the defendant Secretaries through the Federal Subsistence Board have exceeded the authority delegated them by Congress in ANILCA by purporting to regulate fish and shellfish harvest in navigable waters and on submerged lands of the State of Alaska and on non-navigable waters located on non-federal lands; and by purporting to establish in federal law a comprehensive scheme for fish, shellfish and wildlife management on "public lands" in Alaska beyond that authorized in ANILCA. The sovereignty of Plaintiff State of Alaska, the extent of State title in certain navigable and other waters, and the extent of state authority to manage fish, shellfish and wildlife in Alaska are placed in issue by promulgation of the Regulations.

STATE V. BABBITT, ET.AL.
COMPLAINT - PAGE 2

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

Excerpt of Record Page 0017

## APPLICABLE STATUTES

2.  This action arises under the following statutes:

   (a) Alaska National Interest Lands Conservation Act, 16 U.S.C. §§ 3101 et seq.;

   (b) Alaska Statehood Act, Pub. L. 85-508, 48 U.S.C. note prec. § 21;

   (c) Submerged Lands Act of 1953, 43 U.S.C. §§ 1301 et seq.; and

   (d) Administrative Procedure Act., 5 U.S.C. §§ 706 et seq.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331(a).

4.  Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(e).

## DESCRIPTION OF THE PARTIES AND THEIR INTERESTS

5.  The Plaintiff, State of Alaska, pursuant to the Alaska Statehood Act was admitted into the Union on January 3, 1959, on an equal footing with the other States in all respects whatever. § 1, Pub. L. 85-508, 43 U.S.C. note prec. §21. Absent an affirmative intention by Congress prior to statehood to defeat Alaska's title, upon attaining statehood, title to all lands underlying navigable waters within its boundaries passed to Plaintiff as did title to all tidelands, submerged lands and the beds of all rivers, streams and creeks up to the extent of tidal

STATE V. BABBITT, ET.AL.
COMPLAINT - PAGE 3

influence with the concomitant right of Plaintiff to manage the hunting and fishing of fish and wildlife resources in waters appurtenant thereto and on their surface. Likewise, the Plaintiff has the right to manage the hunting and fishing of fish and wildlife resources in non-navigable waters not located on "public lands."

6. Defendant Babbitt is Secretary of the Department of the Interior and is sued in his official capacity; Defendant Espy is Secretary of the Department of Agriculture and is sued in his official capacity. The Department of Interior has asserted that title to certain navigable waters subject to these Regulations was defeated by the promulgation of several executive orders. Those executive orders include, but are not limited to, Public Land Order 82 (January 22, 1943) withdrawing certain lands in northern Alaska from selection or lease in connection with the prosecution of World War II, Executive Order 3797A (February 27, 1923) creating the Naval Petroleum Reserve, and Public Land Order 2214 (December 6, 1960) establishing the Arctic National Wildlife Range. However, none of the executive withdrawals operates to defeat the Plaintiff's title to all lands underlying navigable waters within those withdrawals. <u>Utah Division of State Lands v. United States</u>, 107 S.Ct. 2318, 482 U.S. 191 (1987).

7. Title VIII of ANILCA provides a preference in favor of subsistence uses of fish and wildlife on "public lands" in Alaska by rural Alaska residents. Defendants McVee,

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

Stieglitz, Morehead, Barton, Spang and Cesar are respectively Chairman and Members of the Federal Subsistence Board (the "Board"), established by Defendant Secretaries to implement Title VIII of ANILCA. 50 C.F.R. §100.10. The "Board" was delegated certain authorities by regulation. 50 C.F.R. Part 100, subpart A.

8. As part of the statehood process, Congress approved the Alaska Constitution (previously adopted by the Alaska electorate) on July 7, 1958. The Alaska Constitution then included, and continues to include, Article VIII, sections 2, 3, 4, 16, and 17, specifically guaranteeing to the people of Alaska the common use of the renewable natural resources of Alaska and prohibiting Plaintiff from granting exclusive rights in any of its renewable natural resources to any one group of people.

9. ANILCA provides, *inter alia*, a statutory priority to rural residents of Alaska for subsistence use of fish and wildlife resources on "public lands", which were defined, with certain specified exceptions, as lands, waters and interests therein, the title to which is in the United States after the date of enactment, December 2, 1980. Section 102 of ANILCA, 16 U.S.C. § 3102(3). It was further provided that if Plaintiff fails to enact a subsistence law of general applicability consistent with the subsistence priority established in ANILCA, the Secretaries of Interior and Agriculture shall undertake to accord a priority to the opportunity to take fish and wildlife

for nonwasteful subsistence uses by rural Alaska residents on "public lands."

10. The inherent authority of Plaintiff with respect to management of fish, shellfish and wildlife is recognized and confirmed by Congress in section 1314(a) of ANILCA, 16 U.S.C. § 3202(a), which provides expressly that nothing in ANILCA is intended to enlarge or diminish the responsibility and authority of the State of Alaska for management of fish and wildlife on the "public lands" except as may be provided in Title VIII. Section 1314(a) contains the further declaration of Congress that nothing in ANILCA is intended to amend the Alaska Constitution. Likewise, Section 103(c) of ANILCA, 16 U.S.C. § 3103(c), declares that lands which either are not in federal ownership or which pass from federal ownership are not subject to regulations specifically applicable to "public lands." Similarly, Section 103(a), 16 U.S.C. § 3103(a), specifically states the boundaries of all conservation units are not extended seaward.

11. In response to the ANILCA declaration of priority for the opportunity for subsistence users to take fish and wildlife on "public lands," the 1986 Alaska subsistence law was enacted by the Alaska Legislature and implemented by Plaintiff throughout the State, including "public lands" where hunting or fishing were permitted. The State subsistence program was found by the Secretary of the Interior to be consistent with ANILCA.

STATE V. BABBITT, ET.AL.
COMPLAINT - PAGE 6

Excerpt of Record Page 0021

12. In <u>McDowell v. State</u>, 785 P.2d 1 (Alaska 1989), the Supreme Court of Alaska declared unconstitutional the 1986 Alaska subsistence law as violative of several sections of the Alaska Constitution, namely Article VIII, sections 3, 15 and 17.

13. With the voiding of the 1986 Alaska subsistence law, Defendant Secretaries determined that there was no Alaska statute of general applicability consistent with the ANILCA priority for rural subsistence users on "public lands," and further determined to take federal regulatory action to assure that priority.

14. The regulations purport to extend federal authority to regulate fish and shellfish harvest to navigable and tidally influenced waters of Alaska and to submerged lands, as well as to non-navigable waters located on non-federal lands. The federal regulations, <u>inter alia</u>, purport to establish preferences for subsistence uses in specified areas based on residence and extend federal management authority beyond "public lands" to navigable waters of Alaska and to non-navigable waters off "public lands" in violation of Section 102 of ANILCA, 16 U.S.C. §3102(3), and Section 103(c) of ANILCA, 16 U.S.C. §3103(c).

15. Plaintiff requested reconsideration by the Board of the subsistence fishing and shellfishing regulations pursuant to 50 C.F.R. § 100.18. Despite the passage of 45 days from receipt by the Board of Plaintiff's request, the Board has

entered no decision on Plaintiff's request for reconsideration as required by 50 C.F.R. § 100.18(f). In consequence, Plaintiff has exhausted administrative remedies.

### COUNT I
#### (Invalidity of Federal Regulations -- Excess of Statutory Authority)

16. Paragraphs 1-15 of this Complaint are incorporated herein by reference.

17. Nothing in ANILCA directs, authorizes or permits federal authorities to exercise regulatory authority over the taking of fish, shellfish and wildlife on non-navigable waters located off "public lands," or on navigable waters located anywhere within the State. Notwithstanding this absence of basic legal authority, the Regulations purport to impose federal regulation with respect to the taking of fish and shellfish in navigable waters of Alaska and non-navigable waters located off "public lands," in violation of Plaintiff's sovereignty and in excess of the statutory grant of authority by Congress in ANILCA.

18. To the extent the Regulations purport to impose federal regulatory authority over the management of fish, shellfish and wildlife on areas which are not "public lands" as defined in ANILCA, they are void as being in excess of the statutory grant, and in derogation of the sovereignty and rights of Plaintiff recognized by section 1314 of ANILCA, 16 U.S.C. §3202(a), and guaranteed to the Plaintiff by the Alaska Statehood Act.

STATE V. BABBITT, ET.AL.
COMPLAINT - PAGE 8

## COUNT II

### (Navigable and Tidally Influenced Waters of Alaska and Non-navigable waters off Federal Lands to Which the Subsistence Regulations Purport to Apply)

19. Paragraphs 1-18 of this Complaint are incorporated herein by reference.

20. The authority of Defendants Secretaries and members of the Board is limited by the definition of "public lands" in Section 102 of ANILCA, 16 U.S.C. § 3102(3), defined as lands, waters and interests therein the title to which is in the United States after December 2, 1980, the date of enactment of ANILCA. Section 103(c) of ANILCA, 16 U.S.C. § 3103(c), also limits the applicability of any regulations to "public lands."

21. Title to lands beneath navigable and tidally influenced waters, the water columns appurtenant thereto, or non-navigable waters located off "public lands" is not in the United States in respect of the following waters of Alaska as to which Defendants purport to extend federal regulatory authority:

(a) *In the Kotzebue-Northern Area, all waters north of the latitude of the westernmost tip of Cape Prince of Wales and west of 141° west longitude, including those waters draining into the Chukchi Sea and Arctic Ocean, including all navigable waters within the area beginning at a point on the boundary between the United States and Canada, on the divide between the north and south forks of the Firth River, approximate latitude 68 degrees 52' N., longitude 141 degrees 00' W., thence*

STATE V. BABBITT, ET.AL.
COMPLAINT - PAGE 9

westerly along this divide and the periphery of the watershed northward to the Arctic Ocean, along the crest of portions of the Brooks Range and the DeLong Mountains, to Cape Lisburne. See 36 CFR 242.26(e)(1), 50 CFR 100.26(e)(1), as described in 5 AAC 01.100, 36 CFR 242.3(b)(1), 50 CFR 100.3(b)(1). Navigable waters within such area include, but are not limited to, the Tukrok, Colville and Noatak Rivers;

(b) In the Norton Sound-Port Clarence Area, all waters between the latitude of the westernmost tip of Cape Prince of Wales and the latitude of Canal Point light, including the waters of Alaska surrounding St. Lawrence Island and those waters draining into the Bering Sea. See 36 CFR 242.26(e)(2), 50 CFR 100.26(e)(2), as described in 5 AAC 01.150. Navigable waters within such area include, but are not limited to, the Pilgrim River including Salmon Lake; all waters seaward for 3 miles from Cape Douglas to Rocky Point; waters in the Unalakleet and Shaktoolik River drainages; the Nome River; and the Solomon River;

(c) In the Yukon Area, all navigable waters in the area north of 61°north latitude, south of 61°21' north latitude, west of 183°40' longitude and east of the Bering Sea shoreline, including saltwaters of Hazen Bay; and all waters of Alaska between the latitude of Canal Point light and the latitude of the westernmost point of Naskonat Peninsula, including those waters draining into the Bering Sea. See 36 CFR 242.26(e)(3), 50

STATE V. BABBITT, ET.AL.
COMPLAINT - PAGE 10

CFR 100.26(e)(3), as described in 5 AAC 01.200, 36 CFR 242.3(b)(2), 50 CFR 100.3(b)(2). Navigable waters within such area include, but are not limited to, the Yukon River; the Kanuti River; the Fish Creek; the Bonanza Creek; the Jim River; the Koyukuk River forks; the Chandalar River; the Tanana River; the Gerstle River; the Kantishna River; the Delta River; Pile Driver Slough; Chena River; Little Chena River; the Toklat River; the Kantishna River; waters in Yukon Area Subdistrict 6-B; waters in Yukon Area Subdistrict 6-C; and the Koyukuk River;

(d) In the Kuskokwim Area, all navigable waters within the Old Kuskokwim Wildlife Refuge; and all waters of Alaska between the latitude of the westernmost point of the Naskonat Peninsula and the latitude of the southernmost tip of Cape Newenham, including the waters on Nunivak Island and surrounding Nunivak and St. Matthew Islands and those waters draining into the Bering Sea. 36 CFR 242.26(e)(4), 50 CFR 100.26(e)(4), as described in 5 AAC 01.250, 36 CFR 242.3(b)(3), 50 CFR 100.3(b)(3). Navigable waters include, but are not limited to, the Holitna River; the Kuskokwim River and its tributaries; the Ishowik River; Kolmakof River; the Goodnews River; and the Kanektok River.

(e) In the Bristol Bay Area, all waters of Bristol Bay including drainages enclosed by a line from Cape Newenham to Cape Menshikof. See 36 CFR 242.26(e)(5), 50 CFR 100.26(e)(5), as described in 5 AAC 01.300. Navigable waters

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

include, but are not limited to, the Naknek River; the Naknek Lake; the Egegik River; the Ugashik River; Lake Clark; and Lake Iliamna;

(f) In the Aleutian Islands Area, all waters of Alaska west of the longitude of the tip of Cape Sarichef, east of 172°East longitude, and south of 54°36′North latitude; and all navigable and non-navigable waters on and within one mile seaward of Simeonof Island. See 36 CFR 242.26(e)(6), 50 CFR 100.26(e)(6), as described in 5 AAC 01.350, 36 CFR 242.3(b)(5), 50 CFR 100.3(b)(5);

(g) In the Alaska Peninsula Area, all Pacific Ocean waters of Alaska between a line extending southeast (135°) from the tip of Kupreanof Point and the longitude of the tip of Cape Sarichef, and all Bering Sea waters of Alaska east of the longitude of the tip of Cape Sarichef and south of the latitude of the tip of Cape Menshikof. See 36 CFR 242.26(e)(7), 50 CFR 100.26(e)(7), as described in 5 AAC 01.400;

(h) In the Chignik Area, all waters of Alaska on the south side of the Alaska Peninsula enclosed by 156°21′13″West longitude (the longitude of the southern entrance to Imuya Bay near Kilokak Rocks) and a line extending southeast 135° from Kupreanof Point. See 36 CFR 242.26(e)(8), 50 CFR 100.26(e)(8), as described in 5 AAC 01.450;

(i) In the Kodiak Area, all waters of Alaska south of a line extending east from Cape Douglas (58°52′N.lat.),

STATE V. BABBITT, ET.AL.
COMPLAINT - PAGE 12

west of 150°W.long., north of 55°30'N.lat.; and east of the longitude of the southern entrance of Imuya Bay near Kilolak Rocks (156°20'13"W.long.)  See 36 CFR 242.26(e)(9), 50 CFR 242.26(e)(9), as described in 5 AAC 01.500. Navigable waters in the area include, but are not limited to, navigable waters within the boundary of the Kodiak National Wildlife Refuge; all saltwater enclosed by the boundaries of Woman's Bay, Gibson Cove, and an area defined by a line one-half mile on either side of the mouth of the Karluk River and extending seaward 3000 feet; all saltwater enclosed by the boundaries of the shoreline of Afognak Island and a line 1500 feet seaward of the shoreline, and navigable fresh waters on Afognak Island enclosed by the National Wildlife Refuge Boundaries. 36 CFR 242.3(b)(7)-(9), 50 CFR 100.3(b)(7)-(9);

    (j) In the Cook Inlet Area, all waters of Alaska enclosed by a line extending east from Cape Douglas (58°52'N.lat.), and a line extending south from Cape Fairfield (148°50'W.long.); and all navigable waters within the boundaries of the Kenai National Wildlife Refuge. See 36 CFR 242.26(e)(10), 50 CFR 100.26(e)(10), as described in 5 AAC 01.550, 36 CFR 242.3(b)(10), 50 CFR 100.3(b)(10);

    (k) In the Prince William Sound Area, all waters of Alaska between the longitude of Cape Fairfield and the longitude of Cape Suckling. See 36 CFR 242.26(e)(11), 50 CFR 100.26(e)(11), as described in 5 AAC 01.600. Navigable waters in

STATE V. BABBITT, ET.AL.
COMPLAINT - PAGE 13


the area include, but are not limited to, the Copper River; the Upper Copper River District; and the Tenada Creek;

  (l) In the Yakutat Area, navigable waters within the boundaries of Glacier Bay National Preserve and all waters between the longitude of Cape Suckling (143°53'W.long.) and the longitude of Cape Fairweather. See 36 CFR 242.26(e)(12), 50 CFR 100.26(e)(12), as described in 5 AAC 01.650, 36 242.3(b)(11), 50 CFR 100.3(b)(11); and

  (m) In the Southeastern Alaska Area, all waters of Alaska between a line projecting southwest from the westernmost tip of Cape Fairweather and Dixon Entrance; and navigable waters within Glacier Bay National Park, including but not limited to the Alsek River, the areas of Lynn Canal, and Glacier Bay. See 36 CFR 242.26(e)(13), 50 CFR 100.26(e)(13), as described in 5 AAC 01.700, 36 CFR 242.3(b)(11), 50 CFR 100.3(b)(11).

  22. Each of the bodies of water referred to in Paragraph 21 is now susceptible of being used or is being used for commerce and, at the time of Alaska's entry into the Union, was susceptible of being used or was used for commerce or is a body of water influenced by the tides, or is a non-navigable water located on non-federal lands. Therefore, these bodies of water are not "public lands" within the meaning of Section 102 of ANILCA, 16 U.S.C. § 3102(3).

STATE V. BABBITT, ET.AL.
COMPLAINT - PAGE 14

## COUNT III

**(Invalidity of Federal Regulations -- Absence of Specific Statutory Authority For Comprehensive Management on Public Lands)**

23. Paragraphs 1-22 of this Complaint are incorporated herein by reference.

24. With respect to the taking of fish and wildlife, Congress declared that nothing in ANILCA is intended to enlarge or diminish Plaintiff's authority for management of fish and wildlife on the "public lands" "except as may be provided in Title VIII." Section 1314(a) of ANILCA, 16 U.S.C. § 3202(a).

25. With respect to the taking of fish and wildlife, Congress also declared that nothing in ANILCA is intended to enlarge or diminish Defendants' authority over the management of the "public lands" "except as specifically provided otherwise" by ANILCA. Section 1314(b) of ANILCA, 16 U.S.C. § 3202(b).

26. Title VIII of ANILCA provides Defendants no specific authority to adopt a comprehensive scheme for fish and wildlife management on the "public lands".

27. The Regulations constitute a comprehensive scheme for fish and wildlife management on the "public lands", specifically covering such matters as seasons, bag limits, and means and methods of take. Issuance by Defendants of such regulations diminishes Plaintiff's authority to manage fish and wildlife on the "public lands" and off the "public lands", in violation of sections 103(c), 1314(a) and (b) of ANILCA.

STATE V. BABBITT, ET.AL.
COMPLAINT - PAGE 15

PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff prays that the Court enter the following orders, judgments and decrees:

1. Entry of a declaratory judgment holding that the Regulations, issued by the Board are unlawful and void as in excess of and contrary to statutory authority as set out in ANILCA to the extent that such regulations purport to extend federal management authority over fish, shellfish and wildlife to areas which are not "public lands" as defined in ANILCA;

2. Entry of a declaratory judgment holding that the bodies of water specifically referred to in Paragraph 21 are not "public lands" as defined in ANILCA, and that Defendants are without authority under ANILCA to regulate or manage the taking of fish and shellfish in such waters;

3. Entry of a declaratory judgment holding that the Regulations are unlawful and void as in excess of statutory authority as set out in ANILCA to the extent that such regulations purport to establish comprehensive management of fish and wildlife on the "public lands" without a showing that such regulation is specifically authorized by ANILCA;

4. Entry of a permanent injunction which enjoins Defendants, their agents and persons acting in concert with them, and their successors, from asserting regulatory authority over the taking and management of fish, shellfish and wildlife on areas which are not "public lands" as defined in ANILCA;

STATE V. BABBITT, ET.AL.
COMPLAINT - PAGE 16

5. An award of Plaintiff's costs, disbursements, and attorneys' fees in undertaking this suit; and

6. The grant to Plaintiff of such other relief as the Court may consider just and proper.

DATED at Anchorage, Alaska this 5th day of March, 1993.

*Cheri C. Jacobus*
Cheri C. Jacobus
Assistant Attorney General

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

STATE V. BABBITT, ET.AL.
COMPLAINT - PAGE 17

Excerpt of Record Page 0032