# EXHIBIT C-19

RECEIVED
MAR 31 1994
Office of
United States Attorney
Anchorage, Alaska

FILED
MAR 31 1994
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KATIE JOHN, et al.,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA, et al.,

    Defendants.

THE STATE OF ALASKA,

    Plaintiff,

vs.

BRUCE BABBITT, Secretary of the Interior, et al.,

    Defendants.

No. A90-0484-CIV (HRH)
(Consolidated)

O R D E R

(Case Status; Stay of Proceedings)

    Concurrent herewith the court has rendered a decision on a group of motions involving plaintiffs, Katie John, et al., and the State of Alaska, and the federal defendants in these consolidated cases. These motions raised two questions:

000589

SENT BY:SUBSISTENCE         Case 3:05-cv-00006-HRH   Document 91-5   Filed 13/06/2006   Page 3 of 9   ;USFS Juneau;# 3/10
APR-01-94 FRI 10:22      BLM ASO 930 L&RR             FAX NO. 9072715478                    P.03

MAR 31 '94 15:22 U.S. ATTORNEY'S OFC.                                                 P.2

(1) Who, as between the Secretaries of the Departments of the Interior and Agriculture on the one hand, and the Alaska Department of Fish and Game on the other hand, are entitled to manage public (federal) lands under Title VIII of ANILCA?

(2) What lands are included in "public lands" for purposes of Title VIII of ANILCA?

The latter question has focused upon the matter of whether or not navigable waters are "public lands" for purposes of ANILCA. The court's decision on these two issues will plainly have far-reaching effect for all concerned. Simply put, enforcement of the court's decision will preclude the State of Alaska from managing fish resources in navigable waters throughout the State of Alaska for subsistence purposes as it has done for in excess of ten years and will require that the Secretaries of the Departments of the Interior and Agriculture, through the Federal Subsistence Board, immediately take over and implement Title VIII of ANILCA as to all navigable waters in the State of Alaska. The court's order will entail a major disruption of the management of fish in Alaska for subsistence purposes. It would be naive of the court to think that its decision will be well received by either state or federal authorities, for each have seemingly been quite satisfied with the status quo. It would not be surprising if both the state and federal governments would desire to seek review of the court's decision on the "who" and "where" issues as regards Title VIII of ANILCA.

Accordingly, this court's decision of March 30, 1994, is stayed for a period of 60 days during which time any party to these consolidated cases may serve and file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

The court's decision of March 30, 1994, involves two controlling questions of law as to which a party might seek interlocutory review:

(1) Does 16 U.S.C. § 3115(a)-(c), when considered with 16 U.S.C. § 3202, fail to empower the Secretaries of the Departments of the Interior and Agriculture to implement Title VIII of ANILCA under circumstances where, as here, the state had once qualified under § 3115(d) to manage fish in Alaska for subsistence purposes by virtue of having adopted a law of general application consistent with Title VIII of ANILCA?

(2) Does the term "public lands" as defined in Title VIII of ANILCA, 16 U.S.C. § 3101(3) include navigable waters within the State of Alaska?

The two foregoing questions are _the_ fundamental issues which affect the implementation of the fishing by rural Alaskans for subsistence purposes. If the court's decision on either of the foregoing questions is not correct, any further action that this court might take in implementing Title VIII of ANILCA would be fundamentally and irreparably flawed. There would be a tremendous, tragic waste of the time and money of federal regulators if the court were to mistakenly require that they assume responsibility for

the management of fish for subsistence purposes in the navigable waters of the State of Alaska.

The court is of the opinion that an immediate review of its decision of March 30, 1994, will materially advance the ultimate termination of this litigation. Indeed, if the court's holding on either of the foregoing issues is wrong, the plaintiffs will, for all practical purposes, have to pursue their subsistence fishing rights first before state regulators and then in state courts, not this federal court.¹ Conversely, if this court's decision is correct, then the court can, with confidence, move forward with implementation of Title VIII of ANILCA in not only this case but also in many other cases, some of which are already pending and present these same issues in one form or another. In short, it is vital to the subsistence fishing programs of both the State of Alaska and the federal government that the court and parties have an early, final decision as to who is going to regulate fish in the navigable waters of Alaska.

Although the court has a high degree of confidence in the appropriateness of its decision, the arguments made by the parties who did not prevail are far from frivolous or baseless. The court entertained multiple rounds of briefing and multiple oral arguments because of the complexity and importance of the issues raised; and, in the language of 28 U.S.C. § 1292(b), there was substantial ground

000595

---

¹ Continuing federal court jurisdiction would be possible under some circumstances but the Katie John case could have to go to state court if public lands do not include navigable waters.

for differing opinions as to the issues which the court has decided in this case.

Accordingly, the court certifies the foregoing issues for interlocutory appeal. Further proceedings in this case and the operation of the court's decision of March 30, 1994, are stayed for a period of 60 days to allow the filing of appeals; and if one or more appeals are filed, the said order and further proceedings in this case will remain stayed pending a decision by the Ninth Circuit Court of Appeals.

In light of the foregoing, any other motions pending in this case are denied with leave to renew the same as provided below.

With the exception of motions concurrently decided by the court in <u>Peratrovich, et al. v. United States of America, et al.</u>, case A92-0734 Civil, all motions pending in all of the jointly managed cases are denied with leave to renew the same as provided below.

<u>Native Village of Stevens et al. v. McVee</u>, case A92-0567 Civil, raises the question of whether or not the Federal Subsistence Board has the power to regulate wildlife off of public lands insofar as is necessary to protect the subsistence taking of wildlife on public lands. The court believes that this same issue is likely to arise as to fisheries also. The court's decision of March 30, 1994, did not reach and was not intended to address this issue. While the court is not wedded to this idea, it strikes the court that the extraterritorial powers, if any, of the Federal Subsistence Board

000597

(inevitably this will become the "Where II" issue) is the next issue of general application which the court should take up.

The Where II issue was raised, briefed, argued and submitted to the court in Native Village of Stevens. It is the court's current, tentative view of this issue that, as presently constituted, the Federal Subsistence Board does not have authority from the Secretaries of the Departments of the Interior and Agriculture to adopt regulations having an effect beyond the boundaries of public lands. Thus, the Where II issue will involve a secondary question of whether the secretaries have power to authorize the Federal Subsistence Board to adopt regulations affecting the management of fish or wildlife on lands other than public (federal) lands. As to the latter question, the court expresses no opinion for two reasons. Firstly, the matter presents exceedingly difficult management problems revolving about how state and federal fish and wildlife management authorities will interrelate and work with one another. See 16 U.S.C. § 3112(3). It is clear to the court that there should, indeed must be, an effective working arrangement between these two fish and game management entities. However, the court entertains doubt as to the circumstances under which it may have the power to intervene so as to require cooperative, joint management of fish and wildlife. Secondly, it strikes the court that extraterritorial jurisdiction is a matter which should (especially because of the court's last comments as to joint management) be addressed in the first instance by the Secretaries of the Departments of the Interior and Agriculture.

SENT BY:SUBSISTENCE Case 3:05-cv-00006-HRH Document 91-5 Filed 11/06/2006 Page 8 of 9 Juneau;# 8/10
APR-01-94 FRI 10:25    BLM ASO 930 L&RR    FAX NO. 9012715479    P.08

MAR 31 '94 15:25 U.S. ATTORNEY'S OFC.    P.7

It will, nevertheless, be the court's inclination, if the parties so desire, to receive updated, supplemental briefing on the Where II issue for the purpose of expanding that discussion to the extent necessary to focus on fisheries rather than wildlife and the possible need for action by the secretaries as to the extra-territorial powers of the Federal Subsistence Board. The court would have the parties address the foregoing in their report to the court as required hereinafter.

Irrespective of whether any appeal is taken from the court's decision of March 30, 1994, counsel for the parties in these jointly managed cases shall, at a date and time agreeable to them at least 60 but not more than 75 days from the date of this order, confer with one another for purposes of evaluating the posture of this and the other jointly managed cases. The court will be particularly interested in the matter of whether there is any motion practice which can meaningfully and appropriately go forward if an interlocutory appeal is taken. If no such appeal is taken, then it will become especially appropriate that counsel consider what additional motion practice is necessary in these jointly managed cases and in what order those motions should be presented and decided by the court. Counsel shall circulate and file a report of this conference on or before June 16, 1994. Upon receipt of that report, the court will convene a status conference in all of the jointly managed cases, if that is the desire of the parties, or enter an appropriate order.

000601

SENT BY:SUBSaseSS05-cv-00006-HRH1-9Document 91-5    Filed 11/06/2006    PageUSR5f 9uneau;# 9/10
APR-01-94 FRI 10:26    BLM ASO 930 L&RR    FAX NO. 9072715479    P.09

MAR 31 '94 15:25 U.S. ATTORNEY'S OFC.    P.8

   A copy of this order shall be served upon counsel for all parties in all of the jointly managed cases. A copy of this order, with an appropriate cover page, shall be filed in all of the jointly managed cases.

   DATED at Anchorage, Alaska, this 30 day of March, 1994.

                                  _____
                                  United States District Judge


cc: See attached service list
    Appeals Clerk

C00603