DEAN K. DUNSMORE
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Defendants


KATIE JOHN, GERALD NICOLIA,    )
       et al.               )
                     )
         Plaintiffs,    )    Case No. 3:05-cv-0006-HRH
                     )     (CONSOLIDATED)
   v.                        )
                     )
THE UNITED STATES OF AMERICA, )
DIRK KEMPTHORNE, et al.,      )
                     )
         Defendants.    )
_____)


REPLY BRIEF OF THE UNITED STATES

TABLE OF CONTENTS

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . 2

I. THE STATE MAY NOT CHALLENGE DEFENDANTS' UTILIZATION OF A RULE
    MAKING TO IDENTIFY PUBLIC LANDS WATERS . . . . . . . . . 2

II. ADJUDICATION IS NOT REQUIRED . . . . . . . . . . . . . 11

III. WHILE THE SECRETARIES HAVE PROPERLY DEFINED THE PUBIC LANDS
    WATERS, THIS ISSUE IS NOT PROPERLY BEFORE THE COURT. . . 15

IV. THE ISSUE OF WHETHER THE REGULATIONS PROPERLY EXCLUDED MARINE
    WATERS SHOULD NOT BE ADDRESSED . . . . . . . . . . . . 17

V. ANILCA SECTIONS 1314 & 1319 ARE NOT INCONSISTENT WITH THE
    CHALLENGED REGULATIONS . . . . . . . . . . . . . . . . 18

VI. INLAND TIDALLY INFLUENCED WATERS ARE PROPERLY SUBJECT TO
    TITLE VIII OF ANILCA . . . . . . . . . . . . . . . . . 19

VII. WATERS ON SELECTED BUT NOT YET CONVEYED LANDS ARE PROPERLY
    SUBJECT TO THE TITLE VIII PRIORITY . . . . . . . . . . 20

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . 22

Defendants' United States et al. submit this brief in reply to the Reply Brief of the State of Alaska (Docket Entry No. 88), hereinafter referred to as "State Reply Brief." The State of Alaska in Case No. 3:05-cv-00158-HRH seeks judicial review of the Final Rule jointly promulgated by the Secretaries of the Interior and Agriculture at 64 Federal Register 1276, 1286-1313 (Jan. 8, 1999), that implemented the decisions in *State of Alaska v. Babbitt*, 72 F.3d 698 (9th Cir. 1995), *cert. denied*, 517 U.S. 1187 (1996), *adhered to en banc following remand sub nom.*, *John v. United States*, 247 F.3d 1032 (9th Cir. 2001), hereinafter referred to as "*Katie John #1.*" The principle contention of the State is that defendants may not determine in a rule making under 5 U.S.C. § 503, the waters that are public lands for purposes of the ANILCA Title VIII priority by reasons of reserved water rights held by the United States in such waters.

The State contends that this determination can only be made following a judicial, adjudicative proceeding, or in a State administrative adjudication in which both the existence of the water right and a quantification of the right is determined. Defendants have shown in the Brief of the United States (Docket Entry No. 78), hereinafter referred to as Defs' Brief,[1] that the State's contentions are contrary to and barred by the

---

[1]    Defendants use herein the same abbreviations and acronyms used in Defs' Brief.

determinations in the *Katie John #1*, and that these contentions are contrary to established law. Defendants have also shown that the State did not present these arguments to the agency during the rule making. Therefore, it cannot be presented for the first time in this Court. As defendants will show herein, the arguments in the State Reply Brief fail to refute the arguments already presented by defendants.

Significantly, the State does not dispute that the adjudication process it contends is required is burdensome and would require years and even decades to complete. Since the State contends that this process must be completed for each specific body of water before that water can be deemed to be public lands for purposes of the ANILCA Title VIII priority, the State does not dispute that it is effectively seeking to deny to rural Alaska residents for these same years and decades the priority to which the are entitled. That is contrary to clear intent of the *Katie John #1* decisions.

ARGUMENT

I. THE STATE MAY NOT CHALLENGE DEFENDANTS' UTILIZATION OF A RULE MAKING TO IDENTIFY PUBLIC LANDS WATERS

Defendants have shown that the State is precluded from contending that the use of a rule making to determine the waters that are public lands for purposes of Title VIII of ANILCA by reason of a reserved water right is not improper. Defs' Brief at 12-20. As shown therein, the State is precluded by reason of the

prior litigation in the *Katie John #1* case, the State's own admissions of what was held in *Katie John #1*, and for failure to exhaust administrative remedies.

The State would interpret the *Katie John #1* decisions, and especially the directives that the defendants promptly determine the waters that are public lands by reason of reserved water rights, as mere non-controlling dictum. To the contrary, the relevant determinations in *Katie John # 1* were clearly not dictum. In determining whether FRWRs were sufficient to make waters public lands, the Court of Appeals first discussed, as a necessary prerequisite to its ruling, the nature of FRWRs. As noted by the Court of Appeals, such rights require a determination of whether the United States intended to reserve such rights, and that this intent "is inferred if those waters are necessary to accomplish the purposes for which the land was reserved." 72 F.3d at 703.

Based on this understanding of the basis for FRWRs, the Court of Appeals concluded that such rights were a sufficient Federal interest to make such waters public lands for purposes of the Title VIII priority. Thus, the Court of Appeals clearly recognized as an integral part of its decision in *Katie John #1* that, if a reserved water right is necessary to fulfill the purposes of a federal reservation, there is a FRWR. This holding clearly was not dictum. This holding also clearly formed the

basis for the remand to the Secretaries to promptly identify such waters. 72 F.3d at 703-04.

Whether and to what extent FRWRs were sufficient to make waters public lands for purposes of Title VIII, contrary to the State's contentions, was also actually litigated and decided in *Katie John #1.* As shown in Defs' Brief at 15-17, and in the Brief of the Alaska Federation of Natives and Katie John, *et al.* (hereinafter referred to as AFN Brief) at 8-12, the State in its *en banc* appeal in *Katie John #1* explicitly stated that the panel decision in 72 F.3d 698: "charged the federal regulators with the task of 'identifying those waters.'" *Katie John v. United States*, No. 00-35121 (9th Circuit), En Banc Brief for Appellants State of Alaska and Frank Rue, at 8, Exhibit 6 to Defs' Brief. The ANILCA-directed means for the Secretaries to do that is the promulgation of regulations. 16 U.S.C. § 3124.

The State in its *en banc* appeal also specifically sought reversal of the panel's decision. Instead of granting the requested reversal, a the *en banc* court concluded:

> A majority of the en banc court has determined that the judgment rendered by the prior panel, and adopted by the district court, should not be disturbed or altered by the en banc court.

247 F.3d at 1033. The State has, therefore, **actually litigated and lost** on the issues it now presents to this Court. The State is barred from now relitigating those issues. Defs' Brief at 13-

17; AFN Brief at 7-12.

The State notes that this Court recognized that there were "issues" that remained unresolved in the cases that were jointly managed with the *Katie John #1* case, and that the Court dismissed these without prejudice. State Reply Brief at 8. The State contends that its current challenge was among the "issues" so dismissed without prejudice. That is incorrect.

What this Court noted as remaining unresolved were other "claims," not "issues," that had been pending, but stayed for many years. Order Case Status filed January 6, 2000, Exhibit C-15 to State Reply Brief at 1-2. It was these "claims" for which proceedings had been stayed that were dismissed without prejudice. The claims of the State and the Katie John plaintiffs in *Katie John #1* regarding the extent to which navigable waters are public lands for purposes of ANILCA Title VIII were clearly not among the stayed claims. The judgment, as modified by the 1995 panel decision in *Katie John #1*, 72 F.3d 698, was issued on precisely the "where" claims. Order Case Status, Exhibit C-15 at 2; Judgment in a Civil Case, filed January 7, 200, Exhibits C-13 and C-14 to State Reply Brief.

The State contends that the parties to the *Katie John # 1* litigation recognized that implementation of that decision would be addressed in a future lawsuit. State Reply Brief at 16-17. There is a difference, however, between agreeing that

implementation of the decision would be subject to further litigation and agreeing that the issues determined in *Katie John #1* could be relitigated. Defendants have never agreed that the matters determined in *Katie John #1* can be relitigated. Obviously, the actual designation of the waters to be identified by the Secretaries as public lands for purposes of Title VIII could be the subject of judicial review. That, however, is the "which waters" issue identified in the Order (Docket Entry No. 66) filed April 26, 2006, at 2-3.

Even if the State was not barred by reason of the former adjudication from presenting its present contentions, this claim is barred for failure to exhaust administrative remedies. The State does not dispute that during the rule making proceeding before the agency, it did not raise an objection to the determination by regulation of the waters that are public lands by reason of a FRWR, or contend that adjudication, including quantification of those rights, is required before the Title VIII priority can be extended to any such waters. The State does not dispute that the contentions it now makes are presented for the first time in this Court. Instead, the State contends that it was not required to present these contentions to the agency, or that it should be excused from any exhaustion requirement because it sufficiently objected to the proposed rule making. State Reply Brief at 10-14. These contentions must be rejected.

The State relies on *Darby v. Cisneros*, 509 U.S. 137 (1993), and *Northwest Environmental Defense Center v. Bonneville Power Administration*, 117 F.3d 1520 (9th Cir. 1997), as establishing that federal courts, unless otherwise required by statute or regulation, have limited authority to require exhaustion of remedies in a case brought under the APA. *Darby v. Cisneros*, however, only addressed the issue of whether all judicial review was precluded for failure to exhaust administrative remedies. It did not address the issue presented in this case.

Similarly, as is recognized in *Association of Public Energy Customers, Inc. v. Bonneville Power Administration*, 126 F.3d 1158, 1185 n. 11 (9th Cir. 1997), the *Northwest Environmental Defense Center* decision relied upon by the State addressed only whether an issue regarding the public comment process itself may be presented for the first time in the courts. The Court of Appeals also found that the *Northwest Environmental Defense Center* decision did not address the issue of whether a substantive issue could similarly be presented for the first time in the court.

Therefore, the cases relied upon by the State are not applicable to or controlling in this case. Defendants do not contend herein that the State is precluded from obtaining any judicial review of the final rule published in 64 Federal Register 1276, 1286-1313 (Jan. 8, 1999). Defendants contend only

that because the State did not object to the proposed
determination without adjudication in the rule making of the
waters that are public lands for Title VIII purposes by reason of
a FRWR, the State is precluded from objecting to that procedure
for the first time in this Court.

Further, the Ninth Circuit recognizes a distinction between
whether the failure to exhaust administrative remedies operates
to preclude all judicial review, and whether it only forecloses
arguments that were not timely presented to the agency. *Universal
Health Services Inc. v. Thompson*, 363 F.3d 1013, 1020 (9th Cir.
2004). With respect to this distinction, the Ninth Circuit has,
in the context of a rule making, determined that if there has
been a failure to raise an issue in comments to a proposed rule
making, then that issue cannot be raised in an action for
judicial review of the final rule. *Universal Health Services
Inc.*, 363 F.3d at 1020-21; *Exxon Mobil Corp. v. United States
Environmental Protection Agency*, 271 F.3d 1246, 1249 (9th Cir.
2000).[2]

The State attempts to avoid this bar by contending that this
issue was raised by the agency itself. In support of this

---

[2]     The court in *Universal Health Services* noted that the
decision in *Exxon Mobil Corp*. established the law of the circuit,
and, pending any *en banc* review, that decision is binding on all
panels of that court. 363 F.3d at 1019. Therefore, it is
unquestionably binding on this Court.

contention, the State relies on a partial and therefore, misleading quotation from one letter of an official of the Department of the Interior. State Reply Brief at 7, 11. The referenced document is dated September 11, 1995, and predates both the publication of a notice of an Advance Notice of Proposed Rulemaking, 61 Federal Register 15014-18 (April 4, 1996), and the proposed rule making in 62 Federal Register 66216 (Dec. 17, 1997). The full quotation (with the portion deleted by the State shown in added emphasis) reads as follows:

> 4. ***The draft regulations should make clear that the <u>Katie John</u> decision requires that the federal agencies identify lands that have reserved water rights, but that the agencies are not required to quantify these rights.*** The regulation package needs to make clear that these are NOT federal reserved water rights claims for the purpose of adjudicating reserved water right claims nor for any other purpose not directly related to implementation of Title VIII of ANILCA.

8 AR Tab 410 at 9954.

This was merely a description of the requirements of the *Katie John #1* panel decision. This statement does not indicate that the agency felt that there was any dispute that adjudication and quantification was not required. If the State truly believed that this was required, and there is no indication that the State articulated any such belief until this action was filed, this could and should have been presented in the comments to the proposed rule.

The State references, State Reply Brief at 12, to one statement in the administrative record that any proposed rule to be published should "identify the navigable water reach" and the "quantity and quality of the water reserved." 10 AR Tab 225 at 5505. The author of this statement did not, however, say that this had to be done in an adjudication, only that any proposed rule should set forth this information. This statement is also not in response to the 1997 proposed rule making, but was submitted in response to the Advance Notice of Proposed Rulemaking, 61 Federal Register 15014-18 (April 4, 1996). As shown in Def's Brief at 18-20, no comment of this nature was made on the proposed rule, and the State identifies no references to any such statements in the comments to the proposed rule. The proposed rule, 62 Federal Register 66216, 66222-25 (Dec. 17, 1997), specified waters that the Secretaries proposed to deem as public lands and clearly proposed to do so without determining the quality and quantity of these waters. If anyone, including the State, believed that this was inadequate or an unlawful procedure, appropriate comments on the proposed rule should have been submitted.

The State does not contend that there are any exceptional circumstances that might permit the Court to waive any exhaustion remedies requirement. What is clear is that the State merely hired private counsel who decided to take a different position

than was taken by the prior administration of Governor Knowles.
That does not constitute an exceptional circumstance. That is
especially so where the State has not only taken a new position,
but waited until the very eve of the expiration of the statute of
limitations, 28 U.S.C. § 2401(a), before commencing this action.
This delay, especially where the State does not dispute the
burden and resulting time delay that its new position would
create, is prejudicial to the agencies and rural Alaskans who
have relied upon the State's prior position. Even if the State
were able to change its position because of a changed
administration, its delay until the last minute should be
rejected as barred by the doctrine of laches.

## II. ADJUDICATION IS NOT REQUIRED

Even if the State were not precluded from contending that
the Secretaries may not determine by regulation the waters that
are public lands by reason of a FRWR, defendants have shown in
Defs' Brief at 20-40 that this contention must be rejected on the
merits.[3]

The State's contentions that the *Katie John #1* decisions did
not permit the Secretaries to determine and designate by rule
making the waters in which the United States held reserved water
rights is contradicted by the State's own description of the

---

[3]    AFN and the Katie John plaintiffs have also similarly shown
the errors of the State's contentions. AFN Brief at 14-23.

Case No. 3:05-cv-00006-HRH
REPLY BRIEF OF U.S.

panel's decision that was affirmed by a majority of the *en banc* court. The State acknowledged in its written comments to the proposed rule published in 62 Federal Register 66216 (Dec. 17, 1997), that pursuant to the *Katie John #1* decision "the federal agencies are required to extend ANILCA title VIII jurisdiction to navigable waters in which the United States **claims** a water right...." 15 AR Tab 352 at 8424 (emphasis added).

The State also conceded that in promulgating the challenged January 1999 final rule, the agencies were complying with the decision of the Court of Appeals. In response to the Government's contention that the promulgation of this final rule rendered the State's second appeal moot, the State responded in part:

> Here, the regulations simply <u>implement</u> the legal ruling from which the State has properly appealed. *** The final judgment in this case incorporated that decision, which both held that the federal agencies must regulate fishing on Alaska's navigable waters and ordered them to issue regulations. If the judgment is reversed, then the legal basis for the regulations will no longer exist. (Underscoring in original)

*Katie John v. United States*, No. 00-35121 (9th Cir), En Banc Reply Brief for Appellants State of Alaska and Frank Rue, at 39-40, Exhibit 1 to Defs' Brief.

The State also recognized that the panel decision of the Ninth Circuit "charged the federal regulators with the task of 'identifying those waters.'" *Katie John et al. v. United States*

*et al.,* No. 00-35121 (9th Circuit), En Banc Brief for Appellants
State of Alaska and Frank Rue, at 8, Exhibit 6 to Defs' Brief.
*See also Id.* at 31: "[T]he panel charged that the federal
agencies that administer the subsistence priority are responsible
for identifying those waters."[4/] The State also specifically
recognized, that pursuant to the panel decision, under ANILCA the
mere existence of an implied water right, no matter how small,
caused the waters to be public lands subject to Title VIII. En
Banc Reply Brief for Appellants State of Alaska and Frank Rue, at
34-35. The State's present contentions that the determinations in
the *Katie John #1* decisions are mere dicta are, therefore, belied
by the State's own statements of record.

Defendants have also shown that quantification of these
rights is not a prerequisite for such rights. Defs' Brief at 30-
35. If a purpose of the reservation would be defeated without the
reservation of water, then the water needed to fulfill that
purpose is reserved. *Id.* 35-40. None of the authorities
referenced by the State are to the contrary. Nor do they support
at all the contention that a FRWR does not exist until that right
has been formally adjudicated, and it is the allegation that
formal adjudication is required upon which the State's entire

---

[4/]    This statement also directly contradicts the contention in
the State Reply Brief at 19 that: "[T]he agencies do not get to
judge the claims and assertions they make and nothing in ANILCA
gives them that authority."

present contentions are based.[5/]

The State implies that the United States has conceded by the submission of applications for water rights with the Alaska Department of Natural Resources (DHR) that adjudication is required as a prerequisite for FRWRs. State Reply Brief at 20 n. 24. Agencies may indeed make such formal applications for various reasons including to acquire rights other than FRWRs. *See* Solicitor's Opinion M-36914 (Supp I), 88 Interior Dec. 1055, 1981 WL 143261 (Sept. 11, 1981). Therefore, the submission of these applications does not constitute an admission that application and adjudication is required as a prerequisite for FRWRs.[6/]

---

[5/]    The State also suggests that a basin-wide adjudication of these rights is not required. State Reply Brief at 19. It does not explain, however, why this is so. In any adjudication, and especially the quantification the State alleges would be required, the principles of due process require notice to be given to all persons and entities who might claim a right to any of the waters at issue. That alone necessitates joinder of all persons within a watershed if the adjudication is to have binding effect. There is no point in engaging in a burdensome water rights adjudication process, if it will not be conclusive on all persons.

[6/]    The material submitted by the State does show that any resort to the State system would only indefinitely delay any such determinations. The State's Exhibit 20 at 7 shows that there are 205 pending applications submitted by federal agencies action while action has been taken on only 23. One of the pending applications is for ANWR Lake #6. Exhibit 20 at 3. That application has been pending since at least July 1996. Exhibit 10 hereto at 1. (Exhibits 1-9 accompanied Defs' Brief.)

III. WHILE THE SECRETARIES HAVE PROPERLY DEFINED THE PUBIC LANDS WATERS, THIS ISSUE IS NOT PROPERLY BEFORE THE COURT.

Independent of the issue of whether the Secretaries may determine by regulation the waters that are public lands for purposes of the ANILCA Title VIII priority, the State contends that the identification of these waters in the January 8, 1999 regulations fails to adequately support these determinations, and that the arguments offered in Defs' Brief in support of these regulations constitute post hoc legal arguments of counsel and not the agency. State Reply Brief at 26-27. These contentions are erroneous.

First, whether any waters have properly been determined to be public lands is a "which waters" issue, and pursuant to the Order (Docket Entry No. 66) filed April 26, 2006, at 3, is not to be addressed in the current proceedings. The arguments to which the State objects were not presented to defend against any claim that the determinations for any specific waters are or are not correct. Defs' Brief at 30, n. 17. Defendants' arguments were presented to show that, given the express language of ANILCA, that it is possible and reasonable for the Secretaries to determine in a rule making proceeding that the purpose of the ANILCA Federal reservations would be defeated absent a reservation of the water needed to fulfill those purposes. Thus, these arguments are not an attorney's post hoc rationalization for any specific determination.

The Secretaries also noted in their rule making that: "Congress specifically identifies in ANILCA that fish and wildlife resources and water quality and quantity are purposes of most conservation system units." 70 Federal Register 76400, 76403 (Dec. 27, 2005). Defs' Brief at 35-40 merely provides by quotation and references specific examples where ANILCA so provided. These arguments are, therefore, not post hoc rationalizations by counsel, but examples supporting the Secretaries' observation.

The State's action seeks review of the January 9, 1999 final rule published in 64 Federal Register 1276, and not of the December 27, 2005 final rule amending the 1999 regulations. However, the proposal to amend these regulations, 69 Federal Register 70940-44 (Dec. 8, 2004), that lead to the December 2005 final rule is referenced in the State's Complaint for Declaratory and Injunctive Relief ¶¶ 33, 54. As already shown in Defs' Brief at 6-8, the December 2005 rule making was a clarification and explanation of the basis of the January 1999 final rule and how that rule works. The statements are the official position of the Secretaries and not post hoc rationalizations of counsel.

The State does not dispute that the provisions of ANILCA discussed and quoted in Defs' Brief at 36-38 set forth explicit primary purposes of the conservation systems units created and/or expanded by ANILCA that would be defeated absent the reservation

of a rights to the waters located on or adjacent to those reservations. Therefore, if the issue of whether these waters were properly determined to be subject to a FRWR were before the Court during this "what process" briefing phase, the Court should affirm the determinations in 1999 final rule. Moreover, the referenced statements of purposes set forth in ANILCA demonstrate that the Secretaries can for purposes of Title VIII determine the waters in which the United States holds a FRWR in a rule making, and that a prior adjudication to make those determinations is not necessary.

### IV. THE ISSUE OF WHETHER THE REGULATIONS PROPERLY EXCLUDED MARINE WATERS SHOULD NOT BE ADDRESSED

The regulations issued by the Secretaries explicitly do not claim that the United States holds FRWRs in marine waters. 70 Federal Register 76403 (Dec. 27, 2005). The Peratrovich plaintiffs in *Lincoln Peratrovich et al. v. United States et al.*, No. 3:92-cv-00734-HRH, contend that marine waters within the Tongass National Forest are subject to FRWRs; and therefore, should have been determined to be public lands subject to the ANILCA Title VIII priority. Supplemental Brief of Related Case Plaintiffs Peratrovich, *et al.* On the "What Process" Issue (Docket Entry No. 81) filed October 23, 2006, at 4-5. They, however, also agree that this is not an issue to be determined in this "what process" phase, but in the later "which waters" phase, and present their contentions at this time only to avoid any

later contention that they have conceded this issue. *Id*. at 3, 6.
Therefore, the issue of whether the United States holds FRWRs in
any marine waters of the Tongass is not before the Court at the
present time.[1]

### V. ANILCA SECTIONS 1314 & 1319 ARE NOT INCONSISTENT WITH THE CHALLENGED REGULATIONS

Defendants have shown that the challenged regulations do not
violate either section 1314 (16 U.S.C. § 3202) or section 1319
(16 U.S.C. § 3207) of ANILCA. Defs' Brief at 27-29. The State
previously presented this same basic argument in support of its
position with respect to the "who" issue in the Katie John #1
litigation. Exhibit 11 and 12 hereto. These arguments were fully
litigated and decided adversely to the State in that prior
litigation. Exhibit 13 hereto. Those determinations should be
binding on the State in this litigation.

Nevertheless, the State's contentions also fail on the
merits. The State apparently concedes that section 1314 is not
violated. State Reply Brief at 29-31. The State acknowledges that
section 1314 contains an express exception for the Title VIII of
ANILCA. *Id*. at 30. The State, nevertheless, contends that section
1319 sets forth limitations that must be reflected by limiting
the Secretaries' interpretation of the waters to which the Title
VIII priority extends. *Id*. at 30-31.

---

[1]    The United States maintains that exclusion of marine waters
is proper.

Section 1319 as quoted in Defs' Brief at 28-29, shows only that ANILCA was not intended to change the existing law regarding water rights. Because that existing law recognizes that reservation of a right to water occurs with the creation of federal reservations, Defs' Brief at 25-35, nothing in Section 1319 precludes the creation of FRWRs in Alaska, or requires the adjudication of those water rights as a prerequisite for the Secretaries' determinations at issue.

## VI. INLAND TIDALLY INFLUENCED WATERS ARE PROPERLY SUBJECT TO TITLE VIII OF ANILCA

The State continues to object to the inclusion as public lands of tidally influenced inland waters, and to the use of headlands-to-headlands methodology to establish where such inland waters end. State Reply Brief at 33-35. The State's objections are not appropriate for this proper "what process" briefing phase, but for the which waters phase.

The heart of the State's objection is based on a misreading and improper extension of the limitation of section 103(a) of ANILCA, 16 U.S.C. § 3103(a). The State contends that the reference in section 103(a) to the mean high tide line refers to all waters that are tidally influenced. The language of the statute is, however, more limited and refers only to the seaward portion of coastal areas.[8] It does not refer to the non-seaward

---

[8]    The relevant portion of section 103(a) reads as follows:

(continued...)

portions of inland waters (such as rivers) that may also happen
to be tidally influenced.

Further, the maps published in the Federal Register pursuant
to section 103 establishing the boundaries of the various units
include inland waters including any tidally influenced waters
within those units. *E.g.* 48 Federal Register 7928, 7936, 7941,
7949, 7968, 8017 (Fed. 24, 1983). Therefore, the State's
contentions that all tidally influenced waters must be excluded
from those deemed to be public lands subject the ANILCA Title
VIII priority must be rejected.

### VII. WATERS ON SELECTED BUT NOT YET CONVEYED LANDS ARE PROPERLY SUBJECT TO THE TITLE VIII PRIORITY

The State continues to object to the inclusion of lands
selected by but not yet conveyed to either the State or Alaska
Native corporations as lands to which the ANILCA Title VIII
priority applies. State Reply Brief at 35-37. The State relies on
the exception for such lands in the ANILCA definition of public
lands, 16 U.S.C. § 3102(3)(A) & (B), and overlooks the separate
requirements of 906 of ANILCA, 16 U.S.C. § 1635, upon which the
Secretaries rely. As shown in Defs' Brief at 48-50, not

---

[8]/(...continued)

> But the boundaries of areas added to the
> national Park, Wildlife Refuge and National
> Forest Systems shall, in coastal areas not
> extend seaward beyond the mean high tide line
> to include lands owned by the State of Alaska
> unless the State shall have concurred in such
> boundary extension....

withstanding the definition of public lands, section 906(o) of
ANILCA creates additional management duties that the Secretaries
have reasonably interpreted to require them to manage selected
but not yet conveyed lands within conservation system units as
also subject to the ANILCA Title VIII priority. In so doing, the
Secretaries have reasonably interpreted and harmonized
potentially conflicting statutory provisions so as to give
meaning to both. *See Citizens to Save Spencer County v. United
States Environmental Protection Agency*, 600 F.2d 844, 889-90
(D.C. Cir. 1979) (affirming as reasonable the interpretation of
facially inconsistent provisions of the Clean Air Act so as to
give meaning to both).

The State also objects to what it now contends is a
"startling new argument" that the Title VIII priority extends to
all waters within a conservation system units. State Reply Brief
at 36. There is nothing new about that contention. The January 8,
1999 regulation clearly includes "all navigable and non-navigable
waters within the exterior boundaries" of the conservation system
units listed in the regulations. 64 Federal Register 1286-87.
Nor, given the nature of FRWRs as shown in Defs' Brief at 30-40,
is this a novel position. The waters in which FRWRs are held are
not limited to only those portions of the waters which are
physically within the boundaries of a reservation. It is the
State that would now create a novel limitation of FRWRs.

CONCLUSION

For the foregoing reasons and for the reasons already stated in Defs' Brief, the State's "What Process" objections to the determinations of the waters that are public lands should be rejected in their entirety.

Dated this 28th day of December, 2006.

s/Dean K. Dunsmore
DEAN K. DUNSMORE
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: dean.dunsmore@usdoj.gov
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th day of December, 2006, a copy of the foregoing REPLY BRIEF OF THE UNITED STATES and exhibits thereto were served electronically to the following:

Heather R. Kendall-Miller
Robert T. Anderson
William F. Sherman
Randolph H. Barnhouse
Steven A. Daugherty
Joanne Grace
William P. Horn
Gregory S. Fisher
Carol H. Daniel
James H. Lister

s/Dean K. Dunsmore
Dean K. Dunsmore