DEAN K. DUNSMORE
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KATIE JOHN, CHARLES ERHART,    )
        et al.                 )
                               )
            Plaintiffs,        )    Case No. 3:05-cv-0006-HRH
                               )    (CONSOLIDATED)
    v.                         )
                               )
THE UNITED STATES OF AMERICA,  )    DEFENDANTS' REPORT RE:
DIRK KEMPTHORNE, et al.,       )    SCHEDULING
                               )
            Defendants.        )
_____)

        The Decision The Process for Identification of Federally

Reserved Waters (Docket Entry No. 110) filed May 17, 2007, at

page 32, required the parties to confer and "by May 31, 2007

propose to the court a plan and a schedule for briefing the

'which waters' issues." The parties have conferred, but have been

unable to agree on a plan and proposed schedule. Therefore, the

defendants United States of America et al. submit this report on

their own behalf and on behalf of the *Katie John* plaintiffs,

intervenor Alaska Federation of Natives, and the plaintiffs in

*Lincoln Peratrovich et al. v. United States et al*, No. 3:92-cv-0734-HRH.

Defendants note that there is an existing schedule for the briefing of the "which waters" issues, that was previously agreed upon by the parties. Order Motion to Modify Briefing Schedule (Docket Entry No. 108) filed January 19, 2007; Defendants' Motion to Modify Briefing Schedule (Docket Entry No. 105) filed January 17, 2007, ¶ 3 at 2-3. With but two slight modification, defendants suggest that this previously agreed upon schedule be continued.

The first modification is to reflect that the plaintiffs in *Lincoln Peratrovich et al. v. United States et al*, No. 3:92-cv-0734-HRH, have also presented a "which waters" issue. That issue is whether the United States holds a reserved water right in the marine waters of the Tongass National Forest; and therefore, the regulations promulgated by the Secretaries should have included these waters as public lands subject to the subsistence use priority in 16 U.S.C. §§ 3113-3114. Order Motion for Judgment on the Pleadings (Docket Entry No. 178 in Case No. 3:92-cv-00734-HRH) filed May 31, 2006, at 27-28. Therefore, it is appropriate to add briefing on that issue to the existing briefing schedule.

A second modification is appropriate to adjust the existing time schedule to reflect that by reason of the date of the Court's decision on the what process issue, May 17, 2007, two of

the due dates for subsequent briefing would fall on the day after
Thanksgiving 2007, and another during the Christmas 2007 - New
Year's Day 2008 holiday period.[1] In order to reflect those
conflicts and to incorporate the claim of the *Peratrovich*
plaintiffs, defendants suggest the following modified schedule:

The State's Opening Brief on the "Which Process" Issue
shall be filed and served by July 16, 2007; and
that the following deadlines are established for the
subsequent briefs on the "Which Waters" issue:[2]

| | |
|---|---|
| AOC's Supplemental Brief: | 21 days after filing of State's Opening Brief [August 6, 2007] |
| United States' Response: | 60 days after filing of AOC's Supplemental Brief [October 5, 2007] |
| Katie John's Response and John and Peratrovich Affirmative Claim and AFN Supplemental Response: | 21 days after filing of United States' Response [October 26, 2007] |
| State's Reply & AOC's Supplemental Reply: | 35 days after filing of Katie John's Response, et al. |

---

[1]   Specifically, the supplemental briefs of the State and the
Alaska Outdoor Council to the Katie John and Alaska Federation's
briefs would be due on Friday, November 23, 2007, and the final
reply brief of the Katie John plaintiffs would be due December
28, 2007. Order (Docket Entry No. 108) at 2.

[2]   Changes from the existing order have been underlined. The
dates in brackets are the due dates that would result if all
briefs were filed on the initial dues dates.

[November 30, 2007]

United States' Response
to John and <u>Peratrovich</u>:      <u>41</u> days after filing of
                                    State's and AOC's Suppl-
                                    mental Reply
                                    [January 11, 2008]

John and <u>Peratrovich</u>
Replies:                            <u>21</u> days after filing of
                                    United States' Response
                                    February 1, 2008]

     Defendants propose that a specific date be established only
for the initial brief of the State. In the not unlikely event
that a party may need and be granted an enlargement of time, any
subsequent due dates would also be automatically moved.

     The consolidated action challenges the regulations
promulgated in 64 Federal Register 1276, 1286-131 (Jan. 8, 1999).
The *Katie John* plaintiffs allege that these regulations fail to
include as public lands waters upstream and downstream from
conservation system units and fail to include waters on Native
allotments. *Katie John* Complaint for Declaratory Judgment (Docket
Entry No. 1), ¶¶ 42-45. The State contends that the United States
has unlawfully applied the reserved water rights doctrine, and
have unlawfully included marine waters as public lands. *State of
Alaska* Complaint for Declaratory and Injunctive Relief (Docket
Entry No. 1) ¶¶ 46-59.

     With respect to the application of reserved water rights,
the State's only remaining claim would appear to be whether the

purposes of specific reservations were such that they include a reserved water right. These reservations are specifically denominated in 36 C.F.R. § 242.3(c) and 50 C.F.R. § 100.3(c). Given the explicit purposes of the reservations, Brief of the United States (Docket Entry No. 78) filed October 10, 2006, at 35-40, it is very doubtful that the State will challenge many of these determinations.

With respect to marine waters, the issue as identified by the State involves the regulatory distinction between inland and marine waters, and the use of a headlands-to-headlands process to determine where rivers end and the sea begins. Plaintiff State of Alaska's Opening Brief (Docket Entry No. 68) filed July 14, 2006, at 35-38; Brief of the United States, *supra.* at 40-44.

The challenges presented by the State and the *Katie John* plaintiffs as well as the *Peratrovich* plaintiffs are ones that should be readily addressable under the schedule proposed above.

Dated this 31st day of May, 2007.

s/Dean K. Dunsmore
DEAN K. DUNSMORE
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: dean.dunsmore@usdoj.gov
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of May, 2007, a copy of the foregoing DEFENDANTS' REPORT RE: SCHEDULING was served electronically to the following:

Heather R. Kendall-Miller
Robert T. Anderson
William F. Sherman
Randolph H. Barnhouse
Steven A. Daugherty
Joanne Grace
William P. Horn
Gregory S. Fisher
Carol H. Daniel


s/Dean K. Dunsmore
Dean K. Dunsmore