Heather R. Kendall Miller
Alaska Bar No. 9211084
NATIVE AMERICAN RIGHTS FUND
420 L St., Suite 505
Anchorage, Alaska 99501
Telephone (907 276-0680
Facsimile: (907) 276-2466
Email: kendall@narf.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| KATIE JOHN, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | No. 3:05-cv-0006 (HRH) |
| | ) | (Consolidated with) |
| v. | ) | No. 3:05-cv-0158 (HRH) |
| | ) | |
| UNITED STATES OF AMERICA, *et al.* | ) | MOTION TO AMEND |
| | ) | ORDER ESTABLISHING |
| Defendants, | ) | BRIEFING SCHEDULE |
| | ) | |

Katie John, *et al.* hereby moves to amend this Court's Order establishing Briefing Schedule (Dkt. No. 115) for briefing the "which waters" issue in the two consolidated cases, for the following reasons:

1.  Katie John, *et al.* are intervenors in *Alaska v. Kempthone*, No. 3:05-cv-0158-HRH and aligned with the United States as a defendant in that action. To avoid duplication, Katie John's response brief should follow the United States response to the State of Alaska by two weeks. Katie John, *et al.* requests that the court amend the scheduling order to provide intervenors' supplemental response brief to the State be due two weeks after the United States files its response to the State's opening brief.

2. Katie John *et al.'s* opening brief on their affirmative claims should not be filed simultaneously with the State's opening brief on its APA challenge. The Scheduling Order mistakenly assumes that the Katie John plaintiffs will proceed to litigate "test cases" as set forth in the State's scheduling proposal (Dkt. # 113). The State views its APA challenge as turning on facts specific to certain waterways and incorrectly assumes that "the Katie John parties [will] present the applicable facts regarding at least one reach of a waterway that is upstream of a CSU." State's Plan for Br. Which Waters at 5 (Dkt. # 113). The Katie John plaintiffs have no intention of litigating "facts," as their ANILCA claims concern issues of law.

Unlike the State's more limited APA challenge, in their case the Katie John plaintiffs have brought a challenge pursuant to section 807 of ANILCA for failure to provide a priority for subsistence uses on Alaska Native allotments and in waters that extend upstream and downstream from ANILCA's CSUs. The nature and extent of federal reserved waters in Alaska, which the Ninth Circuit has held to constitute public lands where the subsistence priority extends, will be determined under principles of law. The Supreme Court has established a relatively simple test for ascertaining the nature and scope of reserved waters rights, on which the Ninth Circuit relied in Katie John:

> In determining whether there is a federally reserved water right implicit in a federal reservation of public land, the issue is whether the Government intended to reserve unappropriated and thus available water. Intent is inferred if the previously unappropriated waters are necessary to accomplish the purposes for which the reservation was created.

*Cappaert v. United States*, 426 U.S 128, 138 (1976). The Court has explained the nature of this determination of what is "necessary to accomplish the [reservation's] purposes" in the following terms:

-2-

> Each time this Court has applied the "implied-reservation-of-water doctrine," it has carefully examined both the asserted water rights and the specific purposes for which the land was reserved, and concluded that without the water the purposes of the reservation would be entirely defeated.

*United States v. New Mexico*, 438 U.S. 696, 700 (1978).  Thus, this Court's resolution of the issues presented by the Katie John plaintiffs will turn on the examination of the purposes of the CSUs established or expanded by ANILCA, not on facts specific to a test case waterway.  While the State is free to litigate its case as it sees fit, the Katie John plaintiffs should not be forced to present their case in a similar manner.  The distinctions in case approach favors a modified briefing schedule along the lines previously agreed to by the parties and approved by this Court. *See, e.g.*, Dkt. No.108.

       3.      The briefing schedule should also be modified to reflect the fact that the State of Alaska has not intervened in *Katie John v. United States*, No. 3:05-cv-0006-HRH and is therefore not a party to that action.  As a non-party, the State has no right to respond to Katie John, *et al.'s* ANILCA claim.  This fact, alone, favors a consecutive briefing schedule as previously agreed to.  Moreover, if the Katie John plaintiffs have to file simultaneous briefs with the State, the United States will be forced to respond to both at the same time.

       4.      Finally, counsel for Katie John plaintiffs relied on this Court's approval of the parties' previously agreed to scheduling of the "which waters" issue and made extensive plans to travel this summer.  To alter those plans now, to accommodate the state's new briefing proposal, would create great hardship.

       For the foregoing reasons, Katie John *et al.* respectfully requests this Court to modify this Court's Order Briefing Schedule ( Dkt. No. 115) to reinstate consecutive briefing as follows:

| | |
|---|---|
| State files its opening brief advancing challenges to the rule-making | 07/23/07 |
| AOC's Supplemental Brief: | 08/06/07 |
| United States' Response to State | 09/26/07 |
| AFN & Katie John Response & John and Peratrovich Affirmative Claim | 10/26/07 |
| State's Reply | 11/09/07 |
| United States' Response to John & Peratrovich Affirmative claims | 01/11/08 |
| John & Peratrovich Replies | 02/01/08 |

In the alternative, Katie John *et al.* respectfully requests that the Court hold a scheduling conference call to review the issues presented by the competing briefing plans.

June 4, 2007                                             Respectfully submitted,

/s/Heather R. Kendall Miller
Heather R. Kendall Miller
Alaska Bar No. 9211084
NATIVE AMERICAN RIGHTS FUND
420 L Str., suite 505
Anchorage, Alaska 99517
Telephone (907 276-0680
Facsimile: (907) 276-2466
Email: kendall@narf.org

Counsel for Katie John *et al.*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 4, 2007, a copy of foregoing Plaintiffs' Motion to Amend Order Establishing Briefing Schedule and Proposed Order was served electronically on:

Robert T. Anderson

William F. Sherman
Dean K. Dunsmore
William P. Horn
Gregory L. Fisher
Carol H. Daniel
Randolph H. Barnhouse
Stephen A. Daugherty
Joanne M. Grace


/s/  Heather Kendall Miller