WILLIAM P. HORN, D.C. Bar No.: 375666
JAMES H. LISTER, D.C. Bar No.: 447878
Birch, Horton, Bittner & Cherot, P.C.
1155 Connecticut Avenue, Suite 1200, NW
Washington, D.C. 20036
Telephone: (202) 659-5800
Facsimile: (202) 659-1027
Email: whorn@dc.bhb.com
Email: jlister@dc.bhb.com

Attorneys for State of Alaska

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATIE JOHN, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　Defendants.<br><br>STATE OF ALASKA,<br><br>　　　　　　Plaintiffs,<br>　and<br>ALASKA FISH AND WILDLIFE FEDERATION AND OUTDOOR COUNCIL, et al.,<br><br>　　　　　　Plaintiff-Intervenors,<br>　vs.<br>GALE NORTON, Secretary of the Interior, et al.,<br><br>　　　　　　Defendants,<br>　and<br>KATIE JOHN, et al.,<br><br>　　　　　　Defendant-Intervenors,<br>　and<br>ALASKA FEDERATION OF NATIVES,<br><br>　　　　　　Defendant-Intervenor. | No. 3:05-cv-0006-HRH<br>(Consolidated with<br>No. 3:05-cv-0158-HRH) |

|                                      |   |                      |
|--------------------------------------|---|----------------------|
| - AND -                              |   |                      |
| LINCOLN PERATROVICH, et al.,         | ) |                      |
|                                      | ) |                      |
| Plaintiffs,                          | ) |                      |
|                                      | ) |                      |
| vs.                                  | ) |                      |
|                                      | ) |                      |
| UNITED STATES OF AMERICA, et al.,    | ) |                      |
|                                      | ) |                      |
| Defendant.                           | ) |                      |
| and                                  | ) | No. 3:92-cv-0734-HRH |
|                                      | ) |                      |
| STATE OF ALASKA,                     | ) |                      |
|                                      | ) |                      |
| Intervenor-Defendant.                | ) |                      |
|                                      | ) |                      |

## STATE'S RESPONSE TO KATIE JOHN, AFN, AND PERATROVICH MOTIONS TO "AMEND" THE COURT'S JUNE 1, 2007 BRIEFING SCHEDULE ORDER

The State of Alaska opposes and objects to the motions filed by the Katie John parties (Docket 117), AFN (Docket 116), and the Peratrovich parties (Docket 119) seeking "amendment" to the point of wholesale abandonment of the Briefing Schedule Order that this Court entered on June 1, 2007 (Docket 115).[1] That recent Order was entered only after the Court had already considered the separate briefing plans submitted by the State (Docket 113) and other parties (Docket 112) – including specifically the Katie John *plaintiffs,* intervenor Alaska Federation of Natives, and the [Peratrovich] *plaintiffs.*[2] The wholesale changes to that Order now being proposed by the Katie John, AFN and Peratrovich parties, although presented as motions to "amend," instead seek full

---

1  All docket number references herein are to Case No. 3:05-cv-006-HRH, the lead consolidated docket.
2  The Defendants' Report Re: Scheduling filed May 31, 2007 (Docket 112) was expressly submitted by the United States of America, et al. "on their own behalf **and on behalf of the Katie John plaintiffs, intervenor Alaska Federation of Natives, and the plaintiffs in** *Lincoln Peratrovich,, et al. v. United States et al.*, **No. 3:92-cv-0734-HRH."** Docket 112 at pp. 1-2 (emphasis added).

2

reconsideration of the Order already adopted by the Court.[3] Those parties simply recast their previously stated position and proposed schedule, with some additional arguments thrown in that they could have presented before.[4] Their proposed changes would unduly lengthen the "which waters" briefing process already ruled on by this Court, essentially reverting to the briefing plan previously submitted by them and the Federal Defendants. Like before, their proposed scheduling would ensure that, even in the unlikely event that no extensions of time are sought, briefing of the "which waters" issues would not be completed until February 1, 2008 at the earliest. Their proposed changes to the Court's June 1, 2007 Order would also hinder the ability of the Court and parties to focus on the specific, fact driven "which waters" issues key to this case. Moreover, their proposals would put them at a distinct unfair advantage and the State at a distinct unfair disadvantage in the briefing process, as discussed more fully below.

    **A.**    **The Existing Briefing Cycle Concluding November 9, 2007 Provides Fair and Sufficient Time and Opportunity for All Parties to Present Their Arguments.**

Among other things, the Katie John and Peratrovich parties, as *plaintiffs,* seek through their motions to postpone the filing of their opening briefs on their *affirmative* claims until October 26, 2007. Those claims allege federal reserved water rights ("FRWRs") for federal subsistence jurisdiction purposes, in waters (1) upstream and downstream from federal reservations, (2) appurtenant to Native allotments, and (3) in certain marine waters. The postponed date they propose is fully three months after the July 23, 2007 due date for the State, as a plaintiff, to file its

---

[3] To the State's knowledge, there is no provision in the Federal Rules of Civil Procedure or the District of Alaska Local Rules for a motion to amend an interlocutory order of the Court. There is provision for a motion to amend party pleadings (FRCP 15), to amend a judgment (FRCP 59), and to move for *reconsideration* of an interlocutory order (D. Alaska Local Rule 59.1). By miscasting their motions, the Katie John, Peratrovich, and AFN parties force the State to respond or risk an order being entered against it.

[4] Among other things, those parties already knew the State's position when they submitted their joint Report with the Federal parties on May 31, 2007 (Docket 112). Counsel for the State shared it with them in writing the week before.

opening brief outlining its position on the various categories of waters covered by its complaint. It is also a month after the Federal Defendants are scheduled to respond to the State's claims and, under the existing Court Order, to the Katie John and Peratrovich plaintiffs' affirmative claims as well (and AFN's briefing, so far as aligned with those affirmative claims). Their proposed changes, which are not different materially from those parties' previous proposed schedule which the Court chose not to adopt, would give them a distinct unfair advantage in briefing their affirmative claims. It would also push completion of the parties' briefing back to February 1, 2008, just as was proposed in those parties' May 31, 2007 filing, to be extended further "in the not unlikely event" that a party required an extension.[5]

There is no good reason to bifurcate and unnecessarily delay the briefing schedule for this consolidated case to the one-sided advantage of some parties as is being proposed by these motions to "amend". As the State explained in more detail in its briefing plan (Docket 113) and as is provided for in the Order signed by the Court, the State and Katie John parties, and the Peratrovich parties to the extent pursuing their affirmative claims, are all plaintiffs, challenging the same federal rulemaking order from opposite directions. The Katie John plaintiffs contend that the Federal defendants' rules claiming FRWRs for subsistence purposes are too narrow and improperly exclude two categories of waterways. Likewise, the Peratrovich plaintiffs argue that those rules improperly exclude certain marine waters. The State argues that the same rules are too broad and improperly include at least four categories of waterways. That being the case, the Katie John and Peratrovich parties (and the AFN inasmuch as it wants to be heard on any of those parties' affirmative claims) should not receive the unfair advantages of: (a) having 4.5 months to prepare their opening briefs on their affirmative claims while the State receives 1.5 months, (b) having substantial extra time to

---

[5] Docket 112 at 4.

4

review the State and Federal Government's detail briefings on related issues prior to filing their opening briefs, and (c) denying the State a reasonable opportunity to respond to their delayed opening briefs.[6]

Whereas those parties claim that they are aligned as "defendant intervenors" with the United States and that allowing them to brief the issues for the first time later after the United States has done so, would "avoid duplication," that is not in fact the prevalent situation, at least in this "which waters" stage of this consolidated case. The Peratrovich plaintiffs are not defendant intervenors, are not formal intervenors at all, are not even formally consolidated with this case, and insofar as treated by the Court as being 'situated similarly," such similarity is, as they acknowledge in their recent filing, with "the John *plaintiffs*."[7]  They are suing the United States. It can be fairly presumed that the United States, in its opening brief, will defend its regulatory provisions against the Katie John and Peratrovich parties' challenges to them, meaning that the Katie John and Peratrovich responses will not be "duplicative" of the United States' position. Further, the United States, being solely a defendant, should be given the opportunity to respond to those parties' challenges then, in its initial response,[8] just as the present Order of the Court provides, without unnecessarily delaying the

---

[6] The Katie John and Peratrovich parties propose that the State, in addition to being required to file its opening brief on July 23, 2007, be required to file its replies to their opening briefs on November 9, 2007, just two weeks after they file their opening briefs on October 26, 2007, or at least be forced to request a substantial extension, thus resulting in even more delay.

[7] Docket 119 at p.2 (emphasis added). The Court's June 1, 2007 Order specifically provides that the "marine/tidally influenced waters issue raised by the Peratrovich parties may also be briefed by using test case waterways" (p. 3) through supplemental briefing on August 6, 2007, after having the advantage of the State and Katie John parties' earlier briefings, and again through supplemental replies on November 9, which would be the last briefings of any party.

[8] The Katie John plaintiffs even go so far as to argue that if they, as conceded *plaintiffs*, have to file a simultaneous brief with the State, the United States will be "forced" to respond to both briefs at the same time. However, how is that materially different than the State having to respond, also on September 26, 2007, to the Katie John, Peratrovich, and AFN opening briefs at the same time? Furthermore, under their re-proposed schedule the United States would still have to respond to their briefs – just four months later, resulting in an unnecessarily protracted briefing schedule.

5

briefing process.[9] The simultaneous briefing schedule already adopted by the Court is much more sensible and reasonable to the parties. It should be retained.

The Katie John plaintiffs' belated claim, only now, that the State is not formally an "intervenor" in their case against the United States rings especially hollow. As the Court knows, the State's case and the Katie John case were consolidated early in this process *at the request of the Katie John parties*. Given that background, it should not matter if the State formally got permission to intervene in the Katie John action. Both the State and the Katie John parties are plaintiffs presenting related issues from different directions in this consolidated action. From the outset it has been contemplated that the Katie John parties could respond to the States' claims and vice versa. The "what process" briefing cycle was completed on that basis. Even the Peratrovich plaintiffs, whose case has not been formally consolidated into the consolidated Katie John and State cases, and are not intervenors, have been afforded the opportunity to present their "what process" arguments and to oppose other parties' "what process" arguments by order of this Court, and will now be afforded the same full opportunity to be heard with respect to the "which waters" arguments, including their affirmative claims raised as plaintiffs in a separate unconsolidated lawsuit.[10]

---

9  For similar reasons, AFN's request to be allowed until October 10, 2007 to file its initial brief, rather than on August 6 as presently provided, is unnecessary and unjustified. Although only a defendant intervenor, the present schedule enables AFN to support the Katie John and Peratrovich parties' affirmative claims, should it choose to do so in its opening brief due on August 6, 2007 – after AFN has had the benefit of first seeing the claims advanced two weeks earlier in the opening briefs from the State and Katie John parties. AFN then gets an additional opportunity to respond on November 9, 2007 (a month later than October 10), as a "defendant" or otherwise as it wishes, after it has been able to review the September 26, 2007 responses from the United States, the State and the Katie John parties as well as the initial supplemental filings of the Peratrovich parties and AOC. Thus the Court's order already gives AFN the last word and provides it with ample opportunity to avoid "duplicating" any other party, including the Federal Defendants. There is no reason to extend the briefing schedule by moving AFN's initial briefing to two weeks after the filing of the Federal brief, thereby either requiring the State to seek an extension on its briefing schedule or respond to AFN in only two weeks.
10  The State is a formal intervenor-defendant in the Peratrovich case.

This practice has allowed the Court to efficiently hear all of these related cases and claims at one time so as to avoid inconsistent rulings without disadvantaging any of the parties. There is no basis now to modify this fundamental understanding and long-established practice in these consolidated cases, so that one set of party plaintiffs can try to reap an unfair advantage at this late juncture. The related issues should be addressed in consolidated briefing, as already ordered by the Court.

**B.   The Court Should Resist Katie John's Efforts to Litigate the Which Waters Issues in the Abstract Without Reference to any Particular Waters**

The Katie John parties also attempt to avoid the specificity associated with the "which waters" phase of this case by undermining the practical provision in the Court's Order requiring test case categories and sample water bodies to be identified and applied to the parties' legal arguments in their initial briefings. *See* June 1, 2007 Order, page 3 (Docket 115). Although not raising the issue before, they now seek to brief their upstream/downstream and allotments claims in the abstract, without focusing on particular waters.[11]

The Katie John plaintiffs argue that their claims will not turn on facts specific to a test case waterway, but rather on the examination of the purposes of CSUs established by ANILCA. Docket 117 at 3. However, as the Ninth Circuit Court briefly observed in the *Babbitt* decision,[12] there have been a great number of different federal reservations created in Alaska, at different times and for different purposes. They have been created pre-statehood and post-statehood, before and after the transfer of navigable waters to the State, which can have an impact on the Federal

---

11  Katie John's proposed amended order neither explicitly removes the test case provision from the June 1, 2007 Order nor explicitly preserves it. However, Katie John's motion at least seeks to exempt the Katie John parties from that provision.
12  State of Alaska v. Babbit, 72 F.3d 698, 703, 705-06 (9th Cir. 1995).

7

Government's ability to "reserve" waters.[13] Moreover, the Katie John parties' claims are to unspecified waters upstream and downstream of those reservations or appurtenant to Alaska Native allotments outside of those reservations, not within those reservations, so one wonders how they propose relying on the purposes of those reservations, especially without concrete examples. Will they be claiming FRWRs one mile below or above a reservation, or 400 or more miles away? What allotments, if any, can they give as examples of that claim? How will the Court be expected to know what it is ruling on and the ramifications of those rulings without concrete instances? If the Katie John parties' proposed amendments are adopted, the Court and the parties will be wrestling with specific test cases for some categories of waters (e.g., the four challenged by the State), then reverting, three months after the State's opening brief, and a month after the Federal response to the State's brief, to more generic legal issues now advanced by the Katie John plaintiffs, to be followed, no doubt, by further briefing regarding how any resolution of those legal issues would apply on the ground. Moreover, their assertion that they wish to brief the law rather than the facts counsels in favor of adopting a shorter briefing cycle, not the longer cycle desired by Katie John. Indeed, if such claims are purely legal and could have been presented without reference to specific waters or lands, they should have been advanced during the "what process" phase.

The Court's June 1, 2007 Order avoids precisely this kind of confusion. It simply requires the parties to make their best cases on the specific categories of waterways and to do so by advancing tangible, fact-based test cases appropriate to the specificity logically associated with an inquiry into "which waters" can be treated as public lands for Title VIII purposes. By viewing

---

13  *Id.* ANILCA is not the only law related to the existence and extent of FRWRs. There are many federal reservations in Alaska that are not ANILCA-established CSUs (e.g., the Chugach and Tongass National Forests and other pre-statehood reservations). If Katie John intends to focus its claims solely on waterways associated with ANILCA-established reservations it should so inform the Court and other parties now and stipulate that waters associated with
Footnote Continued on Next Page

8

particular test case waterways, the Court can ensure that there is a concrete dispute supporting Article III jurisdiction, as opposed to a theoretical academic dispute without clear on-the-ground (or water) impacts. Notably, the Katie John parties do not challenge the Court's decision providing that the State's claims be decided on the basis of test case waterways.

Further, the Katie John plaintiffs note in their motion that the "necessity" test for waters of a specific quantity or extent recognized in <u>Cappaert v. United States</u>, 426 U.S. 128, 138 (1975), and <u>United States v. New Mexico</u>, 438 U.S. 696, 700 (1978), applies here. Docket 117 at 2-3. Application of this "necessity" or otherwise "entirely defeated" purpose criterion requires scrutiny of the facts associated with a particular waterway. Whether a FRWR is necessary in waterway X, and to what extent, in order to avoid entirely defeating federal reservation Y is a different question from whether a FRWR is necessary in waterway W to avoid entirely defeating federal reservation Z, and especially as the Katie John plaintiffs seek to apply FRWRs for some unspecified distance upstream or downstream from that reservation.[14]

---

non-ANILCA reservations are not part of its claims. The provision in the Court's June 1, 2007 Order that parties identify test case waterways avoids such ambiguities.

14   Should the Katie John parties prevail, it will be difficult, if not impossible, as a matter of law and fact for this Court to compel the Federal defendants to promulgate new rules identifying FRWRs in all such waterways (as effectively requested by the Katie John plaintiffs) solely on the basis of the CSU purposes provisions of ANILCA. Exploration of a few specific factual circumstances would allow development of more appropriately directed and limited language in any court order.

**CONCLUSION**

Subject to Court approval, the State has no objection to accommodating opposing counsel by extending particular deadlines set in the Court's June 1, 2007 Order on a mutual basis by a couple of weeks in order to accommodate reasonable vacation plans or other responsibilities,[15] so long as the basic structure of the present scheduling order is preserved, including the practical provision that the parties present test case waterways together with their claims rather than attempt to brief abstract issues without clear on-the-ground (or water) consequences. The State opposes this second effort by AFN and the Katie John and Peratrovich parties to substitute those parties' previous proposal that the briefing on the "which waters" phase of this case extend through at least February 1, 2008, rather than accept the Court's June 1 2007 Order more sensibly providing for the parties' briefing to conclude on November 9, 2007.

                                  Respectfully Submitted,

                                  /s/ William P. Horn
                                  WILLIAM P. HORN, D.C. Bar No.: 375666
                                  JAMES H. LISTER, D.C. Bar No.: 447878
                                  Birch, Horton, Bittner & Cherot, P.C.
                                  1155 Connecticut Avenue, Suite 1200
                                  Washington, D.C. 20036
                                  Telephone: (202) 659-5800
                                  Facsimile: (202) 659-1027
                                  Email: whorn@dc.bhb.com; jlister@dc.bhb.com

                                  Attorneys for Plaintiff State of Alaska

Dated: June 8, 2007

---

15  To the extent that counsel for the Katie John plaintiffs has planned extensive travel this summer, as she represents (Docket 117 at 3), that matter was not previously disclosed to the Court or other parties, and it is not one that should dictate the parties' briefing schedule. Presumably, having planned to be gone so long, she has made arrangements to have other competent counsel handle her responsibilities.

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing Response and accompanying Proposed Order were served electronically, this 8th day of June, 2007 on the following:

Robert T. Anderson
Randolph H. Barnhouse
Carol H. Daniel
Steven A. Daugherty
Dean K. Dunsmore
Gregory L. Fisher
Phillip E. Katzen
Heather R. Kendall-Miller
William F. Sherman

          /s/ James H. Lister
          James H. Lister