DEAN K. DUNSMORE
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Federal Defendants


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | | |
|---|---|---|
| KATIE JOHN, CHARLES ERHART, et al. | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:05-cv-00006-HRH (CONSOLIDATED) |
| v. | ) ) | |
| THE UNITED STATES OF AMERICA, DIRK KEMPTHORNE, et al., | ) ) ) | DEFENDANTS' RESPONSE TO KATIE JOHN MOTION TO AMEND BRIEFING SCHEDULE |
| Defendants. | ) ) ) | |

The federal defendants United States of America et al. respond herein to the Motion to Amend Order Establishing Briefing Schedule (Docket Entry No. 117). This motion seeks modification of the Order Briefing Schedule (Docket Entry No. 115) filed June 1, 2007. The Alaska Federation of Natives, an intervenor-defendant in *State of Alaska v. Dirk Kempthorne,* No. 3:05-cv-00158-HRH, has also moved to amend that schedule. Motion to Amend Scheduling Order (Docket Entry No. 116). The plaintiffs in *Lincoln Peratrovich et al. v. United States et al*, No. 3:92-cv-

0734-HRH, have joined in both the motion of the *Katie John* plaintiffs and the Alaska Federation of Natives. Notice of Joinder in Motion to Amend Order Establishing Briefing Schedule (Docket Entry No. 119). For the reasons that follow, federal defendants also agree that the Court's scheduling order of June,1, 2007, should be modified.

Two basic problems are presented by the Order Briefing Schedule (Docket Entry No. 115). The first is that while it recognizes that there are three related cases before this court, it fails to recognize and provide for the independent status of those cases and the status of the various parties with respect to those separate cases. Two, the court's order radically departs from a basic schedule that was previously agreed upon by all parties, **including the State of Alaska**, and relied upon by at least the non-State parties.

There are three cases at issue that present different claims: (1) *Katie John et al. v United States et al.*, No. 3:05-cv-00006-HRH; (2) *State of Alaska v. Dirk Kempthorne et al.*, No. 3:05-cv-00158-HRH; and (3) *Lincoln Peratrovich et al. v. United States et al*, No. 3:92-cv-0734-HRH. Only the *Katie John* and *State of Alaska* cases are consolidated. The *Lincoln Peratrovich* case is not consolidated with either of the other cases, but is being jointly managed at the present time with those cases.

Further, the federal defendants are the only parties that

are present in all three cases. The federal defendants are the only defendants in the *Katie John* case. There are no intervenors in the *Katie John* case.

The *Peratrovich* plaintiffs are before the Court as parties only in their action: *Lincoln Peratrovich et al. v. United States et al*. They have not sought, nor been granted, intervention in either of the two other cases. The State of Alaska is also a defendant in the *Peratrovich* case. Neither the *Katie John* plaintiffs, nor the Alaska Federation of Natives are parties in that case.

There are four sets of parties in *State of Alaska v. Dirk Kempthorne*. The State of Alaska as plaintiff; the federal defendants as defendants, and the *Katie John* plaintiffs and the Alaska Federation of Native as defendant-intervenors.

The correct status of the parties is important because even with consolidated cases, the individual cases retain their separate identities. Consolidation is only a procedural device designed to promote judicial economy that does not change the rights of the parties in the separate suits. *Johnson v. Manhattan RY. Co.*, 289 U.S. 479, 496-97 (1933); *In re TMI Litigation*, 193 F.3d 613, 724 (3rd Cir. 1999); *Bay State HMO Management, Inc. v. Tingley Systems, Inc.*, 181 F.3d 174, 177-78 (1st Cir. 1999); *Dorf & Stanton Communications, Inc. v. Molson Breweries, Inc.*, 56 F.3d

13, 15 (2nd Cir. 1995), *citing Cole v. Schenly Industries, Inc.*,
563 F.2d 35, 38 (2nd Cir. 1997); *Enterprise Bank v. Saettele*, 21
F.3d 233, 235-36 (8th Cir. 1994). The Ninth Circuit, noting in
*Schnabel v. Lui*, 302 F.3d 1023, 1035-37 (9th Cir. 2002), that the
*Johnson v. Manhattan RY. Co.* decision was based on a statute that
has since been replaced by Fed. R. Civ. P. 42(a), raised the
question of whether this rule is still in effect in all
situations. It did not, however, resolve that issue.[1/] *Id*. at
1036. The Ninth Circuit has since the creation of Rule 42(a),
however, held that "the law is clear that an act of consolidation
does not affect any of the substantive rights of the parties."
*J.G. Link & Co. v. Continental Casualty Co.*, 470 F.2d 1133, 1138
(9th Cir.), *cert. denied sub nom*. 414 U.S. 829 (1973). It is the
latter principle that has effectively been presented by the *Katie
John* plaintiffs in their present motion. They understandably
object to the Court's approval of the State's attempt to control
both how and when the *Katie John* plaintiffs' present their own
separate claims.

Further, during the "what process" briefing phase that
culminated in the Decision, The Process for Identification of
Federally Reserved Waters (Docket Entry No. 110), there was a
common issue (whether the Secretaries could designate in a rule

---

[1/]    There also has never been any indication in any order in
these cases of any intent to effect a merger of the cases.

making the reserved water rights based public lands) that could

have been controlling in all three cases. If the court had held

that the Secretaries did not have that authority, the regulations

challenged in all three cases could have potentially been

invalid. There is no such common issue in the "which waters"

phase.

While each of the three cases seek review of regulations

designating public lands waters, the claims raised in the three

cases are different. The *Katie John* plaintiffs allege that these

regulations fail to include as public lands waters upstream and

downstream from conservation system units and fail to include

waters on Native allotments. *Katie John* Complaint for Declaratory

Judgment (Docket Entry No. 1), ¶¶ 42-45. The State contends that

the United States has unlawfully applied the reserved water

rights doctrine, and have unlawfully included marine waters as

public lands. *State of Alaska* Complaint for Declaratory and

Injunctive Relief (Docket Entry No. 1) ¶¶ 46-59.

With respect to the application of reserved water rights,

the State's remaining claim would appear to be whether the

purposes of specific reservations were such that they include a

reserved water right. These reservations are specifically

denominated in 36 C.F.R. § 242.3(c) and 50 C.F.R. § 100.3(c).[2/]

---

[2/]    Given the explicit purposes of the reservations, Brief of
the United States (Docket Entry No. 78) filed October 10, 2006,

With respect to marine waters, the issue as identified by the State involves the regulatory distinction between inland and marine waters, and the use of a headlands-to-headlands process to determine where rivers end and the sea begins. Plaintiff State of Alaska's Opening Brief (Docket Entry No. 68) filed July 14, 2006, at 35-38; Brief of the United States, *supra.* at 40-44.

The plaintiffs in *Lincoln Peratrovich et al. v. United States et al*, No. 3:92-cv-0734-HRH, have also presented a "which waters" issues. Their claims are, however, separate from those presented by the either the *Katie John* plaintiffs or the State. The *Peratrovich* plaintiffs allege that the United States holds (1) title to certain submerged lands beneath marine waters within the Tongass National Forest and (2) that the United States holds reserved water rights in the marine waters of the Tongass National Forest; therefore, the regulations promulgated by the Secretaries should have included these waters as public lands subject to the subsistence use priority in 16 U.S.C. §§ 3113-3114. Order Motion for Judgment on the Pleadings (Docket Entry No. 178 in Case No. 3:92-cv-00734-HRH) filed May 31, 2006, at 27-28.

Thus, there are clearly separate claims in each of the three cases. They are interrelated at least to the extent that the

---

at 35-40, it is very doubtful that the State would challenge many of these determinations.

*Katie John* and the *Peratrovich* plaintiffs seek to expand the extent of the waters to which the ANILCA subsistence use priority, 16 U.S.C., §§ 3113-3114, applies, and the State seeks to limit the waters to which that priority applies. However, the claims are sufficiently different that, the State's preferences should not control how or when the other plaintiffs present their claims.

The claims in the *Katie John* case and the *State of Alaska* case are also sufficiently different that the court may now wish to consider whether consolidation of those cases is still appropriate. Federal defendants as the sole party in all three cases prefers at least some form of joint management, and a recognition that since they have to respond to the separate claims of three different plaintiffs, an orderly and appropriately scheduled presentation of those claims is needed. Defendants believe that the schedule to which all parties previously agreed[3] and which was embodied in the Order Motion to Modify Briefing Schedule (Docket Entry No. 108) filed January 19, 2007, should still establish the frame work for further briefing in the next phase of all three cases. This schedule should be

---

[3]    Defendants' Motion to Modify Briefing Schedule (Docket Entry No. 105) filed January 17, 2007, ¶ 3 at 2-3.

modified as suggested in Defendants' Report Re: Scheduling

(Docket Entry No. 112) filed May 31, 2007, at 4.

Dated this 11th day of June, 2007.

s/Dean K. Dunsmore
DEAN K. DUNSMORE
Department of Justice
Environment & Natural Resources
Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of June, 2007, a copy of the foregoing FEDERAL DEFENDANTS' RESPONSE TO KATIE JOHN MOTION was served electronically to the following:

Heather R. Kendall-Miller
Robert T. Anderson
William F. Sherman
Randolph H. Barnhouse
Steven A. Daugherty
Joanne Grace
William P. Horn
Gregory S. Fisher
Carol H. Daniel

s/ Dean K. Dunsmore
Dean K. Dunsmore