WILLIAM P. HORN, D.C. Bar No.: 375666
JAMES H. LISTER, D.C. Bar No.: 447878
Birch, Horton, Bittner & Cherot, P.C.
1155 Connecticut Avenue, Suite 1200, NW
Washington, D.C. 20036
Telephone: (202) 659-5800
Facsimile: (202) 659-1027
Email: whorn@dc.bhb.com
Email: jlister@dc.bhb.com

Attorneys for State of Alaska

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATIE JOHN, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |
| | |
| STATE OF ALASKA, | ) |
| Plaintiffs, | ) |
| and | ) |
| ALASKA FISH AND WILDLIFE FEDERATION AND OUTDOOR COUNCIL, et al., | ) |
| Plaintiff-Intervenors, | ) No. 3:05-cv-0006-HRH |
| vs. | ) (Consolidated with |
| | ) No. 3:05-cv-0158-HRH) |
| GALE NORTON, Secretary of the Interior, et al., | ) |
| Defendants, | ) |
| and | ) |
| KATIE JOHN, et al., | ) |
| Defendant-Intervenors, | ) |
| and | ) |
| ALASKA FEDERATION OF NATIVES, | ) |
| Defendant-Intervenor. | ) |

```
        - AND -

LINCOLN PERATROVICH, et al.,           )
                                       )
                 Plaintiffs,           )
                                       )
    vs.                                )
                                       )
UNITED STATES OF AMERICA, et al.,      )
                                       )
                 Defendant.            )
    and                                )    No. 3:92-cv-0734-HRH
                                       )
STATE OF ALASKA,                       )
                                       )
            Intervenor-Defendant.      )
                                       )
```

**STATE'S RESPONSE TO FEDERAL DEFENDANTS' RESPONSE TO MOTIONS TO "AMEND" BRIEFING SCHEDULE**

The State of Alaska respectfully submits this brief response to the Federal Defendants' Response to the motions to amend briefing schedule (Docket No. 122), which was filed after the State filed its response to those motions (Docket No. 121).

As the State recently pointed out (Docket 121 at 2-3 & n.3), those motions to "amend" are actually in the nature of motions to reconsider an interlocutory order brought pursuant to District of Alaska Local Rule 59.1.[1]  The Federal Defendants' "response" in support of those motions should be viewed as a joinder in those motions, and hence a motion to reconsider itself. The Federal Response appears to raise nothing new, except for a discussion of law regarding the effect of consolidation, which the Ninth Circuit Court appears to have recently and sufficiently

---

[1] Such motions are generally based on the argument some matter previously presented was overlooked in the Court's Order, rather than presented as a re-argument of positions previously presented or which could have been presented but were not prior to entry of the Order.
Footnote Continued on Next Page

2

addressed, for present purposes of this case, in *Schnabel v. Lui*, 302 F.3d 1023, 1035-37 (9th Cir. 2002), cited at page 4 of the Federal Defendants' Response.[2] Accordingly, the State will respond further to the Federal Defendants' Response only if requested by the Court to do so, in accordance with Local Rule 59.1.

                          Respectfully Submitted,

                          _____/s/  William P. Horn_____
                          WILLIAM P. HORN, D.C. Bar No.: 375666
                          JAMES H. LISTER, D.C. Bar No.: 447878
                          Birch, Horton, Bittner & Cherot, P.C.
                          1155 Connecticut Avenue, Suite 1200
                          Washington, D.C. 20036
                          Telephone: (202) 659-5800
                          Facsimile: (202) 659-1027
                          Email: whorn@dc.bhb.com; jlister@dc.bhb.com

                          Attorneys for State of Alaska

Dated:  June 13, 2007

---

[2]   In *Schnabel*, the Court noted that the Ninth Circuit has "adopted a stronger rule which is in accord with those circuits rejecting *Johnson*" (*Johnson v. Manhattan Ry. Co.*, 289 U.S. 479 (1933), on which the Federal Defendants' Response relies but which predated the adoption of Federal Rule of Civil Procedure 42 by 33 years) and instead favors treating consolidated lawsuits as merged into one form of action, including for purposes of appeal, while at the same time preserving each party's individual ***substantive*** rights, such as the right to jury trial or to diversity jurisdiction (*Schnabel*, at 302 F.3d 1034-36) -- *as compared to* one's "right" to object to the briefing of consolidated issues by all consolidated parties (including on matters of interest in which a party would have had the right to intervene if not already consolidated) or to attack the Court's briefing schedule for such matters (which is clearly one of  "such orders" as the Court "may make" in its discretion in a consolidated action "concerning proceedings therein as may tend to avoid unnecessary costs or delay."). Fed. R. Civ. P. 42(a) (Consolidation).  *See also* Fed. R. Civ. P. 24 (Intervention).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing State's Response to Federal Defendants' Response to Motions to "Amend" Briefing Schedule were served electronically, this 13th day of June, 2007 on the following:

Robert T. Anderson
Randolph H. Barnhouse
Carol H. Daniel
Steven A. Daugherty
Dean K. Dunsmore
Gregory L. Fisher
Phillip E. Katzen
Heather R. Kendall-Miller
William F. Sherman

      /s/ William P. Horn_____
William P. Horn