Heather Kendall Miller
Alaska Bar No. 9211084
NATIVE AMERICAN RIGHTS FUND
420 L Str., Suite 505
Anchorage, Alaska 99501
Telephone: (907) 276-0680
Facsimile: (907) 276-2466
Email: kendall@narf.org

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATIE JOHN, *et al.* ) | |
| ) | |
| Plaintiffs, ) | No. 3:05-cv-00006 (HRH) |
| ) | (Consolidated with) |
| v. ) | No. 3:05-cv-0158 |
| ) | |
| UNITED STATES OF AMERICA, *et al.* ) | REPLY TO STATE'S |
| ) | OPPOSITION TO |
| Defendants, ) | AMEND SCHEDULING |
| ) | ORDER |

The State of Alaska opposes the motion filed by Katie John *et al.* seeking amendment of the Briefing Scheduling Order (Dkt. No. 115) for briefing the "which waters" issue and urges this Court to require that the parties in these consolidated cases simultaneously brief the issues utilizing a "fact driven" approach. State's Opp. at 3. This Court must reject the State's recommendation to impose upon the Katie John plaintiffs a briefing schedule that dictates both how and when their claims will be litigated while granting the state, a non-party, an opportunity to respond to those claims.

The State opposes amendment to the briefing schedule on the basis that it would put the

State in an unfair disadvantage in the briefing process.  *Id*.  To the contrary, it is the Katie John plaintiffs that would be unfairly disadvantaged by being forced to relinquish their right to prosecute their separate claims as they see fit.  To accept the State's invitation to require the Katie John plaintiffs to file simultaneous claims to specific waterways in a fact-driven approach would be contrary to settled law that holds that consolidation of cases does not merge the suits into a single cause, nor change the rights of the parties, nor make those who are parties in one suit parties in another.  *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933).  Indeed, almost all cases concerning consolidation have determined that separately filed cases retain their separate characters despite consolidation.  *See Schnabel v. Lui,* 302 F.3d 1023, 1035 (9th Cir. 2002) (citations omitted) ("[T]he majority of courts have held that consolidated actions retain their separate character."); 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2382 n.9; *see also*, *Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999) ("consolidation does not merge the suits in to a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another"); *In re Financial Securities Litig.*, 609 F.2d 411, 428 n.58 (9th Cir. 1979) (discretionary consolidation under Rule 42 cannot alter right to jury trial); *Geddes v. United Financial Group*, 559 F.2d 557, 561 (9th Cir. 1977) (consolidation for purposes of discovery does not merge suits into single cause of action); *J.G. Link & Co. v. Continental Casualty Co.*, 470 F.2d 1133, 1138 (9th Cir.), *cert. denied sub nom*. 414 U.S. 829 (1973) (consolidation does not affect substantive rights of the parties).  As one court has noted:

> Consolidation is not like a marriage, producing one indissoluble union from two distinct

*Katie John et al. v. United States et al,* 3:05-cv-00006 (HRH)
Reply to State's Opposition to Motion to Amend Scheduling Order

-2-

cases. Instead, consolidation is an artificial link forged by a court for the administrative convenience of the parties; it fails to erase the fact that, underneath consolidation's facade, lie two individual cases.

*Chaara v. Intel Corp.*, 410 F.Supp.2d 1080, 1089 (D.N.M. 2005) (citations omitted).

As noted by the United States in Defendants' Response to Katie John Motion to Amend Briefing Schedule at 4-5 (Dkt. No. 122), phase one of this litigation involved a common issue of law that would have impacted Katie John *et al.*'s separate claims: whether the Secretaries could designate in a rule-making the reserved water rights based public lands. That is why upon transfer of *Alaska v. Kempthorne*, No. 3:05-cv-0158-HRH from the U.S. District Court for the District of Columbia to the U.S. District Court for the District of Alaska, Katie John *et al.* moved for and was granted intervention by Order of Aug. 1, 2005 (Dkt. No. 29). Katie John *et al.* is thus a party in *Alaska v. Kempthorne* and aligned with the United States as a defendant in that action. It was in that capacity that Katie John *et al.* participated in the responsive briefing of the "what process" issue while the Katie John claims were stayed pending the outcome of this Court's decision in phase one of these jointly managed cases.[1] Such stay was appropriate given the possibility that, had this Court agreed with the State that the Secretary lacked the authority to identify federal reserved water rights ("FRWR"), it would have been meritless to further litigate Katie John *et al.'s* separate claims.

The "what process" issue now decided, the Katie John plaintiffs are entitled to litigate their claims as they see fit. If they cannot do so in these consolidated proceedings, they will

---

[1] Moreover, the Katie John plaintiffs endeavored to avoid duplication by filing a joint brief with defendant-intervenor AFN two weeks after the United States filed its responsive brief.

*Katie John et al. v. United States et al,* 3:05-cv-00006 (HRH)
Reply to State's Opposition to Motion to Amend Scheduling Order

-3-

move to unconsolidate the cases with the presumed consent of the United States, the only other party to *Katie John et al. v. United States et al.*, No. 3:05-cv-00006-HRH. *See* Defendants' Response to Katie John Motion to Amend Briefing Schedule at 7 (Dkt. No. 122) (suggesting that this Court consider whether consolidation is still appropriate given the differing claims). While the Katie John plaintiffs have no objection to the continued joint management of these cases for convenience to the Court, they should not be forced to adopt the state's litigation approach for how to prosecute their claims in the "which waters" phase of litigation. The State of Alaska did not intervene in *Katie John v. United States*, No. 3:05-cv-006-HRH, and has no party status to dictate how or when plaintiffs' separate claims will be litigated.

Moreover, the State fundamentally misunderstands the nature of this action by suggesting that this court resolve the claims by requiring fact-specific test case categories and sample water bodies. As stated in Katie John plaintiffs' Motion to Amend Order Establishing Briefing Schedule (Dkt. 117 at 2), the nature and extent of FRWRs to which the subsistence priority applies will be determined under principles of law. If this Court holds that FRWRs extend to Native allotments as a matter of law, the agencies would then be tasked with identifying those FRWRs on remand. Likewise, if this Court holds that FRWRs in upstream and downstream waters are necessary in order to accomplish the purposes of the various CSUs, then the agency would be tasked on remand with identifying those waters to which the subsistence priority would apply. This approach is consistent with *Alaska v. Babbitt*, 72 F.3d 698, 703-04 (9th Cir. 1995) ("the federal agencies that administer the subsistence priority are responsible for identifying those waters") and this Court's more recent Order upholding the agencies' authority to identify

*Katie John et al. v. United States et al,* 3:05-cv-00006 (HRH)
Reply to State's Opposition to Motion to Amend Scheduling Order

FRWRs through its rule-making process (Dkt. No. 110).

The State further suggests that the existing briefing schedule concluding November 9, 2007 provides fair and sufficient time and opportunity for all parties to present their arguments. To the contrary, it is hardly fair to the other parties involved in these jointly managed cases to now reschedule both the timing and the nature of the briefing at the State's sole request, especially when the State previously agreed to both the timing and the sequence of the briefing. The United States as the sole defendant in *Katie John et al. v. United States et al.*, No. 3:05-cv-00006-HRH has no objection to either the sequence or the timing of briefing as originally agreed to, and that should be the end of the matter.

For the foregoing reason, the Katie John plaintiffs respectfully request that this Court modify the briefing order to which the parties previously agreed and which was embodied in the Order Motion to Modify Briefing Schedule (Dkt. No. 108) filed January 19, 2007.

Dated this 13th day of June, 2007.

>   s/Heather Kendall Miller
>   Heather Kendall Miller
>   NATIVE AMERICAN RIGHTS FUND
>   420 L Str., Suite 505
>   Anchorage, Alaska 99501
>   Telephone: (907) 276-0680
>   Facsimile: (907) 276-2466
>   Email: kendall@narf.org
>
>   Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 13, 2007, a copy of foregoing Plaintiffs' Reply to State's Opposition to Amend Scheduling Order was served electronically on:

*Katie John et al. v. United States et al,* 3:05-cv-00006 (HRH)
Reply to State's Opposition to Motion to Amend Scheduling Order

Robert T. Anderson
William F. Sherman
Dean K. Dunsmore
William P. Horn
Gregory L. Fisher
Carol H. Daniel
Randolph H. Barnhouse
Stephen A. Daugherty
Joanne M. Grace

s/ Heather Kendall Miller

*Katie John et al. v. United States et al,* 3:05-cv-00006 (HRH)
Reply to State's Opposition to Motion to Amend Scheduling Order