WILLIAM P. HORN, D.C. Bar No.: 375666
JAMES H. LISTER, D.C. Bar No.: 447878
Birch, Horton, Bittner & Cherot, P.C.
1155 Connecticut Avenue, Suite 1200, NW
Washington, D.C. 20036
Telephone: (202) 659-5800
Facsimile: (202) 659-1027
Email: whorn@dc.bhb.com
Email: jlister@dc.bhb.com

Attorneys for State of Alaska

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATIE JOHN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| STATE OF ALASKA, ) | |
| ) | |
| Plaintiffs, ) | |
| and ) | |
| ) | |
| ALASKA FISH AND WILDLIFE FEDERA- ) | |
| TION AND OUTDOOR COUNCIL, et al., ) | |
| ) | |
| Plaintiff-Intervenors, ) | No. 3:05-cv-0006-HRH |
| vs. ) | (Consolidated with |
| ) | No. 3:05-cv-0158-HRH) |
| GALE NORTON, Secretary of the ) | |
| Interior, et al., ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| KATIE JOHN, et al., ) | |
| ) | |
| Defendant-Intervenors, ) | |
| ) | |
| and ) | |
| ) | |
| ALASKA FEDERATION OF NATIVES, ) | |
| ) | |
| Defendant-Intervenor. ) | |

```
                    - AND -

LINCOLN PERATROVICH, et al.,          )
                                      )
                Plaintiffs,           )
                                      )
     vs.                              )
                                      )
UNITED STATES OF AMERICA, et al.,     )
                                      )
                Defendant.            )
     and                              )   No. 3:92-cv-0734-HRH
                                      )
STATE OF ALASKA,                      )
                                      )
                Intervenor-Defendant. )
                                      )
```

## STATE'S RESPONSE TO COURT'S JUNE 14 ORDER

As ordered by the Court on June 14, 2007 (Docket No. 125), the State of Alaska respectfully submits this further response "to the various overtures of other parties for [revising] the briefing schedule and plan which the court has put in place" through its June 1, 2007 Order (Docket No. 115) regarding briefing the "which waters" phase of this case. The Court's June 1 Order sets forth a reasonable schedule equally fair to all parties and frames the issues in a manner that will enable the parties and the Court to address the several interrelated issues in a clear and timely fashion. Moreover, consolidation of these cases and complementary simultaneous briefing scheduling were adopted to avoid the prospect of inconsistent relief arising from separate consideration of these interrelated claims.[1] The other parties' proposed revisions now seek to uncouple the cases and resurrect those very problems. Accordingly, there is no

---

[1] The Federal Defendants' motion (Docket No. 22) resulting in Consolidation (Docket No. 32) expressly represented: "Plaintiffs in the two [*Katie John* and *State of Alaska*] actions seek review of the same rule making and potentially seek relief that could be mutually inconsistent. Consolidation of the two actions is, therefore, appropriate." Docket 22 at 2. The Katie John parties did not oppose.

2

need, compelling or otherwise, to reconsider or amend the June 1 Order.

As part of this response, and in order to reduce its length, the State incorporates in full its previous responses (Docket Nos. 121 and 124) preceding this Court's June 14 Order, insofar as they address the substance of the other parties' arguments for abandoning the Court's June 1 Order -- including the Federal Defendants' new discussion of the law regarding the effect of consolidation which, as has been briefly noted, the Ninth Circuit Court appears to have recently and sufficiently addressed, for present purposes of this case, in *Schnabel v. Lui*, 302 F.3d 1023, 1035-37 (9th Cir. 2002), cited at page 4 of the Federal Defendants' Response.[2]

Furthermore, in their "response" at Docket No. 122 pages 6-7, the Federal Defendants suggest, for the first time, that the Court, rather than enforce its June 1 Order, may wish to consider "unconsolidating" these cases that the Federal Defendants had consolidated. On the other hand, they concede there that the Katie John, Peratrovich and State affirmative "which waters" claims are (in their words) "interrelated", stating that "the *Katie John* and *Peratrovich* plaintiffs seek to expand the extent of the waters to which the ANILCA subsistence use priority . . . applies, and the State seeks to limit the waters to which that priority applies." They also acknowledge there that they would prefer to have some form of continued "joint management". They argue that the *Katie John* and *Peratrovich* "which waters" claims are "sufficiently different" from the State's claims that the Katie John and Peratrovich parties should be allowed to present their claims differently and at different times than the State does. However, the Federal Defendants do not specify how or why that is the case (Docket 122 at 6-7), and in fact the Katie John plaintiffs assert only two areas in which they request that they and the Peratrovich plaintiffs be treated differently than the State. They argue: (1) that, unlike the State, they should

---

[2] *See* brief discussion at Docket 124, pp. 2-3 & n. 2, regarding consolidation and intervention.

not be required to specify "test case" water bodies as part of the "which waters" categories they are challenging and (2) that they should be allowed to initially brief their affirmative claims fully three months after the State briefs its *interrelated* affirmative claims, and fully 30 days or more after the Federal Defendants have been given over 60 days to respond to just the State's claims (contrary to Local Rules 7 and 16.3, which provide that the principal briefs of the plaintiffs be filed simultaneously before the defendant's principal brief and that the defendant's principal brief be filed 15 or 30 days afterwards, respectively).[3]  Those are two unrelated, different arguments, which the State treats differently in this Response.

In the wholly new arguments and legal citations in their misnamed "response" filed on June 13, 2007 (Docket No. 123), the Katie John plaintiffs clearly take over from where the Federal Defendants left off in their June 11, 2007 "response" (Docket No. 122).  In their new filing, the Katie John parties, having already taken advantage of the consolidation which they

---

[3] *See* Katie John parties' proposed schedule and order upon motion to "amend" at Docket No. 117 p. 4 and Docket No. 118-2, joined in by the Federal Defendants at Docket 122.  Notably, the Court's June 1 Order, based on the State's proposal, allows the Federal Defendants over 60 days to respond to *both* the State and Katie John opening briefs, and 45 days to respond to the Peratrovich plaintiffs' and intervenors' supplemental opening briefs, with double page limits, but that is quite a different matter than being allowed over 60 days just to respond to the State's opening brief, as the Katie John re-proposal joined in by the Federal Defendants provides.  That re-proposal, which is no different than those parties' initial proposals not adopted by the Court in its June 1 Order, also contains other provisions grossly advantageous to those parties, the Peratrovich plaintiffs and the AFN, and grossly disadvantageous to the State and intervenor AOC.  *Id.*  In addition to allowing Katie John, Peratrovich, and the AFN over 90 days (on October 26, 2007), both to respond to the State's affirmative claims and to present their affirmative claims for the first time, their proposal provides *no* opportunity to the State to oppose the Katie John and Peratrovich affirmative claims, and only two weeks (by November 11) in which to reply to the Katie John, Peratrovich and AFN oppositions to the State's claims.  *Id.*  Meanwhile, their proposal also provides much more time than two weeks for further response by the United States (January 11, 2008, over 75 days after the Katie John and Peratrovich claims are finally briefed), and final "replies" by the John and Peratrovich parties fully three weeks after that.  *Id.*  In addition to those serious inequities, under their proposal the State is not even allowed to oppose the Peratrovich affirmative claims, despite being a defendant-intervenor to the unconsolidated but jointly managed *Peratrovich* lawsuit and having had its own lawsuit and claims previously consolidated with the *John* litigation, *at the defendants' behest,* thus pre-empting the formality of intervention in that litigation, as is more fully addressed herein and in the State's filings at Docket Nos. 121 and 124.

4

supported, seek to avoid any further consequences of that consolidation and the discretion of this Court in that regard, contrary to Ninth Circuit and District of Alaska precedent,[4] now that it no longer suits their purposes and regardless of the remaining intertwined issues and continuing management advantages to the Court and parties in keeping the cases consolidated.[5]  Indeed, in that "response" the Katie John plaintiffs issue the new ultimatum that unless they are allowed to "litigate their claims as they see fit" irrespective of the Court's June 1 Scheduling Order, "they will move to unconsolidate the cases",[6] having already reaped the benefits of that consolidation.

---

[4]  In their new "response" the Katie John plaintiffs expand upon the Federal Defendants' new, recent arguments regarding "consolidation" law briefly addressed in the State's recent filing at Docket No. 124 (pp. 2-3 & n.2), including citing new authorities not listed by the Federal Defendants (Docket 123 at 2-3). Like the Federal Defendants, they rely heavily on the 74 years-old case of *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479 (1933).  They also quote from recent Ninth Circuit authority, *Schnabel v. Lui*, 302 F.3d 1023 (9th Cir. 2002), for the proposition, at 302 F.3d 1035, that "the majority of courts have held that consolidated actions retain their separate character," but do not disclose, as the State did at Docket 124, that the Ninth Circuit Court, as noted in *Schnabel* at 302 F.3d 1036, has "adopted a stronger rule which is in accord with those [minority of] circuits rejecting *Johnson*" and more in line with Federal Rule of Civil Procedure 42(a) adopted in 1966 authorizing merger, *id.* at 1035-36.  In their new filing, the Katie John plaintiffs characterize other Ninth Circuit decisions on the effects of consolidation, without noting how those decisions were distinguished in *Schnabel*, at 302 F.3d 1036, contrary to the Katie John plaintiffs' new position, and at Docket 124.  They cite 9 Wright & Miller, Federal Practice and Procedure § 2382, without noting that both that authority and the Ninth Circuit Court's discussion of it in *Schnabel,* at 302 F.3d 1035, recognize that Rule 42(a) authorizes merger of the cases through consolidation insofar as practical, contrary to the Katie John position and as discussed further in the *Schnabel* decision.  The Katie John plaintiffs, in their new filing, also quote extensively from a district court decision out of New Mexico as to the "individuality" of consolidated cases, yet ignore the District of Alaska decision twice cited in *Schnabel* on the subject, *Roden v. Empire Printing Co.*, 135 F.Supp. 665, 667 (D.Alaska 1955), stating: "When so consolidated the suits are merged and constitute thereafter but one action."

[5]  In their new "response" the Katie John plaintiffs acknowledge that the "continued joint management of these cases" is advantageous to the Court (Docket 123 at 4).  As previously noted, in their recent joinder the Federal Defendants also state their preference for the Court's joint management of the case (at least if managed as they propose) (Docket 122 at 7).

[6]  Docket No. 123 at 4.  If the Katie John plaintiffs move to "unconsolidate" the cases at this late juncture, the State may of course oppose, and if "unconsolidated" move to intervene in the *Katie John* case.  The State clearly has sufficient interest to intervene in that case as a matter of right (*see* Fed. R. of Civ. P. 24 & brief discussion regarding the interrelationship between consolidation and intervention at Docket No. 124), but had no apparent need to do so given the early consolidation of the cases at the defendants' urging. Such procedural maneuverings, which should otherwise be unnecessary, *cf. Schnabel* at 302 F.3d 1036, only promise to result in further unnecessary delay, unless the Court immediately acknowledges the effective merger of the substantive issues and their briefing resulting from the prior consolidation of the cases, as it has the authority to do (*see* prior discussion herein and at Docket 124), or immediately takes
Footnote Continued on Next Page

Despite such intransgiency on the part of other parties, the State also offers the following suggestions in the interests of comity, cooperation, and moving this case forward.

First, the State is willing to intervene formally in the *Katie John* case, if the Court wishes it to do so, in order to fully participate in briefing the issues raised by the Katie John plaintiffs (i.e., were the Federal Defendants under a mandate to identify and claim in their 1999 rulemaking Federal Reserved Water Rights (FRWRs) in waterways upstream and downstream of federal conservation system units and in waters appurtenant to Native allotments). As previously explained, since the State's case was consolidated with the Katie John claims early in this litigation, the State has proceeded on the basis that intervention has been unnecessary, and it believes the law and Court's authority in the matter support that conclusion.[7] Both the Katie John claims and the State claims focus on a single Federal action: the 1999 rulemaking. Furthermore, the Katie John claims are, in essence, the mirror of the State's claims: Katie John argues that the Federal Defendants' 1999 rulemaking did not include broad enough FRWR claims and the State maintains that the Federal claims are overbroad. If despite this focus on a common action and previous consolidation by the Court there is some question about the State's ability to fully respond to the Katie John claims, the State requests that the Court immediately grant it intervention as a matter of right or, alternatively, permissive intervention. Direction or guidance from the Court as to how it wishes to proceed on this matter would be greatly appreciated.

Second, the State, in order to avoid further conflict, is prepared to offer a slight revision

---

the State upon its offer stated hereafter to intervene "formally" as an intervenor-defendant in the consolidated *Katie John* litigation by immediately ordering that intervention.

[7] As noted earlier, applicable case law regarding consolidation provides the Court more than sufficient latitude to enable the State to participate fully in responding to the Katie John affirmative claims without formal intervention, but ordering immediate formal intervention is also an option well within the Court's discretion, especially if the Court wishes to ensure that no possible procedural omission exists.

6

to the Court's June 1 Order. It is willing to acquiesce to the Katie John plaintiffs' request to eliminate the "test water bodies" approach, except as an option, from the Katie John and Peratrovich briefing of their affirmative issues (i.e., upstream, downstream, Native allotments, etc.). The State is submitting a proposed order (attached) containing that change for the Court's consideration. The State remains persuaded that presenting those affirmative claims in association with specific factual waterways and circumstances will assist the parties and the Court in resolving this case in a sensible manner. However, in order to eliminate that objection from the Katie John motion and Peratrovich joinder, the State will not object to revising the Court's Order to allow those plaintiffs to opt out of the fact-based "sample water bodies" in briefing their affirmative claims. However, the State wants to maintain its ability, as is provided for in the June 1 Order, to respond to the Katie John briefs and Peratrovich supplemental briefs on those parties' affirmative claims. Further, the State remains committed in its own briefing to following the test case approach previously directed by the Court and requests that the Court retain that provision of its June 1 Order at least as to the State. Katie John has not argued against the State applying that test case approach.

  The State strongly objects to separating or otherwise revising the dates already provided for in the June 1 Order for the opening briefs to be filed by the Katie John plaintiffs and the State and intervenors and the other briefs of the parties. As noted, the Katie John and Peratrovich plaintiffs, on the one hand, and the State, on the other hand, take opposite views of the 1999 regulations. The Katie John and Peratrovich parties have given no good or fair reason why the State should be required to present its issues regarding Federal "overreaching" while letting months pass before the Katie John or Peratrovich parties are required to file their opening briefs on alleged Federal "under-reaching." Neither have they given any fair or good reason for other

7

inequities toward the State and the unfair advantages to themselves and the Federal Defendants which are provided for in both their original and "new" proposals.  It is much more appropriate, sensible and reasonable that all of these affirmative FRWR issues related to the 1999 regulations being challenged be briefed and considered simultaneously as is already established in the Court's June 1 Order.  The Katie John parties' argument that they should be permitted to argue their affirmative claims "on the law" as they "see fit" is totally unrelated to their separate claim that they should be allowed to initially brief those claims three months later than the State briefs its affirmative claims.

  The State is also prepared to consent to some reasonable modification of a few weeks to the briefing schedule to accommodate other counsel's personal schedule, should the Court so order and if the State is treated equally and simultaneous briefing is maintained as already provided for in the Court's June 1 Order.  On the other hand, delaying opening briefs on the affirmative "which waters" claims by three months as is requested by the Katie John plaintiffs seems excessive and unwarranted.  The State filed its case in January 2005 and remains anxious to secure timely resolution of issues and actions that diminish State sovereignty.  There is no fair, practical way for the Court to resolve the State's affirmative claims before or without resolving the Katie John and Peratrovich claims, in order to avoid inconsistent results, and because the John and Peratrovich claims, which conceivably impact long lengths of waterways throughout the state, seriously affect the State's sovereign interests.  The claims and interests are inextricably intertwined.  Delaying the due date for the Katie John and Peratrovich opening and supplemental opening briefs until late October and early November, as they request, would, as a practical matter, unnecessarily and unfairly delay the date and manner in which the State's own claims are decided.

Alternatively, the Court may deny the other parties' motions to reconsider or "amend" in their entirety and affirm its June 1, 2007 Order as previously entered.

Respectfully Submitted,

/s/ William P. Horn
WILLIAM P. HORN, D.C. Bar No.: 375666
JAMES H. LISTER, D.C. Bar No.: 447878
Birch, Horton, Bittner & Cherot, P.C.
1155 Connecticut Avenue, Suite 1200
Washington, D.C. 20036
Telephone: (202) 659-5800
Facsimile: (202) 659-1027
Email: whorn@dc.bhb.com; jlister@dc.bhb.com

Attorneys for Plaintiff State of Alaska

Dated: June 22, 2007

G:\101445\1\JAP3518.DOC

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing State's Response to Court's June 14 Order (including attached [Proposed] Order Regarding June 1, 2007 Order) was served electronically, this 22nd day of June, 2007 on the following:

Robert T. Anderson
Randolph H. Barnhouse
Carol H. Daniel
Steven A. Daugherty
Dean K. Dunsmore
Gregory L. Fisher
Phillip E. Katzen
Heather R. Kendall-Miller
William F. Sherman

/s/_William P. Horn__
William P. Horn

G:\101445\1\JAP3518.DOC