IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| KATIE JOHN, et al.,<br><br>                Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                Defendants.<br>_____<br>STATE OF ALASKA,<br><br>                Plaintiff,<br>    and<br><br>ALASKA FISH AND WILDLIFE FEDERA-<br>TION AND OUTDOOR COUNCIL, et al.,<br><br>        Plaintiff-Intervenors,<br><br>  vs.<br><br>GALE NORTON, Secretary of the<br>Interior, et al.,<br><br>                Defendants,<br>    and<br><br>KATIE JOHN, et al.,<br><br>       Defendant-Intervenors,<br>    and<br><br>ALASKA FEDERATION OF NATIVES,<br><br>          Defendant-Intervenor.<br>_____ | No. 3:05-cv-0006-HRH<br>(Consolidated with<br>No. 3:05-cv-0158-HRH)<br><br><br><br><br><br>O R D E R<br><br>Motions to Amend<br><u>Briefing Schedule</u> |

    - AND -

```
LINCOLN PERATROVICH, et al.,        )
                                    )
                  Plaintiffs,       )
                                    )
     vs.                            )
                                    )
UNITED STATES OF AMERICA, et al.,   )
                                    )
                  Defendants.       )
                                    )
     and                            )
                                    )   No. 3:92-cv-0734-HRH
STATE OF ALASKA,                    )
                                    )
             Intervenor-Defendant.  )
_____)
```

The Katie John Plaintiffs have moved to amend the order establishing a briefing schedule for this case.[1] Defendant-intervenor Alaska Federation of Natives moves to amend the scheduling order.[2] Both motions are directed at the court's order of June 1, 2007,[3] by which the court established a schedule for the briefing of the "which waters" phase of this case. The Peratrovich Plaintiffs, whose case is jointly managed with the Katie John and State of Alaska consolidated cases, have joined in these motions. The Federal Defendants have responded to the motions, and have in substance joined the moving parties. The State opposes both motions.

---

[1]Docket No. 117.

[2]Docket No. 116.

[3]Docket No. 115.

By order of April 26, 2006,⁴ and as a result of a status conference with the parties, the court approved a briefing schedule for the two fundamental issues raised by the consolidated cases. The briefing as to the "what process" issue was completed and that issue decided by the court's decision of May 17, 2007.⁵  In concluding that decision, the court called upon the parties to confer and propose to the court a plan and schedule for briefing the second ("which waters") issue.  Because of delays in concluding the first issue, briefing deadlines established by the court's April 26, 2006, order required modification, and the court thought it well to afford the parties an opportunity to take a second look at how the "which waters" issue would be briefed.  The parties met, as had been requested by the court, but were unable to agree on a plan and schedule for briefing this issue.  The parties' positions were presented to the court.  The court evaluated the respective positions of the parties and the briefing plan and schedule set out in the court's June 1, 2007, scheduling order was the result. Thus, although not so designated, the two pending motions are motions to reconsider the court's June 1, 2007, order.

It is the court's perception that the renewed disagreements amongst the parties about briefing the "which waters" issue are

---

⁴Docket No. 66.

⁵Docket No. 110.

more about the structure of the briefing and less about dates, although there is some concern about the latter on the part of the Katie John Plaintiffs.  The court has reconsidered the scheduling for this case, but no party has advanced any objection to the briefing schedule imposed by the court which is sufficient to convince the court that it was mistaken in requiring the briefing plan that is presently in place.  As regards the time when briefs should be filed, as opposed to the structure of the briefing, the court has no objection to the parties conferring again and altering the filing dates in such a fashion as to accommodate their other obligations and summer plans.

 The Katie John Plaintiffs suggest, and the Federal Defendants appear to join with them in suggesting, that the court should reconsider its decision to consolidate the Katie John case with the State of Alaska case.  The State responds that if such action were taken by the court, it would move to intervene in the Katie John case.

 The court has no intention of revisiting the consolidation of the Katie John and State of Alaska cases.  The State contends that the Federal Defendants' regulations which are at issue are over-inclusive, that the Federal Defendants have no right to claim reserved waters as to some lands which the Secretaries have designated as public lands for purposes of the Alaska National

Interest Lands Conservation Act (ANILCA).  The Katie John Plaintiffs argue that the same regulations are under-inclusive, that public lands should include upstream and downstream waters and Native allotments that the Secretaries have not included in public lands.  The State of Alaska and the Peratrovich Plaintiffs take different positions regarding the inclusion or exclusion of marine waters.

The Katie John and State of Alaska cases present different aspects of the application of federal reserved water rights law to particular waters (perhaps even the same waters) which may be public lands for purposes of ANILCA.  All of the plaintiffs' claims flow from and involve direct challenges of the Secretaries of the Interior's and Agriculture's implementation of Title VIII of ANILCA with respect to lands as to which the Federal Government has claimed or has failed to claim reserved water rights.  All of the cases involve the interplay between the federal and state regimes for the management of Alaska fish and wildlife.  The cases are appropriately consolidated and jointly managed.

The Katie John Plaintiffs contend that the court's briefing schedule impermissibly "dictates both how and when their claims will be litigated while granting the state, a non-party, an

opportunity to respond to those claims."[6]  The Federal Defendants urge that "the State's preferences should not control how or when the other plaintiffs present their claims."[7]  The Katie John Plaintiffs and the Federal Defendants both argue that the plaintiffs (Katie John, et al., the State of Alaska, and the Peratrovich parties) have asserted separate, independent claims. The court assumes for purposes of these motions that the plaintiffs' claims retain their independent status, even though the two cases are consolidated and all three are jointly managed; but that proposition tells the court very little about how to structure the briefing for these cases.

The State is not "calling the shots" here.  The parties had an opportunity to structure the briefing of the "which waters" issue, but were unable to come up with a joint plan.  Having considered the positions of all parties, the court (not the State) decided which of the proposed plans would best serve the court's needs.  As to the substance of the parties' claims, the parties remain in control; but the court has the ultimate say as to how the case should proceed and, more particularly, how the issues to be decided should be presented.

---

[6] Katie John Plaintiffs' Reply to State's Opposition to Motion to Amend Scheduling Order at 1, Docket No. 127.

[7] Federal Defendants' Response to Motion to Amend Briefing Schedule at 7, Docket No. 122.

The Katie John Plaintiffs take particular exception to the court's briefing schedule which affords the State an opportunity to respond to the Katie John Plaintiffs' brief. The appropriateness of permitting such response as well as the consolidation of the Katie John and State of Alaska cases are founded upon the fact that both the State of Alaska and the Federal Defendants separately operate parallel regimes for the management of fish and wildlife in Alaska. The two regimes sometimes apply to the same lands and to the same fish and wildlife. The state regime has priority as regards the management of fish and wildlife, except to the extent that it must give way when and where the priority for rural Alaskans created by ANILCA is lawfully invoked. 16 U.S.C. § 3202(a). As a consequence, the State has just as much interest in the Katie John case as the Katie John Plaintiffs have in the State of Alaska case. The Katie John and State of Alaska cases were appropriately consolidated pursuant to Rule 42(a), Federal Rules of Civil Procedure, and they will stay consolidated for purposes of allowing all parties to all three cases to brief the "which waters" claims.

The Katie John Plaintiffs take strong exception to the court's direction that briefing be based upon "test case waterways." In establishing a briefing schedule, the court was persuaded that the plan sponsored by the State of Alaska – whereby plaintiffs would

- 7 -

present test case waterways – had merit.  The Katie John Plaintiffs contend that the issues they would raise are purely legal, that it is not necessary for the court to examine the facts of any particular waterway or any particular Native allotment in order to decide the "which waters" issue.  The Katie John Plaintiffs (and perhaps others) would seemingly have the court make public lands decisions for purposes of ANILCA in the abstract, without reference to any factual context.  The court is of the view that its understanding of the nature and extent to which public lands should include reserved waters will be aided and that a consistent, coherent decision is more likely if the parties' claims are presented in a factual context and if the court has the opportunity to view particular claims in the light of a wider range of claims.

      The State suggests in this regard that, in order to avoid further conflict, the State is agreeable to permitting the Katie John Plaintiffs to opt out of the fact-based "sample water bodies" procedure in briefing their affirmative claims.  While the court appreciates the State's conciliatory approach to this matter, and will concede this point to all of the parties, the Court is not really persuaded.  The Court does not believe that the "which waters" issue is as simple as the Katie John Plaintiffs suggest.  The court believes that those plaintiffs are entertaining some misperceptions as to reserved waters doctrine.  The court believes

- 8 -

that everyone's understanding of the "which waters" issue and how it should be resolved will be enhanced by briefing which has a factual context. Therefore, the court urges the Katie John Plaintiffs to formulate their legal arguments in a factual context, but will not require that they do so. The court is of the same view as regards the Peratrovich Plaintiffs. Although the Peratrovich case has not been consolidated with the Katie John and State of Alaska cases, it presents the same type of "which waters" issue. The State is a party to the Peratrovich case, and the court perceives no good reason why the Peratrovich claims should not be briefed employing the structure set out in the June 1, 2007, order.

Finally, the Alaska Federation of Natives (AFN) has intervened in the State of Alaska case. The AFN argues that it should not be required to file a supplemental brief prior to the filing of the Federal Defendants' brief because the AFN is aligned with the Federal Defendants. The court appreciates the concerns of the AFN that briefing not be duplicated. If, despite the consolidation of the Katie John and State of Alaska cases, it is the intention of the AFN to address only the State's claims (as opposed to taking any position with respect to the claims of the Katie John Plaintiffs), then the AFN need not file a brief in advance of the Federal Defendants. Rather, the AFN may file a brief supplementing the Federal Defendants' response to the State, two weeks subsequent

to the filing of the Federal Defendants' brief. However, if the AFN entertains any desire to participate in the briefing of the Katie John claims, then the briefing schedule structure shall remain as it is. If the AFN opts for the structural change that is available to them, then the State may include in its subsequent reply brief a discussion of AFN's arguments.

In consideration of the foregoing, the motions to amend briefing schedule are denied except in three respects:

(1) Counsel will please confer and accommodate one another's other obligations and summer plans in a revised calendar for briefing the "which waters" issue; and

(2) The "test case waterways" concept set forth in the June 1, 2007, briefing schedule is preferred by the court, but not obligatory.

(3) The AFN need not file a brief prior to the response of the Federal Defendants if the AFN is taking no position whatever as regards the claims of the Katie John Plaintiffs. In this event, the AFN may file a supplemental brief two weeks following that filed by the Federal Defendants as a response to the State.

Counsel will please submit a revised briefing schedule on or before July 20, 2007.

The motions to amend[8] are granted in part and denied in part as set out above.

DATED at Anchorage, Alaska, this <u>29th</u> day of June, 2007.

<u>/s/ H. Russel Holland</u><br>
United States District Judge

---

[8]Docket Nos. 116 and 117.