IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

KATIE JOHN, *et al*                          )
                                             )
       Plaintiffs,                       )
                                             )
      v.                                )
                                             )
UNITED STATES OF AMERICA, *et al.*           )      No. 3:05-cv-00006-HRH
                                             )      (Consolidated with
       Defendants,                       )      No. 3:05-cv-0158-HRH)
                                             )

## DECLARATION OF CHARLES ERHART

I Charles Erhart, declare and state as follows:

1.     I am a Koyukon Athabaskan and a member of the Native Village of Tanana.

2.     My ancestors and I have lived a traditional subsistence lifestyle in the Yukon and Tanana River Valleys since time immemorial.

3.     I own an interest in a Native allotment on the Tanana River that was conveyed to my mother, Josephine Gladys Erhart (deceased). My mother used and occupied this allotment for subsistence purposes including trapping, hunting, berry picking and fishing. (*See* attached Native Allotment Field Report at A.10.b.) My family members continue to use this allotment for subsistence purposes.

4.     The location of the allotment is U.S. Survey No. 10740, Alaska, situated on the left bank of the Tanana River, near Eightmile Island, approximately 6 1/2 miles southeasterly of the Village of Tanana, Alaska. (See attached Certificate of Allotment). The only access to this allotment is by boat in the summer or by snow machine in the winter when the river is frozen.

5.     The federal subsistence management program does not extend ANILCA's priority for subsistence fisheries to Alaska Native allotments that fall between the CSUs on the Yukon or

Exhibit 13
Page 1 of 24

Tanana Rivers. Consequently, the subsistence fishing activities that I engage in on my fish site are regulated by the State of Alaska under state law.

6.    My customary and traditional subsistence practices are limited under state law because it is not in compliance with Title VIII of ANILCA and does not recognize a priority for subsistence uses for rural residents.

7.    As a rural resident and Native allottee, I am entitled to a priority for non-wasteful subsistence uses and wish to substitute in for Gerald Nicholia as a party plaintiff in the above captioned case to establish that Native allotments have a reserved water right – title to which is in the United States on behalf of the allottees. Such waters are public lands as defined by section 102 of ANILCA, 16 U.S.C. § 3102, and must be subject to federal jurisdiction.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on this _____ day of October, 2007.

_____
Charles Erhart

Exhibit 13
Page 2 of 24



# United States Department of the Interior

OFFICE OF HEARINGS AND APPEALS
421 Gold Avenue, S.W.
Albuquerque, New Mexico 87102



IN REPLY REFER TO:
IP SA 142N 92

IN THE MATTER OF THE ESTATE OF      )
                                    )
Josephine Erhart                    )      **ORDER APPROVING WILL**
Deceased Athabascan                 )

This matter came on regularly for hearing at Tanana , Alaska on August 26, 1992 for the purpose of determining decedent's heirs and to consider a will presented for probate.

It appears that Josephine Erhart, an Athabascan resident of the State of Alaska, died September 30, 1991 at the age 57 years possessed of trust or restricted Native lands in the State of Alaska.

Decedent left a will dated September 27, 1991, which has been marked Exhibit A which sets over the trust assets of the estate to nine named children, subject to a life estate in her husband.  It appears that this will was duly executed by a competent testator acting free of duress, and it will be approved.

NOW, THEREFORE, by virtue of the power and authority vested in the Secretary of the Interior under Section 1 of the Act of June 25, 1910, as amended 25 USC 372 (1970) and other applicable statutes as delegated (43 CFR 4.1 et seq.), I find that the testamentary instrument dated September 27, 1991 and marked Exhibit A, herein is approved as the Last Will and Testament of Josephine Erhart.

### DECREE OF DISTRIBUTION

| | | | |
|---|---|---|---|
| 1. | Terrance Erhart<br>DOB: 04-27-60 | son | 1/9 |
| 2. | Curtis Erhart<br>DOB: 06-02-62 | son | 1/9 |
| 3. | Charles Erhart<br>DOB: 07-01-63 | son | 1/9 |
| 4. | Paul Erhart<br>DOB: 01-25-65 | son | 1/9 |
| 5. | Robert Erhart<br>DOB: 01-28-66 | son | 1/9 |
| 6. | Ronnie Erhart<br>DOB: 02-19-69 | son | 1/9 |
| 7. | John Erhart<br>DOB: 04-07-74 | son | 1/9 |
| 8. | Judy Erhart<br>DOB: 10-08-75 | daughter | 1/9 |

9.  Carl Erhart                           son                    1/9
    DOB: 04-04-77

The property passes **subject to a life estate,** in 1/10 share of the property in
Lester Erhart born March 21, 1934.

No creditors' claims have been filed.

The testimony taken at the hearing has not been transcribed because it merely
confirmed and did not add to or significantly alter the information provided by
the Bureau of Indian Affairs. The following people were present at the hearing:
Carl Erhart, Becky Erhart, John Erhart, Paul Erhart and Sharon Walker
(representative of TCC Realty Services Program).  The primary witness was Paul
Erhart.

This decision is final for the Department unless a petition for rehearing is
timely filed in accordance with 43 CFR 4.241 within 60 days from the date hereof
as set forth in the notice attached hereto.

DONE at the City of Albuquerque, New Mexico, on January 25, 1993.

Patricia McDonald
Administrative Law Judge

Page 2

Exhibit 13
Page 4 of 24

SURVEYED TOWNSHIP 4 NORTH RANGE 21 WEST OF THE FAIRBANKS MERIDIAN, ALASKA



STATUS OF PUBLIC DOMAIN
LAND AND MINERAL TITLES

MTP

Exhibit 13
Page 5 of 24

SURVEYED TOWNSHIP 3 NORTH RANGE 21 WEST OF THE FAIRBANKS MERIDIAN, ALASKA

2-F-1905

STATUS OF PUBLIC DOMAIN
LAND AND MINERAL TITLES

MTP

FOR ORDERS EFFECTING DISPOSAL OR USE OF
UNIDENTIFIED LANDS, REFER TO INDEX OF
MISCELLANEOUS DOCUMENTS.

WARNING:
THIS PLAT IS THE BUREAUS RECORD OF TITLE AND SHOULD BE USED ONLY AS GRAPHIC DISPLAY OF TOWNSHIP SURVEY.
THESE PLATS ARE CURRENT AS OF DATE SHOWN. TITLE CHANGES WHICH MAY HAVE BEEN EFFECTED BY LATERAL MOVEMENTS OF RIVERS OR
RECORDS HEREON DO NOT REFLECT TITLE CHANGES WHICH MAY HAVE BEEN EFFECTED BY LATERAL MOVEMENTS OF RIVERS OR OTHER

Exhibit 13
Page 6 of 24

F-13837

*1. 74*
*611 9/95*

UNITED STATES
DEPARTMENT OF THE INTERIOR
BUREAU OF LAND MANAGEMENT
ALASKA STATE OFFICE
222 WEST SEVENTH AVENUE, #13
ANCHORAGE, ALASKA  99513-7599

NATIVE ALLOTMENT

Heirs, Devisees and/or Assigns of Josephine Gladys Erhart

IT IS HEREBY CERTIFIED That, the application F-13837 filed
pursuant to the Act of May 17, 1906, as amended, 43 U.S.C. 270-1 to 270-3
(1970), repealed with a savings provision by 43 U.S.C. 1617(a) (1988), has been
approved pursuant to Section 905(a)(1) of the Alaska National Interest Lands
Conservation Act of December 2, 1980, 43 U.S.C. 1634 (1988), for the following
described land:

> U.S. Survey No. 10740, Alaska, situated on the left bank of the Tanana
> River, near Eightmile Island, approximately 6½ miles southeasterly of
> the village of Tanana, Alaska.

Containing 159.96 acres, as shown on the plat of survey officially filed on
June 21, 1994.

Therefore, let it be known that, pursuant to the Act of May 17, 1906, as
amended, and Section 905(a)(1) of the Alaska National Interest Lands
Conservation Act, the land above-described shall be deemed the homestead of
the allottee and her heirs in perpetuity, and shall be inalienable and
nontaxable until otherwise provided by Congress or until the Secretary of the
Interior or his delegate, pursuant to the provisions of the Act of May 17, 1906,
as amended, approves a deed of conveyance vesting in the purchaser a complete
title to the land.

Certificate No. 50-95-0213

Exhibit 13
Page 7 of 24

F-13837

EXCEPTING AND RESERVING TO THE UNITED STATES, a right-of-way thereon for ditches or canals constructed by the authority of the United States. Act of August 30, 1890, 43 U.S.C. 945 (1988).

/s/ Ana M. Stafford
Ana M. Stafford
Acting Chief, Branch of Northern Adjudication

Dated at ANCHORAGE, ALASKA

on _____ JUN 29 1995 _____

Certificate No. 50-95-0313

Exhibit 13
Page 8 of 24

United States Department of the Interior

BUREAU OF LAND MANAGEMENT
Fairbanks District Office
P.O. Box 1150
Fairbanks, Alaska   99707

2561 (242g)
F- 13837

07 SEP 1984

Memorandum

To:      Chief, Division of Cadastral Survey (920)      FIELD USS10740

From:    Chief, Branch of Land Office (242)

Subject: Request for Survey

A review of this Native Allotment application, F- 13837 , indicates
that it is approved.  Therefore, it is recommended that the Native
Allotment be surveyed.  The metes and bounds description places the land
within  protracted Sec. 5, T. 3 N , R. 21 W., Fairbanks Meridian
and protracted Secs. 31 and 32, T. 4 N., R. 21 W., Fairbanks
Meridian. Containing approximately 160 acres.

        Case Type:    Native Allotment.  Act of May 17, 1906
                      (34 Stat. 197), as amended

        Applicant:    Josephine Gladys Erhart

        Description:  As given in the field report of August 31, 1977.


                                     Lennie Eubanks

Enclosure:
Field Report

                              Lennie Eubanks
cc:                           Chief, Branch of Land Office

Sp 10  10 22 AM '84
RECEIVED
ANCHORAGE ALASKA
BUREAU OF LAND
MANAGEMENT
MAIL ROOM

Exhibit 13
Page 9 of 24

Form 2060–1
(January 1969)

# UNITED STATES
## DEPARTMENT OF THE INTERIOR
## BUREAU OF LAND MANAGEMENT

### LAND REPORT TITLE PAGE

| State | District |
|---|---|
| Alaska | Fairbanks |

| County | Resource area | Planning Unit |
|---|---|---|
| | Yukon | |

| Type of Action | Serial Number |
|---|---|
| Native Allotment | F-~~13973~~  73837 |

| Applicant's name | Address (*include zip code*) |
|---|---|
| Josephene Gladys Erhart | Tanana, Alaska 99765 |

Date(s) of Examination   6-17-77

### LANDS INVOLVED

| TOWNSHIP | RANGE | MERIDIAN | SECTION | SUBDIVISION | ACRES |
|---|---|---|---|---|---|
| 4N | 21(2) | Fairbanks | 3/32 | | 162 |
| 3N | 21W | F | 5 | | |

Purpose of report

**Verification** of use and occupancy

| Prepared by | Title | Date of report |
|---|---|---|
| Paul B. Heimsath | Realty Specialist | 8-31-77 |

GPO 857 – 100

Exhibit 13
Page 10 of 24

FIELD REPORT ACCEPTANCE

Case Type:  Native Allotment

Serial No.: *F 13073*

Name of Applicant: *Josephine D Erhart*

The field report is acceptable as submitted:

_____
                                    Area Manager

Date: _____

_____
          Classification Officer

Date: _____

Exhibit 13
Page 11 of 24

NATIVE ALLOTMENT FIELD REPORT

Case No. _F 13837_

Parcel _____

Sec. _32_    T. _4N_

R. _2W_    Mer. _Fairbanks_

Name of Applicant _Josephine Gladys Ebert_

Area or Village _Tanana_

Examiner _F. Kumsott_

Date _6-17-77_

A.    BACKGROUND DATA

1.    a.    Date application filed: _4-26-71_

b.    Date claimed use from: _11-1-55_

2.    Certified Alaska Native: Eskimo (Indian) Aleut  (circle)

3.    Citizen of the United States: _Yes_

4.    Resident of Alaska: _Yes_

Present address: _Tanana Ak. 99777_

5.    Head of Family: _Yes_

When: _Married in 1955  21 yrs old in 1955_

6.    Date of Birth: _4-29-34_

7.    Vacant, unappropriated, and unreserved lands at the time use
began and at time of filing (list conflicts): _None were
noted_

8.    Is use claimed for a 5-year period prior to effective date of
any withdrawal (explain): _____
_Non-applicable._

Exhibit 13
Page 12 of 24

9.  Does use predate any State Selection of the land: _N/A_____

_____

10. a.  Claimed use of land on application: _Trapping Hunting_

_____

    b.  Actual use of land: _Trapping Hunting Berry Picking_
_Fishing_

B.  TRACT LOCATION

1.  a.  U.S.G.S. 1" = 1 mile location map: _Tanana A-4_

    b.  Tract located as described in application: _Yes_____

_____

2.  Does tract length to width ratio exceed (4 to1):  Yes; (No)

    If yes, explain:_____

_____

3.  Land posted by applicant prior to this examination:  Yes; (No)

    If yes, describe:_____

4.  Land posted at time of examination: _Yes_____

    Describe: _Metal Tag, flagging and painted blaze on_
_a Cotton Wood Tree_

5.  Transportation to tract for examination: _Boat_____

_____

6.  a.  Examiner accompanied by applicant to tract: _Yes_____

    b.  If not, why:_____

_____

7.  Examiner accompanied to tract by local person (who):_____

_____

    Designated by the applicant:_____

    Designated by village council:_____

8.  Normal access to tract by applicant (past and present):_____
_Boat, Snow Mobile_

_____

2

Exhibit 13
Page 13 of 24

9. How far is the tract from the applicant's home: _appox. 30 mi. via boat._

10. Does the tract have more than 1/2 mile of shoreline on navigable water: _No_

   If over 1/2 mile, can shorespace limitation be waivered:_____
   _N/A_

## C. LAND USE AND OCCUPANCY

1. History of land use by the applicant (dates, type of use, circumstances, etc.): _The applicant started to use the land in 1954 and has used the land every year to the present_

2. Continuous use of land for 5-year period (explain breaks in use): _see C-1_

3. What was the land use at the time of filing:_____
   _Hunting Berry Picking Trapping and Fishing_

   If not used, why not: _N/A_

   Does it appear that the parcel was abandoned at time of filing:
   _No_

4. Applicant's exclusive use of land (explain):_____
   _This applicant has exclusive use of the land and this is not a community use parcel_

3

Exhibit 13
Page 14 of 24

5.  What evidence or signs of use were found on each subdivision
    of tract used by applicant: _Berries (Eben) picking area/_
    _garden spot._

6.  Community use of land: _See C-4_

7.  Evidence of use:

    a.  Man-made (cabin, cache, tent frame, fish wheel, boat dock,
    fish racks, etc.): _Cabin, Out House and Cache_
    _in usable condition._

    b.  Natural (berry picking areas, wildroots, greens, etc.): __
    _High & Low Bush, Cranberries are on the_
    _parcel and the applicant states that they did_
    _pick them_

    c.  Signs of use (boxes, firepits, trails, firewood cutting,
    cabin logs, etc.): _Trails, firewood cuttings and_
    _a old through pit_

    d.  Applicant's personal knowledge of the parcel: _____
    _The applicants personal knowledge of the_
    _land is very good_

8.  a.  Life styles of family and village cultural traditions: __
    _The applicants life style is subsistance_
    _use of the land_

4

Exhibit 13
Page 15 of 24

b.  How does the use contribute to the well-being of the applicant or his family: *The land provides food and fuel*

9.  Testimony on use and occupancy from witnesses other than the applicant: *The applicants husband Lester Erhart affirms the applicants use and occupancy*

D.  OTHER FIELD DATA

1.  Tract located in flood hazard zone:  YES:  (NO.)

    What water body: *Tanana River*

    Area of flooding: *None*

2.  Antiquities, archaelogical, cultural values in area: _____
    *None were noted*

    Have these values been inventoried: *No*

3.  Does land appear to be mineral in character or potentially valuable for sand and gravel:  YES  (NO.)

    If yes, explain: _____

4.  Other improvements on or near the parcel (powerlines, pipelines, telephone lines, etc.): *None*

5

Exhibit 13
Page 16 of 24

E.  CONCLUSIONS

*I conclude from the witness testimony and the applicant's testimony and the physical improvements found that the applicant had complied with the DN Act of 1906*

F.  SURVEY INSTRUCTIONS

*From the metal tag ~~proceed~~ meander in a Northerly direction approx 20 Chs to Cor#1. Turn and proceed in a Westerly direction approx 40 Chs to Cor#2. Turn and proceed in a Southerly direction approx 40 Chs to Cor#3. Turn and proceed in an Easterly direction approx 40 Chs to Cor#4. Turn and meander approx 20 Chs in a Northerly direction ~~~~ to the P.O.B. adjusting all corners and sides to include 160 acres and all buildings.*

*Adjust acres 283.*

6

Exhibit 13
Page 17 of 24



Exhibit 13
Page 18 of 24

G.   <u>SKETCH MAP</u>  (Not to scale):

Meridian: _Fairbanks_
Township: _4N_ _3N_
Range: _2(W)_ _2(W)_
Section: _32_ _5_



7

Exhibit 13
Page 19 of 24





Exhibit 13
Page 20 of 24





Exhibit 13
Page 21 of 24



#5 Old Storage Pit



Exhibit 13
Page 22 of 24



#7 Outhouse



#8 Outhouse

Exhibit 13
Page 23 of 24





Exhibit 13
Page 24 of 24