

United States Department of the Interior

OFFICE OF THE SOLICITOR
WASHINGTON, D.C. 20240

11 JUN 1976

MEMORANDUM

To:       Deputy Solicitor

From:     Associate Solicitor, Indian Affairs

Subject:  Off-Reservation Allotment Water Rights

You asked that we review the various committee reports
on the General Allotment Act in connection with this
question.  None of those reports contained information
regarding section 4, which permits the creation of
off-reservation allotments.  Nor does Cohen in his
discussion of the Allotment Act have any relevant
material on the enactment of that section.  See,
Cohen, Handbook of Federal Indian Law, 78, 79, 206-
20 (1st ed. 1942).

However, Cappeart v. United States, 74-1107, (June 7,
1976) lends additional support to our assertion that
off-reservation allotments are entitled to a reserved
water rights.  As you are aware, that case involved
the question of whether water, including groundwater,
was reserved by the federal government for Devil's
Hole National Monument at the time of its creation.
The question arose as a result of pumping by the
Cappearts which lowered the water in the pool to the
extent that it seemed unlikely that the pupfish, an
endangered species, would survive.

In finding that water had been reserved for Devils
Hole, the Court stated:

> In determining whether there is
> a federally reserved water right
> implicit in a federal reservation
> of public land, the issue is whether
> the government intended to reserve
> unappropriated and thus available
> water.  Intent is inferred if the
> previously unappropriated waters are

Exhibit 20
Page 1 of 2

-2-

> necessary to accomplish the purposes
> for which the reservation was created.
> See, e.g., Arizona v. California, 373
> U.S. at 594-601; Winters v. United
> States, 207 U.S. at 576.  Slip Opinion
> at 10.  (Emphasis added).

Certainly, it was necessary for the Indian owners of
off-reservation allotments to have a water right if
they were to successfully farm those allotments.  That
need was clearly articulated in both Winters and
Arizona v. California.

Both the State of Nevada and the Cappearts argued
that the United States must perfect its implied
water rights according to state law.  Their argument,
in essence, was based upon the Desert Land Act.
The Court rejected that argument, stating that "the
Federal Power Act authorized the reservation of
unappropriated water for the electrical needs of the
federal project" and that, similarly, "the Antiquities
Act authorize[d] implicit reservation of unappropri-
ated water for the purposes of the Devil's Hole
reservation."  Slip opinion, n. 10.  Likewise, it
is reasonable to argue that under the General Allot-
ment Act, which authorized off-reservation allot-
ments, unappropriated water was reserved for the
allottees.  As we indicated earlier, certainly under
the test utilized by the Court in Cappeart, Congress
intended to reserve such rights for off-reservation
allotments.

(SGD) REID P. CHAMBERS

Reid Peyton Chambers

bcc:  Secretary file
      Docket file
      RPChamber file
      SMcElroy file (2)
      RBuckner file
      DIA reading file
      Hold copy

SMcElroy:rb   6/11/76

Exhibit 20
Page 2 of 2