shall be confined to include the smallest area compatible with protection of this unique ecosystem and the remarkable geologic and biological objects and features it contains.

Hunting and fishing shall continue to be regulated, permitted and controlled in accord with the statutory authorities applicable to the monument area.

Section 2 of the Act of June 8, 1906 (34 Stat. 225, 16 U.S.C. 431), authorizes the President, at his discretion, to declare by public proclamation historic landmarks, historic and prehistoric structures, and other objects of historic or scientific interest that are situated upon the lands owned or controlled by the government of the United States to be National Monuments, and to reserve as part thereof parcels of lands, the limits of which in all cases shall be confined to the smallest area compatible with the proper care and management of the objects to be protected.

NOW, THEREFORE, I, JIMMY CARTER, President of the United States of America, by the authority vested in me by section 2 of the Act of June 8, 1906, (34 Stat. 225, 16 U.S.C. 431), do proclaim that there are hereby set apart and reserved as the Misty Fiords National Monument all lands, including submerged lands, and waters owned or controlled by the United States within the boundaries of the area described on the document entitled "Misty Fiords National Monument (Copper River Meridian)", attached to and forming a part of this Proclamation. The area reserved consists of approximately 2,285,000 acres, and is the smallest area compatible with the proper care and management of the objects to be protected. Lands, including submerged lands, and waters within these boundaries not owned by the United States shall be reserved as a part of the Monument upon acquisition of title thereto by the United States.

All lands, including submerged lands, and all waters within the boundaries of this Monument are hereby appropriated and withdrawn from entry, location, selection, sale or other disposition under the public land laws, other than exchange. There is also reserved all water necessary to the proper care and management of those objects protected by this Monument and for the proper administration of the Monument in accordance with applicable laws.

The establishment of this Monument is subject to valid existing rights, including, but not limited to, valid selection under the Alaska Native Claims Settlement Act, as amended (43 U.S.C. 1601 *et seq.*), and under or confirmed in the Alaska Statehood Act (48 U.S.C. Note preceding Section 21).

Nothing in this Proclamation shall be deemed to revoke any existing withdrawal, reservation or appropriation, including any withdrawal under section 17 (d)(1) of the Alaska Native Claims Settlement Act (43 U.S.C. 1616 (d)(1)); however, the National Monument shall be the dominant reservation. Nothing in this Proclamation is intended to modify or revoke the terms of the Memorandum of Understanding dated September 1, 1972, entered into between the State of Alaska and the United States as part of the negotiated settlement of *Alaska v. Morton*, Civil No. A-48-72 (D. Alaska, Complaint filed April 10, 1972).

Warning is hereby given to all unauthorized persons not to appropriate, injure, destroy or remove any feature of this Monument and not to locate or settle upon any of the lands thereof.

IN WITNESS WHEREOF, I have hereunto set my hand this first day of December, in the year of our Lord nineteen hundred and seventy-eight, and of the Independence of the United States of America the two hundred and third.

*Jimmy Carter*

FEDERAL REGISTER, VOL. 43, NO. 234—TUESDAY, DECEMBER 5, 1978

EXHIBIT 21
Page 2 of 4