## DECLARATION OF JAMES R. SZENDER

I, James R. Szender, upon personal knowledge, declare as follows:

1. That I am currently employed by the Alaska State Office of the Bureau of Land Management (BLM) as a Land Transfer Resolution Specialist in the Division of Alaska Lands. My duties in this position include the processing and review of applications and land conveyances under the Alaska Native Allotment Act and the Alaska Native Claims Settlement Act (ANCSA), the determination of land ownership and availability, and preparation of responses to public and private requests for information regarding such applications and the conveyance process.

2. That in the course of my employment I have become familiar with BLM practices, policies and procedures regarding Federal public lands in Alaska, and, in particular, the Alaska Native Allotment Act, and the regulations and procedures with respect thereto.

3. That at the request of the Department of Justice, I have reviewed the Declaration of Thelma Star (*Katie John* plaintiffs' Exhibit 12) and in particular the information shown on pages 4 through 11 attached thereto.

4. I have also reviewed the public land records regarding the lands and applications listed on those pages.

5. My review shows that:

   a. The document depicted on those pages is dated November 11, 1987, making it over twenty years old.

EXHIBIT 2
Page 1 of 3

b. It is impossible to tell from the Declaration and its attachments where the listed applications are located, or whether they have since been approved, relinquished, or rejected. Since the documents attached to the Starr Declaration were drafted, nearly all of the applications listed on those pages as active, pending, or awaiting survey have been fully processed, either to certificate, or in some cases, to rejection. Some of the still pending applications may also be subject to Aguilar proceedings.

c. There are currently several other allotment applications pending in the same area which are not mentioned or shown on the attached list or map. Some of these "unlisted" applications are also Aguilar cases.

d. In the process of adjudication and survey of Native allotment parcels, it is not uncommon for location information to be refined or corrected, resulting in a substantial change in the record location.

e. The cumulative result of the above-listed shortcomings is that the Starr Declaration and its attachments do not accurately depict the current status of lands or Native allotments in the area.

f. While there is no dispute of the existence of Native allotments in this area, the vast majority of the riparian lands in the area referred to in the Starr Declaration are owned by private corporations or the State of Alaska.

EXHIBIT 2
Page 2 of 3

6. That at the request of the Department of Justice, I have also reviewed land records pertaining to the Declaration of Charles Erhart (*Katie John* plaintiffs' Exhibit 13). Those records show that:

   a. Native Allotment 50-95-0313 was located on general public domain lands administered by BLM.

   b. The lands in this area, including the Erhart allotment, have never been subject to any Federal reservation of any kind or purpose.

7. Individual allotments under the Alaska Native Allotment Act are limited to a maximum of 160 acres per applicant, however there is no minimum size, and allotments may also be applied for in noncontiguous multiple parcels, so allotment parcels of 80 or 40 acres are quite common, and even smaller parcels are not unusual. Some parcels are less than ten acres in size.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, as provided under 28 U.S.C. § 1746.

Executed this 28th day of January, 2008.

JAMES R. SZENDER
Land Transfer Resolution Specialist
Alaska State Office Division of Alaska Lands
Bureau of Land Management

EXHIBIT 2
Page 3 of 3