Robert T. Anderson
Lawrence A. Aschenbrenner
Bart K. Garber
NATIVE AMERICAN RIGHTS FUND
310 "K" Street, Suite 708
Anchorage, Alaska 99501
Attorneys for Plaintiffs
(907) 276-0680

RECEIVED
MENT OF JUST
D & NATUR
RCES D

MAY 5 12 47

ANCHO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATIE JOHN, DORIS CHARLES AND MENTASTA VILLAGE COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, MANUEL LUJAN, in his official capacity as Secretary of the United States Department of the Interior and CLAYTON K. YEUTTER, in his official capacity as Secretary of Agriculture, CARL ROSIER, in his official capacity as the Commissioner of the Alaska Department of Fish and Game and the STATE OF ALASKA,<br><br>Defendants. | No. A90-484 Civil<br><br>MEMORANDUM IN OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS |

## INTRODUCTION

This case involves the fishing rights of Ahtna Indians with a custom and tradition of fishing at an historic Ahtna village located at the confluence of the Copper River and Tanada Creek. This site, known as Batzulnetas, has been the subject of litigation against the State of Alaska pursuant to Title VIII of ANILCA since 1985. <u>John, et al. v. Alaska</u>, No. A85-698 (D.

EXHIBIT 9
Page 1 of 2

States has title to, <u>i.e.</u>, ownership of, an interest.[7]

### B. The United States Has Property Interests In The Waters Of Tanada Creek And The Copper River Based On The Reserved Rights Doctrine.

#### 1. <u>The reserved rights doctrine gives rise to the ownership of interests in water within the meaning of Title VIII.</u>

The federal reserved water rights doctrine was first applied in <u>Winters v. United States</u>, 207 U.S. 564 (1908), a case involving the Fort Belknap Indian Reservation. The doctrine has since been routinely applied to Indian reservations[8] and was applied for the first time to other federal reservations of land in <u>Arizona v. California</u>, 373 U.S. 546, 601 (1963); <u>see also</u> <u>United States v. New Mexico</u>, 438 U.S. 696 (1928) (reserved water rights for national forests); and <u>United States v. State of Alaska</u>, 423 F.2d 764 (9th Cir. 1970) (Kenai Moose Range). The clearest explication of the doctrine is found in <u>Cappaert v.

---

[7] The position taken in this case is also inconsistent with the United States' treatment of Native Allotments as "public lands." <u>See</u> Exhibit B (opening a moose hunt in GMU 20B and noting that "Federal land in this unit is limited to Native allotments." The United States does not hold title to allotments; patents are held by individual Natives subject to restrictions on alienation. D. Case, <u>Alaska Natives and American Laws</u> 152 (1984).

[8] <u>See</u> <u>In re Rights to Use Water in Big Horn River</u>, 753 P.2d 76, 100-101 (Wyoming 1988), <u>aff'd</u>, 492 U.S. 406 (1989); <u>United States v. Adair</u>, 723 F.2d 1394 (9th Cir. 1983), <u>cert. denied</u>, 467 U.S. 1252 (1984); <u>United States v. Ahtanum Irrig. Dist.</u>, 236 F.2d 321 (9th Cir. 1939), <u>cert. denied</u>, 352 U.S. 988 (1957); <u>United States v. Walker River Irrigation Dist.</u>, 104 F.2d 334 (9th Cir. 1939); <u>Conrad Inv. Co. v. United States</u>, 161 F. 829, 832 (9th Cir. 1908); <u>Confederated Tribes of the Colville Reservation v. Walton</u>, 647 F.2d 42 (9th Cir. 1981), <u>cert. denied</u>, 454 U.S. 1092 (1981).