# Exhibit 1 to

# Motion to Intervene

DEAN K. DUNSMORE
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Defendants

LODGED
JUL 19 2005

FILED

AUG 0 4 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA | ) |
| | ) CASE NO. A05-0158-CV(HRH) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| GALE NORTON | ) |
| Secretary of the Interior | ) |
| et al. | ) |
| | ) |
| Defendants. | ) |

IT IS ORDERED that Defendants' Motion to Consolidate filed
July 19, 2005, is granted, and that this action is hereby
consolidated with *Katie John et al v. United States et al.*, No.
A05-0006-CV(HRH).

IT IS FURTHER ORDERED THAT the parties and the Clerk of this
Court are directed to file all further proceedings in the
consolidated action in *Katie John et al v. United States et al.*,
No. A05-0006-CV(HRH).

Further, in that proceedings in *Katie John et al. v. United*

1

*32*

*States et al.*, No. A05-0006-CV(HRH) are stayed until October 1, 2005,

IT IS FURTHER ORDERED that proceedings related to this case are also stayed until October 1, 2005.

Dated this **3** day of _____*Aug*_____ 2005.

H. RUSSEL HOLLAND
United States District Judge

A05-0158--CV (HRH)    8-4-05
-----------------------------------------------------------
R. ANDERSON
H. KENDALL-MILLER
D. DUNSMORE (AUSA)

W. HORN
A05-006 CV (HRH)

# Exhibit 2 to

# Motion to Intervene

DEAN K. DUNSMORE
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| STATE OF ALASKA | ) | |
| | ) | CASE NO. A05-0158-CV(HRH) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DEFENDANTS' MOTION TO |
| | ) | CONSOLIDATE |
| GALE NORTON | ) | |
| Secretary of the Interior | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants Gale Norton, Secretary of the Interior, and Mike
Johanns, Secretary of Agriculture, move the Court for an order
consolidating this case with the case of *Katie John et al. v.
United States et al.*, No. A05-0006-CV(HRH).

In support of the above motion, defendants show:

1. The State of Alaska in this action seeks judicial review
of a rule making implementing Title VIII of the Alaska National
Interest Lands Conservation Act, 16 U.S.C. §§ 3111-3126,
promulgated on January 8, 1999, 64 Federal Register 1276. This

action was originally filed in the United States District Court for the District of Columbia and just recently transferred to this court.

2. On January 7, 2005, an action seeking judicial review of the same rule making was filed in this court and docketed as *Katie John et al. v. United States, et al.*, No. A05-0006-CV (HRH).

3. Plaintiffs in the two actions seek review of the same rule making and potentially seek relief that could be mutually inconsistent. Consolidation of the two actions is, therefore, appropriate.

4. No undue delay will be caused by the requested consolidation.

5. Counsel for the applicants for intervention in this action, Alaska Federation of Natives, Katie John, Gerald Nicholia, Alaska Inter-Tribal Council and the Native Village of Tanana have authorized defendants to state that they have no objection to the requested consolidation. Defendants do not know and can make no representation as to the State's position on this motion.

Dated this *19th* day of July 2005.

DEAN K. DUNSMORE
Attorney for Defendants

DEAN K. DUNSMORE
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA ) | |
| ) | CASE NO. A05-0158-CV(HRH) |
| ) | |
| Plaintiff, ) | POINTS AND AUTHORITIES |
| ) | IN SUPPORT OF |
| v. ) | DEFENDANTS' MOTION TO |
| ) | CONSOLIDATE |
| GALE NORTON ) | |
| Secretary of the Interior ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

This case, recently transferred from the United States

District Court for the District of Columbia, seeks judicial

review of regulations promulgated on January 8, 1999, 64 Federal

Register 1276. Judicial review of the same the same regulations

is sought by the plaintiffs in *Katie John et al. v. United*

*States, et al.*, No. A05-0006-CV (HRH). The January 8, 1999 rule

making was promulgated pursuant to Title VIII of the Alaska

National Interest Lands Conservation Act ("ANILCA") of December

2, 1980, Pub. L. No. 96-487, 94 Stat. 2371, 2422-30, 43 U.S.C. §§

3111-3126. The major issue addressed in these regulations is the extent of the navigable waters that the Secretaries of the Interior and Agriculture have determined, pursuant to the remand from the United States Court of Appeals for the Ninth Circuit in *State of Alaska v. Babbitt*, 72 F.3d 698, 704 (9ᵗʰ cir. 1995), *cert. denied*, 517 U.S. 1187 (1996), *adhered to en banc following remand sub nom.*, *John v. United States*, 247 F.3d 1032 (9ᵗʰ Cir. 2001), are public lands for purposes of the ANILCA Federal subsistence use priority, 16 U.S.C. §§ 3113-3114.

In the *Katie John* case, the plaintiffs allege that defendants have too narrowly defined the waters that are public lands, and should be required to include more waters. The State of Alaska alleges in this action that defendants have acted too broadly and determined that too many waters are public lands. There is no question that the *Katie John* and the *State of Alaska* cases involve the same basic issue--the validity of the Secretaries' designation of those navigable waters to which the Federal subsistence use priority is applicable.

Therefore, the extent to which navigable waters are public lands for purposes of the Federal subsistence use priority is a common question presented in both actions, and whether the Secretaries have properly delineated those waters is also a common issue. Pursuant to Fed. R. Civ. P. 42(a) this case and the

pending *Katie John v. United States* action may be consolidated.[1]

<u>Investor Research Co. v. United States District Court</u>, 877 F.2d 777 (9th Cir. 1989). A court has broad discretion in deciding whether to grant or deny a motion for consolidation, although consolidation is generally favored. <u>Perez-Funez v. District Director, Immigration & Naturalization Service</u>, 611 F. Supp. 990, 994 (C.D. Calif. 1984).

Given the common issues of both law and fact between this case--*State of Alaska v. Norton*, No, A05-0158-CV(HRH)--and *Katie John v. United States*, No. A05-0006-CV(HRH), the Court should consolidate the two actions.

Dated this *19th* day of July 2005.

DEAN K. DUNSMORE
Attorney for Defendants

---

[1]  Rule 42(a) reads as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the actions; **it may order all the actions consolidated**; and it may make such orders concerning the proceedings therein as may tend to avoid unnecessary costs or delay. (Emphasis added)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of July 2005 a copy of the foregoing Defendants' Motion to Consolidate together with a proposed Order were served by United States mail, first class, postage paid, to the following:

William P. Horn
Scott J. Nordstrand
Heather R. Kendall-Miller
Robert T. Anderson
Carol H. Daniel

Lorraine Carter
Secretary

# Exhibit 3 to

# Motion to Intervene

WILLIAM P. HORN, D.C. Bar No.: 375666
Birch, Horton, Bittner and Cherot, P.C.
1155 Connecticut Avenue, Suite 1200, NW
Washington, D.C. 20036
Telephone: (202) 659-5800
Facsimile: (202) 659-1027
Email: whorn@dc.bhb.com

TALIS J. COLBERG
ATTORNEY GENERAL

Michael W. Sewright, AK Bar No. 7510090
Assistant Attorney General
Department of Law
1031 W. 4ᵗʰ Avenue, Suite 200
Anchorage, AK  99501
Telephone: 907-269-5100
Facsimile: 907-279-2834
Email:  mike.sewright@alaska.gov

Attorneys for State of Alaska

IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATIE JOHN, et al.,<br>      Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>      Defendants<br>And<br><br>STATE OF ALASKA,<br><br>    Applicant Defendant-Intervenor | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| STATE OF ALASKA,<br><br>      Plaintiffs,<br>  and<br><br>ALASKA FISH AND WILDLIFE FEDERATION AND<br>OUTDOOR COUNCIL, et al.,<br><br>      Plaintiff-Intervenor,<br><br>  vs. | )  No. 3:05-cv-0006-HRH<br>)  (Consolidated with<br>)  No. 3:05-cv-0158 HRH)<br>)<br>)<br>)<br>)  **APPLICANT DEFENDANT-**<br>)  **INTERVENOR STATE OF**<br>)  **ALASKA'S PROPOSED**<br>)  **ANSWER IN CASE**<br>)  **No. 3:05-cv-0006-HRH**<br>)<br>) |

{G:/101445/1/00002535.DOC}

DIRK KEMPTHORNE, Secretary of the )
Interior, et al., )
 )
 )
                          Defendants, )
       and )
 )
KATIE JOHN, et al., )
 )
                 Defendant-Intervenors, )
       and )
 )
ALASKA FEDERATION OF NATIVES, )
 )
              Defendant-Intervenor. )
 )
_____ )
 )
             - AND - )
 )
LINCOLN PERATROVICH, et al., )
 )
             Plaintiffs, )
 )
       vs. )      No. 3:92-cv-0734-HRH
 )
UNITED STATES OF AMERICA, et al., )
 )
              Defendant. )
 )
       and )
 )
STATE OF ALASKA, )
 )
              Defendant-Intervenor )
 )
_____ )

### (PROPOSED) ANSWER

Applicant Defendant-Intervenor State of Alaska (the "State") respectfully submits the

following Answer to the Complaint for Declaratory and Injunctive Relief (Doc. 1) filed by

Plaintiffs Katie John, et. al. in Case No. 3:05-CV-0006-HRH.

As its Answer, the State adopts the Answer filed by Defendants United States of America

and its Secretary of the Interior and Secretary of Agriculture (collectively, the "Federal

1

Defendants") on April 12, 2005 (Doc. 25A), subject to the following exceptions numbered to correspond with the numbering in the Complaint and in the Federal Defendants' Answer:

      5.    The State lacks knowledge or information sufficient to form a belief as to the truth of the averments of the third sentence of paragraph 5 of the Complaint. The State adopts the Answer of the Federal Defendants with respect to the other sentences of paragraph 5 of the Complaint.

      8-9.    The last sentence of paragraph 8 of the Complaint is a legal conclusion which does not require response, and is denied if it does require response. The second and third sentences of paragraph 9 of the Complaint consist of Plaintiffs' characterizations of the subsistence priority set forth in a statute (ANILCA, Title VIII). The statute is the best evidence of its own content and speaks for itself. The State denies any portions of those sentences that do not completely and accurately summarize the statute. The State adopts the Answer of the Federal Defendants with respect to the other sentences of paragraphs 8 and 9 of the Complaint.

      15-17.    The allegations of paragraphs 15, 16, and 17 of the Complaint consist of Plaintiffs' characterizations of the history of prior litigation, including judicial decisions issued by this Court and the U.S. Court of Appeals for the Ninth Circuit, and descriptions of pleadings filed by the parties in that prior litigation. Those judicial decisions and the pleadings are the best evidence of their own content and speak for themselves. The State denies any portions of these paragraphs that do not accurately and completely summarize the decisions and pleadings in the prior litigation.

      18.    In response to the allegations of the third sentence of paragraph 18 of the Complaint, it is admitted that the Departments of Interior and Agriculture on January 8, 1999, promulgated a Final Rule, 64 Fed.Reg. 1276-1313, that listed by general non-specific

descriptions waters which the Federal Defendant asserted to be public lands for purposes of the

ANICLA Title VIII subsistence priority, effective October 1, 1999. The State adopts the Answer

of the Federal Defendants with respect to the other sentences of paragraph 18 of the Complaint.

Further, the State denies all allegations in paragraph 18 not expressly admitted above.

19.    The allegations of paragraph 19 of the Complaint consist of Plaintiffs'

characterizations of the history of prior litigation, including judicial decisions issued by this

Court and the U.S. Court of Appeals for the Ninth Circuit, and descriptions of pleadings filed by

the parties in that prior litigation. Those judicial decisions and the pleadings are the best

evidence of their own content and speak for themselves. The State denies any portions of this

paragraph that do not accurately and completely summarize the decisions and pleadings in the

prior litigation.

22.    In response to the allegations of the first sentence of paragraph 22 of the

Complaint, it is admitted that the Final Rule was published in 64 Federal Register 1276-1313 on

January 8, 1999, and that in this Final Rule the Departments of the Interior and Agriculture listed

by general non-specific descriptions waters they asserted to be public lands for the purposes of

the ANILCA Title VIII subsistence priority.   It is further admitted that the Departments did not

generally include in this listing waters upstream and downstream from conservation system units

(CSUs) or national forests ("upstream/downstream waters") or for Alaska Native allotments

generally; although the Federal Defendants did include some upstream/downstream waters and

possibly some waters for Native allotments in that listing, because of their erroneous assertions

of FRWRs in waters adjacent to but outside of the "areas" listed in that Final Rule, in marine and

tide waters seaward of the line of mean high tide, and in waters bordered or surrounded by lands

in nonfederal ownership or in selected-but-not-yet-conveyed status.   64 Fed. Reg. at 1286-88.

3

The State otherwise adopts the Federal Defendants' response to the remaining sentences of Paragraph 22, and the State denies all allegations of Paragraph 22 not expressly admitted above.

33.    The allegations of paragraph 33 of the Complaint are denied.

37.    The allegations of paragraph 37 of the Complaint consist of Plaintiffs' characterizations of present and repealed statutes and are not factual allegations to which a response is required.  To the extent a response is required, the allegations are denied.

40-41.  The allegations of paragraphs 40 and 41 of the Complaint constitute legal arguments and characterizations that do not require response and are denied if they do.

42.    The allegations of paragraph 42 of the Complaint constitute conclusions of law and legal argument and are not factual allegations to which a response is required.   To the extent they constitute factual allegations or otherwise require a response, the allegations are denied.

44.    The allegations of paragraph 44 of the Complaint are denied.

47.    The State denies Plaintiffs are entitled to any of the relief they seek.

48.    Except as specifically admitted above, all allegations in the Complaint are denied.

### Affirmative Defenses

Without taking on the burden of proof with regard to any issue on which the burden properly rests on Plaintiffs, the State adopts Affirmative Defenses 1, 2, 5, 6, 7 and 8 asserted in the Federal Defendants' Answer and further states that the following matters, insofar as not already asserted in the Federal Defendants' Answer, also bar Plaintiffs' claims[1]:

A.    Non-assertion by the Federal Defendants of a federal reserved water right (FRWR) claim constitutes agency inaction.   Such agency inaction, if reviewable at all, is reviewable only under the standard of review set forth in 5 U.S.C. § 706(1).  That standard of

---

[1]    These matters were briefed by the State in its "which waters" opening, opposition, and reply briefs (Docs. 134, 169 & 182).

review requires the Plaintiffs to demonstrate that the Federal Defendants were under a mandatory

non-discretionary duty to take the specific action demanded by the Plaintiffs. *See* State's Which

Waters Opposition Brief at 10-17 (Doc. 169 pp. 23-30). The Federal Defendants are not under a

mandatory non-discretionary duty to assert FRWRs in waters upstream and downstream from

CSUs, forest system units or any other "areas" listed in their Final Rule, nor are the Federal

Defendants under a mandatory non-discretionary duty to assert FRWRs for Alaska Native

allotments.

      B.      In the alternative, the decision not to assert an alleged federal property claim,

here an alleged FRWR, is a matter committed to the discretion of the Federal Defendants as

managers of federal property, and so is not judicially reviewable. 5 U.S.C. § 701; State's Which

Waters Opposition Brief at 10-17 & n.25 (Doc. 169 pp. 23-30).

      Respectfully submitted this 16th day of May, 2008.

TALIS J. COLBERG
ATTORNEY GENERAL

/s/ Michael W. Sewright
Michael W. Sewright
Assistant Attorney General
Alaska Bar No. 7510090
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 269-5257
Fax: (907) 279-2834
Email: mike.sewright@alaska.gov
Co-counsel for Plaintiff State of Alaska

/s/ James H. Lister
WILLIAM P. HORN, D.C. Bar No.: 375666
JAMES H. LISTER, D.C. Bar No. 447878
Birch, Horton, Bittner & Cherot, P.C.
1155 Connecticut Avenue, Suite 1200
Washington, D.C. 20036
Telephone: (202) 659-5800
Facsimile: (202) 659-1027
Email: whorn@dc.bhb.com;
jlister@dc.bhb.com
Co-counsel for Plaintiff State of Alaska

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 16th, 2008, a copy of the foregoing **STATE OF ALASKA'S PROPOSED ANSWER** was served electronically, on the following:

Robert T. Anderson
Randolph H. Barnhouse
Carol H. Daniel
Steven A. Daugherty
Dean K. Dunsmore
Gregory L. Fisher
Phillip E. Katzen
Heather R. Kendall-Miller
James H. Lister
Michael W. Sewright
William F. Sherman

/s/ James H. Lister
James H. Lister

G:\101445\1\00002525.doc

6