WILLIAM P. HORN, D.C. Bar No.: 375666
Birch, Horton, Bittner and Cherot, P.C.
1155 Connecticut Avenue, Suite 1200, NW
Washington, D.C. 20036
Telephone: (202) 659-5800
Facsimile: (202) 659-1027
Email: whorn@dc.bhb.com

TALIS J. COLBERG
ATTORNEY GENERAL

Michael W. Sewright, AK Bar No. 7510090
Assistant Attorney General
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK  99501
Telephone: 907-269-5100
Facsimile: 907-279-2834
Email:  mike.sewright@alaska.gov

Attorneys for State of Alaska

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATIE JOHN, et al., <br>         Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, et al., <br><br>         Defendants, <br> and <br><br> STATE OF ALASKA <br><br>         Defendant-Intervenor. | No. 3:92-cv-0734-HRH |
| STATE OF ALASKA, <br><br>         Plaintiff, <br> and <br><br> ALASKA FISH AND WILDLIFE FEDERATION AND OUTDOOR COUNCIL, et al., <br><br>         Plaintiff-Intervenors, <br> vs. | No. 3:05-cv-0006-HRH <br>   (Consolidated with <br> No. 3:05-cv-0158 HRH) <br><br> **STATE OF ALASKA'S MOTION TO STRIKE  OR OTHERWISE DISREGARD PERATROVICH'S REPLY BRIEF EXHIBITS 1-3 AND RELATED ONLINE REFERENCES** |

| | |
|---|---|
| DIRK KEMPTHORNE, Secretary of the Interior, et al., | ) ) ) |
| Defendants, | ) |
| and | ) ) |
| KATIE JOHN, et al., | ) ) |
| Defendant-Intervenors, | ) |
| and | ) ) |
| ALASKA FEDERATION OF NATIVES, | ) ) |
| Defendant-Intervenor. | ) |

| | | |
|---|---|---|
| - AND - | ) ) | |
| LINCOLN PERATROVICH, et al., | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) | No. 3:92-cv-0734-HRH |
| UNITED STATES OF AMERICA, et al., | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| STATE OF ALASKA, | ) ) | |
| Defendant-Intervenor. | ) | |

The State of Alaska respectfully moves to strike, or requests that the Court otherwise disregard, Exhibits 1-3 and related online references to the Peratrovich parties' "which waters" reply brief (Docket 188). Those exhibits and references are speculative inadmissible hearsay, substantially post-date promulgation of the agency rule being reviewed in this case, go way beyond the administrative record, and could not possibly have been relied on for the Tongass Forest withdrawals a century ago on which the Peratrovich claims rely. The State recognizes

1

that the Peratrovich reply brief was filed two months ago, yet feels compelled to bring this matter to the Court's attention for the record.

     1.     The Federal Defendants adopted their rule asserting federal reserved water rights (FRWRs) in January, 1999.  64 Fed.Reg. 1276 (Jan. 8, 1999); AR Tab 413.  This Court has held that rulemaking was a lawful procedural vehicle by which to identify the Federal Defendants' claims to FRWRs for ANILCA Title VIII jurisdiction.  Order dated May 17, 2007 at 26-27, 32 (Doc. 110).  As a result of that ruling, this is a judicial review case in which review is restricted to the administrative record plus those materials (such as maps, public records, and standard references) of which the Court may properly take judicial notice.  *See, e.g.,* State's Which Waters Opp. Brief at 8 n. 21 (Doc. 169 at 21) & State's Which Waters Reply Br. at 12-13 incl. n. 14 (Doc. 182 at 21-22); *see also* Fed.R.Evid. 802.

     2.     In their Supplemental Reply Brief on the "Which Waters" Issue, the Peratrovich parties rely upon and attach and/or cite the online references to four documents that post-date the January 1999 rule adoption, were not part of the administrative record, are not needed to explain or fill gaps in the administrative record or to respond to any non-record matter relied upon by the Federal Defendants in their rule adoption, and are inadmissible hearsay.  These materials are:  (1) a 2002 article by Scott M. Gende, et al., entitled "Pacific Salmon in Aquatic and Terrestrial Ecosystems;" (2) a 2003 article by DD Mathewson, et al., entitled "Nitrogen Uptake in Riparian Plant Communities Across a Sharp Ecological Boundary of Salmon Density;" (3) a 2000 publication "Great Bear Rainforest"; and (4) a February, 2000 article by Ted Gresh, et al., entitled "Salmon Decline Creates Nutrient Deficit in Northwest Streams."  *See* Peratrovich Reply Br. at pp. 10, 11 & 13 incl. notes 13-17 & 22, and Exhibits 1, 2 & 3 (Docs. 188, 188-2, 190-2, and 193-2) (Exhibits spread over several ECF numbers).

3.  Peratrovich claims these publications show that President Theodore Roosevelt in 1902, 1907, and 1909 must have implicitly intended to reserve federal water rights in the marine waters in the area of the Tongass Forest because, in Peratrovich's view: (1) marine waters are necessary as a medium for salmon to swim in; (2) salmon use these waters to swim upstream to spawn and then die; (3) the bodies of decomposing salmon are allegedly necessary to fertilize trees; and (4) ensuring a supply of timber is a primary purpose of the 1902, 1907, and 1909 Tongass reservations.  Peratrovich Reply at pp.10-11 (Doc. 188).  Peratrovich cites the articles as allegedly supporting point (3) in this chain of reasoning.  These articles when read closely actually undermine rather than support Peratrovich's remarkable conclusions.[1]  But as a threshold matter they are plainly non-record, post-decisional, hearsay documents not otherwise admissible in this matter in the first place.

## CONCLUSION

Accordingly, the Court should strike or otherwise disregard Exhibits 1, 2, and 3 and related online references to the Peratrovich Supplemental Reply Brief from its consideration of the pending "which waters" briefing.  A proposed Order is attached.

---

[1] The most comprehensive of the four publications cited by Peratrovich (the article by Gende, et al.) concludes that any link between salmon-derived nutrients and the health of animals and plants in a narrow "riparian zone" immediately adjacent to water has never been thoroughly examined and that there is a danger of overstating it through speculation.  "Although it is intuitively appealing to assume that such evidence suggests that productivity [of adjacent riparian areas] is enhanced [by salmon-derived nutrients], studies confirming such productivity have not been done."  Gende, et al., Peratrovich Reply Exh. 1 at 3 & 9 (Doc. 188-2 at 4 & Doc. 193-2 at 1)  *See also id.*, Exh. 1 at 6 (Doc. 188-2 at 7) (because certain trees produce nitrogen, "the importance of salmon-derived [nitrogen] may be less than commonly assumed ….").  The articles agree this is a new area of research.  Of course, none of this new research was available at the time the Tongass reservations were made in the early 1900s.

3

Respectfully submitted this 18th day of June, 2008.

TALIS J. COLBERG
ATTORNEY GENERAL

| | |
|---|---|
| /s/ Michael W. Sewright | /s/ James H. Lister |
| Michael W. Sewright | William P. Horn, D.C. Bar No.: 375666 |
| Assistant Attorney General | James H. Lister, D.C. Bar No. 447878 |
| Alaska Bar No. 7510090 | Birch, Horton, Bittner & Cherot, P.C. |
| 1031 W. 4th Avenue, Suite 200 | 1155 Connecticut Avenue, Suite 1200 |
| Anchorage, Alaska 99501 | Washington, D.C. 20036 |
| Phone: (907) 269-5257 | Telephone: (202) 659-5800 |
| Fax: (907) 279-2834 | Facsimile: (202) 659-1027 |
| Email: mike.sewright@alaska.gov | Email: whorn@dc.bhb.com; |
| Co-counsel for Plaintiff State of Alaska | jlister@dc.bhb.com |
| | Co-counsel for Plaintiff State of Alaska |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 18, 2008, a copy of the foregoing **STATE OF ALASKA'S MOTION TO STRIKE OR OTHERWISE DISREGARD PERATROVICH'S REPLY BRIEF EXHIBITS 1-3 AND RELATED ONLINE REFERENCES** (with **proposed ORDER**) was served electronically, on the following:

Robert T. Anderson
Randolph H. Barnhouse
Carol H. Daniel
Steven A. Daugherty
Dean K. Dunsmore
Gregory L. Fisher
William P. Horn
Phillip E. Katzen
Heather R. Kendall-Miller
Michael W. Sewright
William F. Sherman

/s/ James H. Lister
James H. Lister