WILLIAM P. HORN, D.C. Bar No.: 375666
Birch, Horton, Bittner and Cherot, P.C.
1155 Connecticut Avenue, Suite 1200, NW
Washington, D.C. 20036
Telephone: (202) 659-5800
Facsimile: (202) 659-1027
Email: whorn@dc.bhb.com

TALIS J. COLBERG
ATTORNEY GENERAL

Michael W. Sewright, AK Bar No. 7510090
Assistant Attorney General
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK  99501
Telephone: 907-269-5100
Facsimile: 907-279-2834
Email:  mike.sewright@alaska.gov

Attorneys for State of Alaska

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATIE JOHN, et al., <br>                           Plaintiffs, <br>    vs. <br> UNITED STATES OF AMERICA, et al., <br>                           Defendants, <br>    and <br> STATE OF ALASKA, <br>                           Defendant-Intervenor. <br> _____ <br> STATE OF ALASKA, <br>                           Plaintiffs, <br>    and <br> ALASKA FISH AND WILDLIFE FEDERATION AND OUTDOOR COUNCIL, et al., <br>                           Plaintiff-Intervenor, <br>    vs. | No. 3:05-cv-0006-HRH <br> (Consolidated with <br> No. 3:05-cv-0158 HRH) <br><br> **DEFENDANT-INTERVENOR STATE OF ALASKA'S ANSWER IN CASE** <br> **No. 3:05-cv-0006-HRH** |

| | |
|---|---|
| DIRK KEMPTHORNE, Secretary of the Interior, et al., | ) ) |
| Defendants, | ) ) |
| and | ) ) |
| KATIE JOHN, et al., | ) ) |
| Defendant-Intervenors, | ) ) |
| and | ) ) |
| ALASKA FEDERATION OF NATIVES, | ) ) |
| Defendant-Intervenor. | ) ) |
| - AND - | ) ) |
| LINCOLN PERATROVICH, et al., | ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 3:92-cv-0734-HRH ) |
| UNITED STATES OF AMERICA, et al., | ) ) |
| Defendants, | ) ) |
| and | ) ) |
| STATE OF ALASKA, | ) ) |
| Defendant-Intervenor. | ) ) |

**ANSWER**

Defendant-Intervenor State of Alaska (the "State") respectfully submits the following Answer to the Complaint for Declaratory and Injunctive Relief (Doc. 1) filed by Plaintiffs Katie John, et. al. in Case No. 3:05-CV-0006-HRH.

As its Answer, the State adopts the Answer filed by Defendants United States of America and its Secretary of the Interior and Secretary of Agriculture (collectively, the "Federal

1

Defendants") on April 12, 2005 (Doc. 25A), subject to the following exceptions numbered to correspond with the numbering in the Complaint and in the Federal Defendants' Answer:

     5.    The State lacks knowledge or information sufficient to form a belief as to the truth of the averments of the third sentence of paragraph 5 of the Complaint. The State adopts the Answer of the Federal Defendants with respect to the other sentences of paragraph 5 of the Complaint.

     8-9.    The last sentence of paragraph 8 of the Complaint is a legal conclusion which does not require response, and is denied if it does require response. The second and third sentences of paragraph 9 of the Complaint consist of Plaintiffs' characterizations of the subsistence priority set forth in a statute (ANILCA, Title VIII). The statute is the best evidence of its own content and speaks for itself. The State denies any portions of those sentences that do not completely and accurately summarize the statute. The State adopts the Answer of the Federal Defendants with respect to the other sentences of paragraphs 8 and 9 of the Complaint.

     15-17.    The allegations of paragraphs 15, 16, and 17 of the Complaint consist of Plaintiffs' characterizations of the history of prior litigation, including judicial decisions issued by this Court and the U.S. Court of Appeals for the Ninth Circuit, and descriptions of pleadings filed by the parties in that prior litigation. Those judicial decisions and the pleadings are the best evidence of their own content and speak for themselves. The State denies any portions of these paragraphs that do not accurately and completely summarize the decisions and pleadings in the prior litigation.

     18.    In response to the allegations of the third sentence of paragraph 18 of the Complaint, it is admitted that the Departments of Interior and Agriculture on January 8, 1999, promulgated a Final Rule, 64 Fed.Reg. 1276-1313, that listed by general non-specific

descriptions waters which the Federal Defendant asserted to be public lands for purposes of the ANICLA Title VIII subsistence priority, effective October 1, 1999. The State adopts the Answer of the Federal Defendants with respect to the other sentences of paragraph 18 of the Complaint. Further, the State denies all allegations in paragraph 18 not expressly admitted above.

19. The allegations of paragraph 19 of the Complaint consist of Plaintiffs' characterizations of the history of prior litigation, including judicial decisions issued by this Court and the U.S. Court of Appeals for the Ninth Circuit, and descriptions of pleadings filed by the parties in that prior litigation. Those judicial decisions and the pleadings are the best evidence of their own content and speak for themselves. The State denies any portions of this paragraph that do not accurately and completely summarize the decisions and pleadings in the prior litigation.

22. In response to the allegations of the first sentence of paragraph 22 of the Complaint, it is admitted that the Final Rule was published in 64 Federal Register 1276-1313 on January 8, 1999, and that in this Final Rule the Departments of the Interior and Agriculture listed by general non-specific descriptions waters they asserted to be public lands for the purposes of the ANILCA Title VIII subsistence priority. It is further admitted that the Departments did not generally include in this listing waters upstream and downstream from conservation system units (CSUs) or national forests ("upstream/downstream waters") or for Alaska Native allotments generally; although the Federal Defendants did include some upstream/downstream waters and possibly some waters for Native allotments in that listing, because of their erroneous assertions of FRWRs in waters adjacent to but outside of the "areas" listed in that Final Rule, in marine and tide waters seaward of the line of mean high tide, and in waters bordered or surrounded by lands in nonfederal ownership or in selected-but-not-yet-conveyed status. 64 Fed. Reg. at 1286-88.

The State otherwise adopts the Federal Defendants' response to the remaining sentences of Paragraph 22, and the State denies all allegations of Paragraph 22 not expressly admitted above.

33. The allegations of paragraph 33 of the Complaint are denied.

37. The allegations of paragraph 37 of the Complaint consist of Plaintiffs' characterizations of present and repealed statutes and are not factual allegations to which a response is required. To the extent a response is required, the allegations are denied.

40-41. The allegations of paragraphs 40 and 41 of the Complaint constitute legal arguments and characterizations that do not require response and are denied if they do.

42. The allegations of paragraph 42 of the Complaint constitute conclusions of law and legal argument and are not factual allegations to which a response is required. To the extent they constitute factual allegations or otherwise require a response, the allegations are denied.

44. The allegations of paragraph 44 of the Complaint are denied.

47. The State denies Plaintiffs are entitled to any of the relief they seek.

48. Except as specifically admitted above, all allegations in the Complaint are denied.

**Affirmative Defenses**

Without taking on the burden of proof with regard to any issue on which the burden properly rests on Plaintiffs, the State adopts Affirmative Defenses 1, 2, 5, 6, 7 and 8 asserted in the Federal Defendants' Answer and further states that the following matters, insofar as not already asserted in the Federal Defendants' Answer, also bar Plaintiffs' claims[1]:

A. Non-assertion by the Federal Defendants of a federal reserved water right (FRWR) claim constitutes agency inaction. Such agency inaction, if reviewable at all, is reviewable only under the standard of review set forth in 5 U.S.C. § 706(1). That standard of

---

[1] These matters were briefed by the State in its "which waters" opening, opposition, and reply briefs (Docs. 134, 169 & 182).

review requires the Plaintiffs to demonstrate that the Federal Defendants were under a mandatory non-discretionary duty to take the specific action demanded by the Plaintiffs.  *See* State's Which Waters Opposition Brief at 10-17 (Doc. 169 pp. 23-30).   The Federal Defendants are not under a mandatory non-discretionary duty to assert FRWRs in waters upstream and downstream from CSUs, forest system units or any other "areas" listed in their Final Rule, nor are the Federal Defendants under a mandatory non-discretionary duty to assert FRWRs for Alaska Native allotments.

      B.      In the alternative, the decision not to assert an alleged federal property claim, here an alleged FRWR, is a matter committed to the discretion of the Federal Defendants as managers of federal property, and so is not judicially reviewable.  5 U.S.C. § 701; State's Which Waters Opposition Brief at 10-17 & n.25 (Doc. 169 pp. 23-30).

Respectfully submitted this 18th day of June, 2008.

TALIS J. COLBERG
ATTORNEY GENERAL

| /s/ Michael W. Sewright | /s/ James H. Lister |
|---|---|
| Michael W. Sewright | WILLIAM P. HORN, D.C. Bar No.: 375666 |
| Assistant Attorney General | JAMES H. LISTER, D.C. Bar No. 447878 |
| Alaska Bar No. 7510090 | Birch, Horton, Bittner & Cherot, P.C. |
| 1031 W. 4th Avenue, Suite 200 | 1155 Connecticut Avenue, Suite 1200 |
| Anchorage, Alaska 99501 | Washington, D.C. 20036 |
| Phone: (907) 269-5257 | Telephone: (202) 659-5800 |
| Fax: (907) 279-2834 | Facsimile: (202) 659-1027 |
| Email: mike.sewright@alaska.gov | Email: whorn@dc.bhb.com; |
| Co-counsel for Plaintiff State of Alaska | jlister@dc.bhb.com |
| | Co-counsel for Plaintiff State of Alaska |

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on June 18th, 2008, a copy of the foregoing **STATE OF ALASKA'S ANSWER** was served electronically, on the following:

Robert T. Anderson
Randolph H. Barnhouse
Carol H. Daniel
Steven A. Daugherty
Dean K. Dunsmore
Gregory L. Fisher
Phillip E. Katzen
Heather R. Kendall-Miller
William P. Horn
Michael W. Sewright
William F. Sherman

/s/ James H. Lister
James H. Lister