RANDOLPH H. BARNHOUSE
SAMUEL D. HOUGH
Luebben Johnson & Barnhouse LLP
7424 4th Street N.W.
Los Ranchos de Albuquerque, New Mexico 87107
(505) 842-6123
(505) 842-6124 (fax)
Email: dbarnhouse@luebbenlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| KATIE JOHN, et al., | ) | No. 3:05-cv-00006 - HRH |
| | ) | (Consolidated) |
| Plaintiffs, | ) | |
| | ) | |
| | ) | **Peratrovich Plaintiffs' Response In** |
| | ) | **Opposition to State of Alaska's Motion** |
| v. | ) | **To Strike or Disregard Exhibits and** |
| | ) | **Citations** |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

The Peratrovich plaintiffs completed their briefing on the "Which Waters" phase in the jointly managed Katie John and Peratrovich cases on April 7, 2008. Two and one half months later, the State belatedly asks this Court to strike or otherwise "disregard" evidentiary material submitted along with that brief. Because the evidentiary material is properly before the Court, and given the delay in the State's request, the State's motion should be denied.

# ARGUMENT

## I. The Evidence is Responsive to New Argument by the State in its Response.

The State of Alaska cannot have it both ways. First, it went to great lengths to persuade this Court that the resolution of the "which waters" issue would be facilitated if placed in a factual context. *E.g.*, State of Alaska Plan for Briefing the "Which Waters" Issues (Docket 113 in case number 3:05-cv-00006-HRH filed 06/01/2007). Indeed, as noted by the State itself:

> The court believes that everyone's understanding of the "which waters" issue and how it should be resolved will be enhanced by briefing which has a factual context.
>
> June 29, 2007 Order on Motions to Amend Briefing Schedule (Docket 131 in case number 3:05-cv-00006-HRH filed 06/29/2007) at 8-9.

Yet now the State wants to prevent the Court from considering facts directly responsive to the State's (factually unsupported) claim that: "Salt Water Is Not Needed to Make Trees Grow or Freshwater Rivers Flow." State of Alaska's Brief in Opposition to the Katie John and Peratrovich Plaintiffs' Opening Briefs on Which Waters (Docket 169-1 in case number 3:05-cv-00006-HRH filed 01/07/2008) at 47 (Caption of Section IV(C)(1)). Within that section, the State argues, again without citation to any factual support of any kind whatsoever: "Peratrovich claims, **contrary to all plain facts**, that a FRWR in marine (i.e., salt) waters is necessary to provide a 'continuous supply of timber and to protect flows of rivers within the [Tongass] forest.'" State's Brief in Opposition at 47 (emphasis supplied). The State should not be allowed to: 1) successfully represent that these issues must be placed in a factual context; 2) claim that argument on an issue is "contrary to all plain facts;" and then 3) have this Court

strike the "plain facts" that the State claims do not exist and which demonstrate the necessity of marine waters to fulfill the primary purpose for creation of the Tongass National Forest.

The factual material the State asks this Court to "disregard" is responsive to, and demonstrates the lack of merit in, a number of the State of Alaska's unsupported factual allegations. Given the legal maxim that the failure to respond to an argument is the concession of the argument, the evidentiary material submitted by the Peratrovich plaintiffs is not only admissible, it was necessary to show the lack of merit in the State's unsupported claims. *Scognamillo v. Credit Suisse First Boston LLC*, 2005 U.S. Dist. LEXIS 20221, at *22 (N.D. Cal. Aug. 25, 2005)("failure to respond to arguments essentially concedes them"). The State of Alaska invited the factual response of the Peratrovich parties, and should not now be heard to object after its invitation was accepted.

## II.   Articles Published in Scientific Journals are Admissible.

The State recognized the admissibility of the evidence it now seeks to strike when it conceded that the Court can rely on "those materials (such as maps, public records, and standard references) of which the Court may properly take judicial notice." State's Brief in Opposition at 8 n.19. Specifically, Fed. R. Evid. 803 (8) provides that public records, reports, statements, or data compilations, in any form, of public offices or agencies are admissible, and Fed. R. Evid. 803 (18) provides that published periodicals on the subject of science established as a reliable authority by judicial notice are not excluded by the hearsay rule. The Peratrovich plaintiffs' Exhibits 1 and 4 fall within the hearsay exceptions of Rule 803 (8) and (18). Exhibit 1 is a National Park Service

document, and Exhibit 4 is the Tongass Land and Resource Management Plan for 2008. Exhibits 2 and 3 fall within the hearsay exception of Rule 803 (18) as they are articles from scientific periodicals of which the court may take judicial notice. This is particularly true where, as here, the evidence is offered as rebuttal to unsupported factual assertions by the State. *Cf. Reilly v. Pinkus*, 338 U.S. 269, 275 (1949)("It certainly is illogical, if not actually unfair, to permit witnesses to give expert opinions based on book knowledge, and then deprive the party challenging such evidence of all opportunity to interrogate them about divergent opinions expressed in other reputable books").

### III.  APA Review Limitations do not Apply to the "Which Waters" Issue Before the Court.

This case was brought by the Peratrovich plaintiffs, not as an APA challenge to rule making, but as a cause of action under section 807 of ANILCA, 16 U.S.C. § 3117, to enforce the application of the subsistence priorities in section 804 of ANILCA, 16 U.S.C. § 3114. As this Court has specifically held, the relief sought by the Peratrovich Plaintiffs "is plainly available under the judicial enforcement provision of ANILCA, 16 U.S.C. § 3117, if available administrative remedies have been exhausted. Here, the available administrative remedies have been exhausted." May 31, 2006 Order on Motion for Judgment on the Pleadings (Docket 178 in case number 3:92-cv-00734-HRH filed 05/31/2006) at 22.

Nothing in section 807 of ANILCA limits the rights of the Peratrovich plaintiffs to facts or documents in the administrative record when seeking to have the Secretaries extend subsistence priorities to all "public lands" in Alaska as required by section 102 of ANILCA, 16 U.S.C. § 3102. The State concedes as much given that it does not seek to

strike any of the exhibits or citation to online references attached to or otherwise included in the Peratrovich Plaintiffs' Supplemental Brief on the "which waters" issue.

Finally, as noted by the State itself:

> The Court appears to have answered the first, "what process", issue to the extent it intends to by ruling in its May 17, 2007 Order (Docket No. 110) that the federal regulations are an appropriate identification of where the Federal agencies claim to have FRWR for subsistence regulation purposes **but that those regulations are not a conclusive determination of any such rights**. Order at 26-27. In other words, **as the State understands that Order**, the Federal Defendants may assert such jurisdiction through that rulemaking and without conclusively adjudicating the correctness of those claims as a pre-condition to asserting such jurisdiction, but **the actual existence of such jurisdiction, and its extent, is not conclusively established by that administrative rule, as to any particular water body, portion of water body, or category of water bodies**."

State of Alaska Plan for Briefing the "Which Waters" Issues (Docket 113 in case number 3:05-cv-00006-HRH filed 06/01/2007) at 2 (emphasis supplied).

### IV.  The Challenged Evidence Corroborates the Historical Record, which Demonstrates that the Tongass National Forest included Marine Waters Critical to Fulfilling the Primary Purpose for Creation of this Federal Reservation.

The State, again without citation to legal authority, claims that subsequent scientific evidence confirming the validity of articulated reasons to include marine waters in a federal reserve is inadmissible. Not only does the proffered evidence directly contradict the State's claims regarding the interdependence of marine waters and adjacent forests, that same evidence also confirms that reasons articulated over a century ago for including marine waters in the Tongass National Forest have since been shown to be scientifically valid.

As noted in earlier briefing (facts left entirely unchallenged by the State), the Tongass National Forest was created with boundaries intentionally drawn to include

marine waters because of their importance to the ecology of the forests. *See* Supplemental Brief of Related Case Plaintiffs Peratrovich, et al., on the "Which Waters" Issue (Docket 150-1 in case number 3:05-cv-00006-HRH filed 10/29/07 ) at 6-16 (Section IV(D)(facts uncontested by State of Alaska). One of the men relied upon heavily by President Theodore Roosevelt when establishing the Tongass National Forest was F. E. Olmsted of the Forestry Bureau's inspection service. Chief Forester Gifford Pinchot sent Olmsted to Alaska to investigate and consider whether the Alexander Archipelago should be abolished or additional reserves should be established. Olmsted filed a report that argued in favor of reserving the "whole of Southeast Alaska." Recognizing the importance of the Pacific Ocean in shaping the character of this federal forest, Olmsted observed that:

> The most striking feature of the whole region is the wonderful system of deep water-ways. Until this is thoroughly comprehended no true idea of the general conditions can be had. It is the sea which makes this region unique. The islands are fairly cut to pieces by innumerable tongues of the ocean, and upon this ocean and its numberless inlets transportation is wholly dependent. The sea is the life of the country; without it there would be no life, no industry.

Olmsted added that "[m]en and freight move by boat only, subject to the ever changing moods of sea, wind and tide. In this lies the great distinction between the inland reserves of the States and the marine forest of south-east Alaska." As a result, in his 1906 report on the Alexander Archipelago, Olmsted proposed that the forest be greatly expanded to include the waters and open ocean such that "the whole country" would be a reserve (emphasis in original). This report formed the basis for the expansion of the Tongass National Forest in 1909. Peratrovich Supplemental Brief at 8-12.

Olmstead's understanding of the interdependency of the ocean and the forest has subsequently been proven to be true, as demonstrated by the evidence at issue in this motion. Simply because Olmstead did not read these reports before writing his own does not diminish the evidentiary value of these reports in confirming the validity of Olmstead's understanding of the need to include marine waters in the Tongass National Forest.

### V.    The State's Motion is Untimely.

The State concedes in its motion that it waited to file the motion until months after the evidence to which it objects was submitted to the Court. Motion to Strike at 1-2. That failure to timely bring the motion waives the objection the State now makes. *Auto Drive-Away Co., Inc. v. Interstate Commerce Comm'n*, 360 F.2d 446, 448-49 (5th Cir. 1966) (holding that, absent timely motion to strike, affidavit's non-compliance with procedural rules waived); *see also* 1 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 103.11 (Joseph M. McLaughlin ed., 2d ed. 1997)(An objection is 'timely' if it is made as soon as the opponent knows, or should know, that the objection is applicable)(footnotes omitted); *cf.* Fed. R. Civ. P. 12(f)(motion to strike must be filed within twenty days). The State offers no explanation or excuse for its admitted failure to timely object, instead merely saying it raises the belated objection now, "for the record." The State's failure to offer any acceptable excuse for the untimely filing of the motion further confirms the propriety of denying the relief now sought by the State.

Clearly here, the "objection" was known to the State months ago. Indeed, the State itself objected to certain exhibits offered by the Katie John plaintiffs months ago (*e.g.*

State's Brief in Opposition at 8 n.21). Yet, as noted in the Peratrovich reply brief (Related Case Peratrovich Plaintiffs Supplemental Rely Brief (Docket 188-1 in case number 3:05-cv-00006-HRH filed 04/07/2008) at 2 n.3), neither the U.S. nor the State raised any objection to the Peratrovich Plaintiffs' exhibits. In footnote 3 of their reply, the Peratrovich Plaintiffs specifically point out that this Court's review is not limited to the administrative record. That is especially true here where the Court asked that a factual context be provided to put the legal argument into context.

Having failed to timely object to the evidentiary submissions at issue here, having known of its potential objection months ago as demonstrated by its objection to other proffered evidence, offering no excuse for its failure to timely object, and having waited ten weeks before noting its complaint, the State's objection to the evidence offered by way of its delayed motion to strike should be deemed untimely and denied.

### VI. There is no Legal Support for the State's Request that the Court "Disregard" the Evidence.

Finally, the State's request that the Court "disregard" the evidence must be denied. The State did not cite any authority for the proposition that the sought after relief is appropriate, apparently because none exists. The Ninth Circuit Court of Appeals, when considering a similar issue, has held that it is improper for a district court to "disregard" evidence without ruling on the merits of a motion to strike. *Parries v. Makino, Inc.*, 122 Fed. Appx. 826, at *834-35; 2004 U.S. App. LEXIS 26612 at *23 (6th Cir. Dec. 21, 2004)(describing as puzzling district court's ruling that timely motion to strike was moot because court had "made no reference" to the proffered evidence, directing court on remand to make explicit ruling on the motion).

## CONCLUSION

The Court should deny the State of Alaska's motion to strike or disregard.

July 7, 2008.

                LUEBBEN JOHNSON & BARNHOUSE LLP

By   /s/ Randolph H. Barnhouse
Randolph H. Barnhouse
Samuel D. Hough
7424 4th Street N.W.
Los Ranchos de Albuquerque,
  New Mexico 87107
(505) 842-6123
(505) 842-6124 (fax)
E-Mail: dbarnhouse@luebbenlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2008, a copy of the foregoing document was served electronically on:

Robert T. Anderson
Carol H. Daniel
Dean K. Dunsmore
Gregory L. Fisher
William P. Horn
Heather Kendall-Miller
James H. Lister
Michael W. Sewright
William F. Sherman

/s/ Randolph H. Barnhouse