WILLIAM P. HORN, D.C. Bar No. 375666
Birch, Horton, Bittner and Cherot, P.C.
1155 Connecticut Avenue, Suite 1200, NW
Washington, D.C. 20036
Telephone: (202) 659-5800
Facsimile: (202) 659-1027
Email: whorn@dc.bhb.com

TALIS J. COLBERG
ATTORNEY GENERAL

Michael W. Sewright, AK Bar No. 7510090
Assistant Attorney General
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK  99501
Telephone: 907-269-5100
Facsimile: 907-279-2834
Email:  mike.sewright@alaska.gov

Attorneys for State of Alaska

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATIE JOHN, et al., <br>  Plaintiffs, <br> vs. <br> UNITED STATES OF AMERICA, et al., <br>  Defendants, <br> and <br> STATE OF ALASKA, <br>  Defendant-Intervenor. | No. 3:05-cv-0006-HRH <br> (Consolidated) <br><br> **REPLY TO PERATROVICH'S OPPOSITION TO ALASKA'S MOTION TO STRIKE OR OTHERWISE DISREGARD PERATROVICH'S EXHIBITS 1-3 AND RELATED REFERENCES** |

The Peratrovich plaintiffs make several arguments in their Opposition (Doc. 201) to the State of Alaska's Motion to Strike or Otherwise Disregard Peratrovich's Reply Brief Exhibits 1-3 and Related Online References (Doc. 198). Peratrovich's arguments fail. The Court should strike the challenged references or disregard them in its substantive "which waters" determinations, as it sees fit.

Peratrovich first argues that in setting this briefing cycle the Court agreed that its consideration of the "which waters" issues would likely be enhanced by briefing within a particular "factual context." Doc. 131 (June 29, 2007 Order). However, that "context" was in the specific sense of presenting sample waterways, as Peratrovich has done with the Behm Canal, so that the Court might better understand the types of waterways under discussion and did not have to address the legal issues in the abstract. Nothing in the Court's Order suggested abandoning the administrative record or the rules against hearsay.

The State did nothing to change these ground rules by pointing out there was no evidence in the record that salt water was necessary to make trees grow, in response to the broad claim in Peratrovich's opening brief (Doc. 150) that a FRWR in marine (i.e., salt) waters was ***necessary*** to provide a "continuous supply of timber and to protect flows of rivers within the [Tongass] forest" (*id*. at p. 42). In reply Peratrovich (Doc. 188) has belatedly sought to supply some shred of support for its previously unsupported claim by citing and attaching several hearsay, non-record references for the proposition that within a narrow ribbon of forest lands immediately adjacent to freshwater streams the decayed remains of spawned-out salmon may provide nutrients helping those few trees grow. Peratrovich now argues that the State, by pointing out the defect in Peratrovich's initial

filing, has "opened the door" to these materials. Peratrovich Doc. 201 at 2-3. However, a statement that no evidence supports an adversary's claim does not open the door to inadmissible evidence. Moreover, as was noted in the State's Motion, even the hearsay Peratrovich proffers demonstrates there is no scientific consensus and that any linkage between the salmon and trees is easy to overstate.[1]

Peratrovich argues that the challenged materials are not inadmissible hearsay. Doc. 201 at 3-4. According to Peratrovich, they come within exceptions to the hearsay rule provided by Federal Rules of Evidence 803(8) and 803(18). However, they do not.

Peratrovich argues, but nowhere shows, that its Exhibit 1, an October 2002 *BioScience* article, is an official public agency "record[], report[], statement[], or data compilation[] … setting forth … the activities …or … matters observed [by that agency] pursuant to duty imposed by law" which "there was a duty to report," as provided by Fed. R. Evid. 803(8). The apparent fact that the article (Gende, et al.) may also be available on some National Park Service or other government website does not transform the document into an official government record or statement within the meaning of that exception, or make it admissible for the truth of its representations. The Park Service makes libraries of research done by employees and non-employees available on various

---

[1] For example, the Gende, et al. article on which Peratrovich heavily relies (*see* discussion *infra*) treats the recent subject of possible enhancement of riparian areas by salmon-derived nutrients as an "imprecise" and "interesting hypothesis that has not been confirmed." *See* State's Doc. 198 at 4 n.1 & accompanying text; Gende, et al., Peratrovich Doc. 188-2 at 7-8 & Doc. 193-2 at 1 (Peratrovich Exh. 1 pp. 6-7, 9).

websites for informational purposes, but that inclusion does not create an official government record within the meaning of Fed. R. Evid. 803(8).[2]

Evidence Rule 803(18) is also inapplicable. The State's assertions in its "which waters" Opposition to which Peratrovich "responded" in its Reply are not the sort of "expert witness" testimony subject to cross-examination at trial, nor are Peratrovich's challenged exhibits and online references such "established … reliable authority", as come within the meaning of that rule or *Reilly v. Pinkus*, 338 U.S. 269 (1949), cited by Peratrovich.

Peratrovich's next argument, that its ANILCA section 807 cause of action is not subject to the review provisions of the Administrative Procedures Act (Doc. 201 at 4-5), misses the main thrust of the State's motion, and is also contrary to Ninth Circuit authority. In *Ninilchik Traditional Council v. United States*, 227 F.3d 1186 (9th Cir. 2000), the court specifically held that an action brought under ANILCA section 807 (16 U.S.C. § 3117) is subject to the APA review provisions. 227 F.3d at 1193-94. In its section 807 action (which Peratrovich also brought under the APA; *see* Peratrovich Complaint at p. 2), Peratrovich challenges federal agency action denying it a subsistence priority to harvest herring roe in marine waters in the vicinity of the Tongass National Forest subsequently confirmed in the final agency rule being challenged and briefed by Peratrovich now. Thus, the *Ninilchik* holding applies to Peratrovich.[3]

---

[2]   Peratrovich's opposition also inexplicably addresses Peratrovich's Exhibit 4, a portion of a recent U.S. Forest Service report, which the State's motion did not address.

[3]   Although, as Peratrovich notes (Doc. 201 at 5), the State has taken the position that the affirmative assertion by the United States of FRWRs by administrative rule does not conclusively determine the existence of FRWRs, which are a judicial construct, that is a different matter than the Federal Defendants' nonassertions. It is also a different issue than which materials should

Peratrovich also argues (Doc. 201 at 5-7) that the new, inadmissible materials proffered by it merely "corroborate" the "historical record" as previously argued by Peratrovich in its October 29, 2007 filings.  Peratrovich contends that the new materials demonstrate "that the Tongass National Forest included Marine Waters Critical to Fulfilling the Primary Purpose for" the Forest's creation.  *Id*. at 5.  However, they do not.  There were no "historical record" documents previously submitted regarding salmon fertilization of trees which the new hearsay non-record documents cited by Peratrovich can corroborate, and the "interdependent ecology" arguments raised by Peratrovich[4] bear no relation to the "primary purposes" of the Tongass under the Organic Act as recognized by the U.S. Supreme Court in *United States v. New Mexico*, 438 U.S. 696, 705-713

---

properly be considered by the Court in the context of these proceedings, as is addressed by the State's motion.  Contrary to another of Peratrovich's arguments (Doc. 201 at 4-5), neither has the State "conceded" that the Peratrovich plaintiffs have an unlimited right to submit whatever materials they wish to because it did not previously move to strike materials submitted by them in connection with their initial "which waters" brief on October 29, 2007 (*see* Docs. 150 & 150-2 exhibit list); those materials were of a very different nature and submitted for different purposes than Peratrovich's latest submittals addressed by the State's motion to strike or disregard.

[4]   The real argument on which Peratrovich takes the opportunity to expound in its opposition to the State's motion (Doc. 201 at 5-7) is that FRWRs and, hence, federal subsistence jurisdiction, exist in all Alaska waters, regardless of whether within a federal reservation or actually reserved as necessary to the primary purposes for which that reservation was created, because somehow part of the same big "interdependent ecology."  Doc. 201 at 5-6. Peratrovich's argument that because salmon at some point need marine waters in which to grow and swim back to their freshwater homes to spawn and die is really an argument that FRWRs should exist by law wherever salmon swim (or caribou roam), because the entire ecosystem is in some ways related and "inter-dependent".  To the contrary, vast marine salt waters may be necessary for salmon to live and roam for part of their lives, but they are not necessary for trees to grow in their freshwater environment (in which salmon may also live and die), or for rivers to flow.

(1978),[5] or to the lands withdrawn by presidential proclamation pursuant to that authority.[6]

Finally, the Peratrovich plaintiffs seek to bar the State's motion as "untimely" or otherwise improper. Doc. 201 at 7-9. However, none of the authorities cited by them support their argument that an objection made to new evidentiary materials first submitted by a party in the last scheduled filing on the merits before the substantive "which waters" motions are decided by the Court is "untimely", or should be barred as such.[7] Since it related to the last scheduled filing in the briefing schedule, the Motion to

---

[5] According to the *New Mexico* Court, the applicable Act authorized the President to "set apart and reserve" as national forests only "public lands wholly or in part covered with timber or undergrowth" and "only to serve the purposes of timber protection and favorable water supply." 438 U.S. at 705-08. The permissible purposes were "limited" and "relatively narrow." *Id*. at 708-09. "National forests were not to be reserved for aesthetic, environmental, recreational, or wildlife-preservation purposes." *Id*. at 708. "Congress in the 1897 Organic Act expressed no concern for the preservation of fish and wildlife within national forests generally." *Id*. at 710.

[6] The February 16, 1909 presidential proclamation on which Peratrovich chiefly relies, like the "Tongass" proclamations before it, purports to reserve only "timber"-bearing lands, including islands, and to withdraw and affect only "the public land lying within" the exterior boundaries described and diagrammed in that proclamation. The attached, incorporated diagrams to that proclamation showing those exterior boundaries only shade those uplands as the "Forest Additions" intended to be reserved, and leave the marine waters white and unshaded. *See, e.g.*, State's Doc. 169 at pp. 48-49 & Doc. 182 p. 32 n.44 & Peratrovich's Oct. 29, 2007 Exh. 13 (Doc. 154-4 pp. 1-5). As one court has recognized, the broad exterior boundaries first appearing in the 1909 Tongass proclamation – as far out as 60 miles into the open ocean – were "merely a boundary of convenience." *James v. State*, 950 P.2d 1130, 1139 (Alaska 1997).

[7] For example, in *Auto Drive-Away Company v. ICC*, 360 F.2d 446 (5th Cir. 1966), the one case Peratrovich cites for that argument, the objection was not made until appeal, after the grant of summary judgment below. 360 F.2d at 448-49. That is not at all this case. Neither does the State's motion come at trial or afterwards, nor is it in response to a formal pleading, such as Peratrovich's complaint, expressly governed by Federal Rule of Civil Procedure 12(f). The State's motion "to strike or otherwise disregard" the challenged materials is in the nature of an objection to evidentiary submittals which the Court is at liberty to strike or to disregard in its substantive "which waters" decision as inadmissible, unreliable, irrelevant, and outside the administrative record. The specific ruling relied on by Peratrovich in the unpublished decision in *Parries v. Makino, Inc.*, 122 Fed. Appx. 826, 2004 WL 2940863 (6th Cir. 2004) – which is ***not*** a

Strike did not interfere with the briefing deadlines of any of the other parties. The State did not violate any statute, rule, or court order regarding timing of motions.

## Conclusion

The State's motion to strike or otherwise disregard Peratrovich Exhibits 1-3 and related references should be granted.

Respectfully submitted this 15th day of July, 2008.

TALIS J. COLBERG
ATTORNEY GENERAL

| | |
|---|---|
| s/ Michael W. Sewright | s/ William P. Horn |
| Michael W. Sewright | WILLIAM P. HORN, D.C. Bar No.375666 |
| Assistant Attorney General | JAMES H. LISTER, D.C. Bar No. 447878 |
| Alaska Bar No. 7510090 | Birch, Horton, Bittner & Cherot, P.C. |
| 1031 W. 4th Avenue, Suite 200 | 1155 Connecticut Avenue, Suite 1200 |
| Anchorage, Alaska 99501 | Washington, D.C. 20036 |
| Phone: (907) 269-5257 | Telephone: (202) 659-5800 |
| Fax: (907) 279-2834 | Facsimile: (202) 659-1027 |
| Email: mike.sewright@alaska.gov | Email: whorn@dc.bhb.com; |
| Co-counsel for Plaintiff State of Alaska | jlister@dc.bhb.com |
| | Co-counsel for Plaintiff State of Alaska |

---

"Ninth Circuit Court of Appeals" decision as Peratrovich represents (Doc. 201 at 8) and is generally *not* to be cited – did not provide otherwise. It provided only that, where the submitted evidence in that case was otherwise "so clearly significant" and the case was being remanded on other grounds anyway, the lower court should make an explicit ruling on remand on the motion to strike to explain why it disregarded the proffered evidence. 122 Fed. Appx. at *834-35, 2004 WL 2940863 at **7. More importantly, following remand and re-appeal, the Sixth Circuit Court upheld as proper the lower court's disregard of that evidence without having explicitly ruled on the motion to strike where the record otherwise showed grounds under which the lower court could have disregarded that evidence. *Parries v. Makino, Inc.*, 148 Fed. Appx. 291 at *300, 2005 WL 2175920 at **7 (6th Cir. 2005).

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 15, 2008, a copy of the foregoing "**REPLY TO PERATROVICH'S OPPOSITION TO ALASKA'S MOTION TO STRIKE OR OTHERWISE DISREGARD PERATROVICH'S EXHIBITS 1-3 AND RELATED REFERENCES**" was served electronically, on the following:

Robert T. Anderson
William P. Horn
Randolph H. Barnhouse
Carol H. Daniel
Steven A. Daugherty
Dean K. Dunsmore
Gregory L. Fisher
Phillip E. Katzen
Heather R. Kendall-Miller
James H. Lister
William F. Sherman


<u>/s/ Michael W. Sewright</u>